John E. Sweeney, Esq. (State Bar No. 116285)
**THE SWEENEY FIRM**
315 S. Beverly Drive, Suite 305
Beverly Hills, CA 90212
Tel. No.: (310) 277-9595 / Fax No.: (310) 277-0177
E-Mail: jes@thesweeneyfirm.com

Steven C. Glickman, Esq. (State Bar No. 105436)
Nicole E. Hoikka, Esq. [State Bar No. 306324
**GLICKMAN & GLICKMAN,**
**A LAW CORPORATION**
9460 Wilshire Boulevard, Suite 330
Beverly Hills, CA 90212
Tel. No.: (310) 273-4040 / Fax No.: (310) 273-0829
E-Mail: scg@glickman-law.com
E-Mail: neh@glickman-law.com

Attorneys for Plaintiff SHELDON LOCKETT;
MICHELLE DAVIS; and CLYDE DAVIS

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS, | Case No.: 2:18-cv-5838-PJW |
| Plaintiffs, | *FIRST AMENDED* COMPLAINT FOR DAMAGES |
| v. | 1. **Excessive Force (42 USC § 1983)** |
| COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF JIM McDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive, | 2. **Failure to Properly Screen, Hire, Train, Supervise, and Discipline (*Monell* Violation) (42 USC § 1983)** |
| | 3. **Assault** |
| | 4. **Battery** |
| | 5. **Negligence** |
| | 6. **False Arrest** |
| | 7. **False Imprisonment** |
| | 8. **Violation of California Civil Code § 52.1 (Bane Civil Rights Act)** |
| | 9. **Violation of California Civil Code § 51.7 (Ralph Civil Rights Act)** |
| | 10. **Unreasonable Search and Seizure (42 USC § 1983)** |
| | 11. **Intentional Infliction of Emotional Distress** |
| Defendants. | 12. **Negligent Infliction of Emotional Distress** |
| | **DEMAND FOR JURY TRIAL** |

1

The following is a Complaint for damages brought by Plaintiffs by and through their attorneys, who allege on information and belief as follows:

1.      This is a civil rights action seeking monetary damages from Defendants for use of excessive force and the violation of various civil rights, resulting in injuries and damages to Plaintiffs in the city of Compton, California on January 15, 2016.

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution as well as the Constitution and laws of the State of California.

## JURISDICTION AND VENUE

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

4.      The events, acts, and/or omissions complained of herein occurred in the City of Compton, Los Angeles County, California. This action is properly assigned to the Western Division of the United States District Court for the Central District of California.

## PARTIES TO THE ACTION

5.      Plaintiffs SHELDON LOCKETT, MICHELLE DAVIS, and CLYDE DAVIS (hereinafter "Plaintiffs") were individuals residing in the County of Los Angeles, California.

6.      Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is now, and all times mentioned in this complaint was, a municipal corporation and political subdivision organized and existing under the laws of the State of California. The COUNTY owns, operates, manages, directs, and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "DEPARTMENT"), an operating department of the COUNTY.

2

7.     Defendant SHERIFF JIM McDONNELL (hereinafter "SHERIFF") at all material times was employed as Sheriff for the Defendant DEPARTMENT by Defendant COUNTY.

8.     Defendant Deputy MIZRAIN ORREGO (hereinafter "ORREGO") at all material times was employed as a deputy officer of the Defendant DEPARTMENT by Defendant COUNTY.

9.     Defendant Deputy SAMUEL ALDAMA (hereinafter "ALDAMA") at all material times was employed as a deputy officer of the Defendant DEPARTMENT by Defendant COUNTY.

10.    In doing the acts alleged in this complaint, Defendants SHERIFF, ORREGO, and ALDAMA were acting under color of statutes, ordinances, regulations, customs, laws, and usages of Defendant COUNTY, Defendant DEPARTMENT, and the State of California under their respective offices.

11.    Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOE defendants 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

12.    DOE Defendants 1 through 20, and each of them, are and were at all times relevant hereto, employees, deputy sheriffs, police officers, sergeants, investigators, and other supervisor police and civilian employees of COUNTY, acting within their capacity as employees, agents, and servants of the Defendant COUNTY.  These Defendants were at all times herein alleged acting within the course and scope of that employment and agency. DOES 1 through 20 are sued individually and in their capacity as deputies, officers, sergeants, captains, and other

3

FIRST AMENDED COMPLAINT FOR DAMAGES

police officers for Defendant COUNTY.

13.   Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of the Defendants, including DOE Defendants.

14.   Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

15.   Plaintiffs are further informed and believe, and thereon allege, that each Defendant herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

16.   The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual custom, policies, practices, and procedures of the DEPARTMENT.

17.   At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18.   This action is timely filed within all applicable statutes of limitations.

19.   This complaint may be pled in the alternative pursuant to Federal Rules of Civil Procedure, Rule 8(d)(2).

## **FACTS COMMON TO ALL CAUSES OF ACTION**

20.   Plaintiffs reallege each and every paragraph in this complaint as if it is fully set forth here.

FIRST AMENDED COMPLAINT FOR DAMAGES

21.     This complaint concerns an incident that took place on January 15, 2016 in the City of Compton, California near 910 North Oleander Avenue.

22.     On said date and at said location, in the early afternoon hours in broad daylight, said Defendants, ORREGO and ALDAMA, drove in a Sheriff's radio car in a rapid and aggressive manner toward Plaintiff SHELDON LOCKETT, who was simply standing near the front of his Godmother's home with a friend.

23.     Defendants ORREGO and ALDAMA exited the radio car with their guns drawn and trained on Plaintiff SHELDON LOCKETT and his friend, shouting commands in loud voices.

24.     Plaintiff SHELDON LOCKETT and his friend had not committed any crime, and were not in possession of any weapon whatsoever.

25.     Because of the aggressive, unreasonable, and illegal actions of Defendants ORREGO and ALDAMA, Plaintiff SHELDON LOCKETT became frightened for his life and ran.

26.     At that point, Defendants ORREGO and ALDAMA, transmitted a false Sheriff's Department radio broadcast that stated that Plaintiff SHELDON LOCKETT produced a gun from his waist area and was fleeing.

27.     Said false radio broadcast precipitated the response of several other deputies.

28.     Plaintiff SHELDON LOCKETT was found by Defendants, and each of them, hiding and frightened in back of a nearby home where he attempted to surrender to deputies. Nevertheless, Defendants ALDAMA and ORREGO severely battered Plaintiff SHELDON LOCKETT with their fists, feet, batons, and Taser electronic weapons about Plaintiff SHELDON LOCKETT'S head, arms, torso and legs.

29.     Simultaneous to said battering of Plaintiff SHELDON LOCKETT, who is African American, Defendants ORREGO and ALDAMA were yelling at him using the vile racial epithet "Nigger" repeatedly.

FIRST AMENDED COMPLAINT FOR DAMAGES

30.     After Defendants and each of them had Plaintiff SHELDON LOCKETT under arrest, one of the Defendant deputies purposefully and violently rammed the end of a police baton in the eye socket of Plaintiff SHELDON LOCKETT which caused him permanent damage.

31.     At no time prior to said severe beating of Plaintiff SHELDON LOCKETT did he pose any threat, in any manner, to Defendants ORREGO and ALDAMA and DOES 1 through 100.

32.     Although Defendants ORREGO and ALDAMA knew that Plaintiff SHELDON LOCKETT had not committed any crime, they arrested him, filed a false police report, and caused the very serious charge of attempted murder to be filed against him.

33.     Plaintiff SHELDON LOCKETT was jailed, with a bail that he could not afford to post for eight (8) months, until the case against him was dismissed in the interest of justice.

34.     Immediately after the arrest of Plaintiff SHELDON LOCKETT, his mother, Plaintiff MICHELLE DAVIS filed a citizen complaint against Defendants ORREGO and ALDAMA for their illegal actions as described above.

35.     Although a citizen's complaint was filed regarding Defendants ORREGO and ALDAMA, Defendants COUNTY, DEPARTMENT and SHERIFF failed to investigate or initiate any disciplinary action against Defendants ORREGO and ALDAMA.

36.     Instead, approximately one (1) month after Plaintiff MICHELLE DAVIS filed her citizen's complaint as described herein, and in an apparent retaliation for filing the complaint, deputies of Defendant DEPARTMENT served a search warrant on the residence of Plaintiffs MICHELL DAVIS and CLYDE DAVIS, claiming to be looking for a gun which deputies knew did not exist.

37.     During the service of the search warrant, the front door was breached such that it was knocked off of its hinges and destroyed. The remainder of Plaintiffs

6

MICHELLE DAVIS and CLYDE DAVIS' home was purposefully damaged.

## **FIRST CAUSE OF ACTION**

### **42 U.S.C. § 1983 – EXCESSIVE FORCE**

***PLAINTIFFS AGAINST DEFENDANTS ORREGO, ALDAMA, and DOES 1-20***

38.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

39.     By the actions and omissions described above, Defendants ORREGO, ALDAMA, and DOES 1-20 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to be free from the unlawful use of a Taser as secured by the Fourth and Fourteenth Amendments; and

    d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience-shocking excessive force as secured by the Fourteenth Amendment.

40.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

41.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth in this complaint.

42.     The conduct of Defendants entitles Plaintiffs to punitive damages and

penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 3294.

43.     Plaintiffs are entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Civil Code § 1021.5.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 – FAILURE TO PROPERLY SCREEN, HIRE, TRAIN, SUPERVISE, OR DISCIPLINE (*MONELL* VIOLATION)**

***PLAINTIFF SHELDON LOCKETT AGAINST DEFENDANTS COUNTY, DEPARTMENT, SHERIFF, and DOES 1-20***

44.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

45.     The unconstitutional actions and omissions of Defendants COUNTY, DEPARTMENT, and DOES 1-20 as well as others employed by or acting on behalf of Defendant COUNTY, on information and belief, were carried out pursuant to the following customs, policies, practices, and/or procedures of the DEPARTMENT, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers/deputies for Defendants COUNTY and DEPARTMENT:

a.     To use or tolerate the use of excessive and/or unjustified force;

b.     To use or tolerate the use of unlawful tasing of arrestees/detainees;

c.     To use or tolerate racial animus by Defendant DEPARTMENT'S employees, including the use of racial slurs and epithets during detentions and arrests;

d.     To fail to use appropriate and generally accepted law enforcement procedures for detentions and arrests;

e.     To cover up violations of constitutional rights by all of the following:

i.     By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures;

8

ii.    By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity, including the proliferation of "cliques" or "gangs" within the Defendant DEPARTMENT, which has a long history of such cliques/gangs dating back to the early 1970's. Such cliques/gangs include the Little Devils, Cavemen, Vikings, Regulators, 3000 Boys, Jump Out Boys, and now a heretofore unknown clique/gang within the Compton Sheriff's station, whose ranks include approximately 20 deputies, including Defendant ALDAMA. Said cliques/gangs are responsible for violent illegal acts and are rewarded for those acts. Plaintiffs are informed and thereupon allege that some senior commanders within the Defendant DEPARTMENT are clique/gang members and have tattoos tying them to their gangs. Plaintiffs are informed and believe and thereupon allege that said senior commanders know of the proliferation of clique/gangs within Defendant DEPARTMENT and that they condone and ratify their violent, illegal conduct. Defendant DEPARTMENT and its employees, including the aforementioned senior commanders, had a policy, practice and/or custom of condoning and allowing said cliques/gangs to exist, associate, operate, recruit, and act with impunity within the ranks of the DEPARTMENT and a policy, practice and/or custom of failing to investigate said cliques/gangs. Said policies, customs and/or practices were the moving force behind Plaintiffs' injuries because Plaintiffs are informed and believe that Defendants ALDAMA and DOES 1-20 were members of the heretofore unknown gang/clique, and that they were positioned to commit acts of violence against Plaintiffs in association with that

9

1        membership.

2      iii.    By allowing, tolerating, and/or encouraging police officers who:

3              1.  Fail to file complete and accurate police reports;

4              2.  File false police reports;

5              3.  Make false statements;

6              4.  Intimidate, bias, and/or coach witnesses to give false

7                  information and/or to bolster officers' stories; and/or

8              5.  Obstruct or interfere with investigations of unconstitutional

9                  or unlawful police conduct by withholding and/or

10                concealing material information;

11    f.    To allow, tolerate, and/or encourage a "code of silence" among law

12        enforcement officers and DEPARTMENT personnel, whereby an

13        officer/deputy or member of the DEPARTMENT does not provide

14        adverse information against a fellow officer/deputy or member of the

15        DEPARTMENT; and

16    g.    To use or tolerate inadequate, deficient, and improper procedures for

17        handling, investigating, and reviewing complaints of officer misconduct

18        made under California Government Code § 910.

19    46.    Defendants subjected Plaintiff SHELDON LOCKETT to their wrongful

20 conduct, depriving Plaintiff SHELDON LOCKETT of rights described herein,

21 knowingly, maliciously, and with conscious and reckless disregard for whether the

22 rights and safety of Plaintiff SHELDON LOCKETT and others would be violated by

23 their acts and/or omissions.

24    47.    As a direct and proximate result of Defendants' acts and/or omissions

25 as set forth above, Plaintiff SHELDON LOCKETT sustained injuries and damages

26 as set forth in this complaint.

27    48.    The conduct of Defendants entitles Plaintiff SHELDON LOCKETT to

28 punitive damages and penalties allowable under 42 U.S.C. § 1983 and California

FIRST AMENDED COMPLAINT FOR DAMAGES

Code of Civil Procedure § 377.20, et seq.

49.     Plaintiff SHELDON LOCKETT is entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.20, et seq.

50.     Defendants COUNTY, DEPARTMENT, SHERIFF, and DOES 1 through 20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants ALDAMA, ORREGO, and DOES 1 through 20, as well as other DEPARTMENT personnel, with deliberate indifference to Plaintiff SHELDON LOCKETT'S constitutional rights, which were thereby violated as described above.

51.     The unconstitutional actions and/or omissions of Defendants and other DEPARTMENT personnel, as described above, were approved, tolerated, and/or ratified by policy-making officers for the DEPARTMENT.

52.     Plaintiff SHELDON LOCKETT is informed and believes and thereon alleges that the details of the subject incident were revealed to the authorized policymakers within the COUNTY and DEPARTMENT, including SHERIFF, and that such policymakers have direct knowledge of the fact that Plaintiff's beating, tasing, detention, and arrest were not justified, but rather represented an unconstitutional display of unreasonable and excessive force.

53.     Notwithstanding this knowledge, the authorized policymakers within the COUNTY and DEPARTMENT, including SHERIFF, have approved of Defendants ALDAMA, ORREGO, and DOES 1-20, and have made a deliberate choice to endorse these Defendants' use of force against, and detention and arrest of, Plaintiff SHELDON LOCKETT. By doing so, the authorized policymakers within the COUNTY and DEPARTMENT have shown affirmative agreement with the individual Defendant deputies' actions, and have ratified the unconstitutional acts of the individual Defendants.

54.     The aforementioned customs, policies, and procedures; the failure to

FIRST AMENDED COMPLAINT FOR DAMAGES

properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by DEPARTMENT personnel of Defendants COUNTY, DEPARTMENT, SHERIFF, and DOES 1 through 20 were a moving force and a proximate cause of deprivations of Plaintiff SHELDON LOCKETT's clearly-established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983.

55.     Defendants subjected Plaintiff SHELDON LOCKETT to their wrongful conduct, depriving Plaintiff of rights described herein knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff SHELDON LOCKETT and others would be violated by their acts and/or omissions.

56.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants as described above, Plaintiff SHELDON LOCKETT sustained serious and permanent injuries and is entitled to damages and penalties, costs, and attorneys' fees as set forth above, and punitive damages against Defendants ORREGO, ALDAMA, SHERIFF, and DOES 1-20 in their individual capacities.

## THIRD CAUSE OF ACTION
### ASSAULT
***PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS***

57.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

58.     The actions and/or omissions of Defendants ORREGO, ALDAMA, DOES 1-20, and the COUNTY as set forth above constitute assault.

59.     As a direct and proximate result of Defendants' assault as set forth above, Plaintiff SHELDON LOCKETT sustained injuries and damages as set forth in this complaint.

60.     Plaintiff SHELDON LOCKETT is entitled to relief as set forth above

FIRST AMENDED COMPLAINT FOR DAMAGES

and punitive damages against all Defendants in their individual capacities.

## FOURTH CAUSE OF ACTION

## BATTERY

### *PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS*

61.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

62.     The actions and/or omissions of Defendants ORREGO, ALDAMA, and DOES 1-20 and the COUNTY as set forth above constitute battery.

63.     As a direct and proximate result of Defendants' battery as set forth above, Plaintiff sustained injuries and damages as set forth in this complaint.

64.     Plaintiff SHELDON LOCKETT is entitled to relief as set forth above and punitive damages against all Defendants in their individual capacities.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

### *PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS*

65.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

66.     At all times, each Defendant owed Plaintiff SHELDON LOCKETT the legal duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

67.     At all times, each Defendant owed Plaintiff SHELDON LOCKETT the duty to act with reasonable care.

68.     These general duties of reasonable care and due care owed to Plaintiff SHELDON LOCKETT by all Defendants include, but are not limited to, the following specific obligations:

a.     To refrain from using excessive and/or unreasonable force against Plaintiff;

b.     To refrain from unreasonably creating a situation where force is used;

13

c.    To refrain from abusing their authority granted to them by law; and

d.    To refrain from violating Plaintiff SHELDON LOCKETT's rights guaranteed by the United States and California Constitutions, as set forth in this complaint, and as otherwise protected by law.

69.    Additionally, these general duties of reasonable care and due care owed to Plaintiff SHELDON LOCKETT by Defendants COUNTY, DEPARTMENT, SHERIFF, and DOES 1-20 include, but are not limited to, the following specific obligations:

a.    To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/officers/deputies act at all times in the public interest and in conformance with the law;

b.    To make, enforce, and at all ties act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff SHELDON LOCKETT'S rights; and

c.    To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

70.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff SHELDON LOCKETT.

71.    As a direct and proximate result of Defendants' negligence, Plaintiff SHELDON LOCKETT sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above, and punitive damages against Defendants SHERIFF, ALDAMA, ORREGO, and DOES 1-20 in their individual capacities.

## SIXTH CAUSE OF ACTION

### FALSE ARREST

***PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS***

72.    Plaintiff SHELDON LOCKETT realleges each and every paragraph in

this complaint as if fully set forth herein.

73.     Plaintiff SHELDON LOCKETT was factually innocent and was arrested without a warrant, or probable cause.  Because of said false arrest, Plaintiff SHELDON LOCKETT was incarcerated illegally and suffered damages flowing therefrom. Defendants, and each of them, were a substantial factor in causing said damages.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT
### *PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS*

74.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

75.     Plaintiff SHELDON LOCKETT, because of the false arrest as herein alleged, was held in the Los Angeles County Jail for a period of eight (8) months. The holding of Plaintiff SHELDON LOCKETT was illegal and the eight-month delay in releasing Plaintiff SHELDON LOCKETT was unnecessary because Defendants, and each of them, knew that he had not committed any crime. Plaintiff SHELDON LOCKETT did not consent to said delay, which caused Plaintiff SHELDON LOCKETT severe harm. Said conduct was a substantial factor in the harm caused to Plaintiff SHELDON LOCKETT.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
## (BANE CIVIL RIGHTS ACT)
### *PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS*

76.     Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

77.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff SHELDON LOCKETT's rights under California Code Section 52.1, and the following clearly

FIRST AMENDED COMPLAINT FOR DAMAGES

established rights under the United States Constitution and the California Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from the use of unlawful tasing as secured by the Fourth and Fourteenth Amendments;

    d.    The right to be free of unlawful, reckless, deliberately indifferent, and conscience-shocking force as secured by the Fourteenth Amendment;

    e.    The right to enjoy and defend life and liberty, acquire, possess, and protect property, and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

    f.    The right of life, liberty, and property and the right not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    g.    The right to be free form unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and

    h.    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

    78.    As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff SHELDON LOCKETT's rights under the United States and California Constitutions, Plaintiff SHELDON LOCKETT sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above, and punitive damages against Defendants SHERIFF, ALDAMA,

and ORREGO and DOES 1 through 20 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, and civil penalties.

## NINTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

### (RALPH CIVIL RIGHTS ACT)

### *PLAINTIFF SHELDON LOCKETT AGAINST ALL DEFENDANTS*

79.    Plaintiff SHELDON LOCKETT realleges each and every paragraph in this complaint as if fully set forth herein.

80.    By their acts, omissions, customs, and policies, Defendants, acting in concert/conspiracy as described above, violated Plaintiff's rights secured by California Civil Code § 51.7 to be free from any violence, intimidation, or threat of violence.

81.    As a direct and proximate result of Defendants' violation of California Civil Code § 51.7, Plaintiff SHELDON LOCKETT sustained injuries and damages, and is entitled to relief as set forth above, and all damages allowed by California Civil Code §§ 52, 51.7, and California law, not limited to attorneys' fees, costs, treble damages, and civil penalties.

## TENTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE

### *PLAINTIFFS MICHELLE DAVIS AND CLYDE DAVIS*

### *AGAINST DEFENDANTS ORREGO AND ALDAMA AND DOES 1-20*

82.    Plaintiffs MICHELLE DAVIS and CLYDE DAVIS reallege each and every paragraph in this complaint as if fully set forth herein.

83.    By the actions and omissions described above, Defendants ORREGO, ALDAMA, and DOES 1-20 violated 42 U.S.C. § 1983, depriving Plaintiffs MICHELLE DAVIS and CLYDE DAVIS of the clearly-established and well-settled constitutional right to be free from unreasonable searches and seizures as protected

FIRST AMENDED COMPLAINT FOR DAMAGES

by the Fourth and Fourteenth Amendments to the United States Constitution.

84.     Defendants subjected Plaintiffs MICHELLE DAVIS and CLYDE DAVIS to their wrongful conduct, depriving Plaintiffs MICHELLE DAVIS and CLYDE DAVIS of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs MICHELLE DAVIS and CLYDE DAVIS and others would be violated by their acts and/or omissions.

85.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs MICHELLE DAVIS and CLYDE DAVIS sustained injuries and damages as set forth in this complaint.

86.     The conduct of Defendants entitles Plaintiffs MICHELLE DAVIS and CLYDE DAVIS to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 3294.

87.     Plaintiffs MICHELLE DAVIS and CLYDE DAVIS are entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Civil Code § 1021.5.

## ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *ALL PLAINTIFFS AGAINST ALL DEFENDANTS*

88.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

89.     Because of the intentional conduct as herein alleged, Plaintiff SHELDON LOCKETT suffered severe and debilitating emotional distress. As a result of said harm, Plaintiff SHELDON LOCKETT incurred medical expenses in an amount which will be proved at trial.

/ / /

/ / /

/ / /

18

**TWELFTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

***ALL PLAINTIFFS AGAINST ALL DEFENDANTS***

90.　　Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

91.　　Because of the negligent conduct as herein alleged, Plaintiff SHELDON LOCKETT suffered severe and debilitating emotional distress.  As a result of said harm, Plaintiff SHELDON LOCKETT incurred medical expenses in an amount which will be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.　　Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

2.　　Punitive damages under 42 U.S.C. § 1032 and California law in an amount according to proof and which is fair, just, and reasonable (as to the individual Defendants only);

3.　　All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; and 1021.5; California Civil Code §§ 52, et seq., 52.1, and 51.7, and as otherwise may be allowed by California and/or Federal law.

4.　　Injunctive relief as follows:

　　a. An order prohibiting Defendants and their deputies from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

　　b. An order prohibiting Defendants and their deputies from engaging in a code of silence as may be supported by the evidence in this case;

19

c.  An order requiring Defendants to train all DEPARTMENT law enforcement officers concerning generally accepted and proper tactics and procedures for the use of force; and

d.  An order requiring Defendants to be retrained in non-deadly force such as tasing.

DATED:  August 22, 2018        THE SWEENEY FIRM

and

GLICKMAN & GLICKMAN,
A LAW CORPORATION


By___/s/ John E. Sweeney_____
     John E. Sweeney
     Steven C. Glickman
     Nicole E. Hoikka
     Attorneys for Plaintiffs SHELDON LOCKETT,
     MICHELLE DAVIS, and CLYDE DAVIS

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

20

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs demand a trial by jury.

3

4   DATED:  August 22, 2018      THE SWEENEY FIRM

5                                and

6

7                                GLICKMAN & GLICKMAN,
                                 A LAW CORPORATION

8

9

10                               By ___/s/ John E. Sweeney_____
                                    John E. Sweeney

11                                  Steven C. Glickman

12                                  Nicole E. Hoikka
                                    Attorneys for Plaintiffs SHELDON LOCKETT,

13                                  MICHELLE DAVIS, and CLYDE DAVIS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES