1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10    SHELDON LOCKETT, et al.,          )   CASE NO. CV-18-5838-PJW
                                        )
11                   Plaintiffs,        )   ORDER GRANTING DEFENDANTS' MOTION
                                        )   TO DISMISS PLAINTIFFS' FIRST
12          v.                          )   AMENDED COMPLAINT WITH LEAVE TO
                                        )   AMEND
13    COUNTY OF LOS ANGELES, et al.,    )
                                        )
14                                      )
                                        )
15                   Defendants.        )
                                        )
16    _____ )

17                                      I.

18                                 INTRODUCTION

19         This civil rights action arises out of an incident that occurred

20    on January 15, 2016, in which two Los Angeles County Sheriff's

21    deputies, Defendants Samuel Aldama and Mizrain Orrego, allegedly

22    illegally stopped and used unlawful force against Plaintiff Sheldon

23    Lockett.  Lockett was arrested and charged with attempted murder,

24    which he claims was based in part on the deputies' false claim that he

25    had a gun at the time of the stop.  Lockett was held in jail for eight

26    months.  Plaintiffs Michelle Davis and Clyde Davis, Lockett's parents,

27    allege that, one month after Lockett was arrested, Los Angeles County

28

Sheriff's deputies illegally searched their home looking for Lockett's gun.

Defendants County of Los Angeles, Los Angeles County Sheriff's Department, and Sheriff Jim McDonnell move to dismiss the First Amended Complaint.  They claim that Lockett's and his parents' claims are barred by the two-year statute of limitations.  They further argue that Lockett's state law claims must be dismissed because he failed to comply with the California Tort Claims Act.  For the following reasons, Defendants' motion to dismiss is granted with leave to amend.

## II.

### SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff alleges that, on January 15, 2016, sheriff's deputies Orrego and Aldama were driving their police car in the City of Compton when they pulled over in front of a house where Lockett and his friend were standing.  (First Amended Complaint ("FAC") at ¶¶ 21-22.)  Orrego and Aldama got out of their car with their guns drawn and shouted commands at Lockett and his friend.  (FAC at ¶ 23.)  Lockett became frightened and ran.  (FAC at ¶ 24.)  Orrego and Aldama radioed other deputies that Lockett had a gun and was fleeing.  (FAC at ¶ 26.)  Lockett was later found hiding in the back of a nearby home.  (FAC at ¶ 28.)  Though Lockett attempted to surrender, Orrego and Aldama severely beat him with their fists, feet, batons, and Tasers and yelled racial slurs.  (FAC at ¶¶ 28-29.)  After Lockett was under arrest, one of the deputies rammed the end of a police baton in Lockett's eye socket, which caused permanent damage.  (FAC at ¶ 30.)  Lockett was charged with attempted murder and jailed for eight months until his case was dismissed.  (FAC at ¶ 33.)

1    Immediately after Lockett's arrest, his mother filed a citizen's
2    complaint against Defendants Orrego and Aldama.  (FAC at ¶ 34.)
3    Approximately one month later, deputies served a search warrant on her
4    home, claiming to be looking for a gun belonging to Lockett, which
5    deputies knew did not exist.  (FAC at ¶ 36.)  During the search,
6    deputies damaged the home.  (FAC at ¶ 37.)

7    On July 3, 2018, Plaintiffs filed a civil rights Complaint
8    against the County Defendants, Aldama, and Orrego.  (Doc. No. 1.)  On
9    August 22, 2018, Plaintiffs filed a First Amended Complaint, raising
10   the following 12 claims: (1) excessive force under 42 U.S.C. § 1983;
11   (2) *Monell* violations; (3) assault; (4) battery; (5) negligence;
12   (6) false arrest; (7) false imprisonment; (8) violation of California
13   Civil Code § 52.1 (the Bane Act); (9) violation of California Civil
14   Code § 51.7 (the Ralph Act); (10) unreasonable search and seizure;
15   (11) intentional infliction of emotional distress; and (12) negligent
16   infliction of emotional distress.  (Doc. No. 16.)

17                                III.

18                              ANALYSIS

19   A.   <u>Standard of Review</u>

20        Under Federal Rule of Civil Procedure 12(b)(6), a defendant is
21   entitled to dismissal of an action if a complaint lacks a legal theory
22   or alleges insufficient facts to support a legal claim.  To survive a
23   motion to dismiss, the complaint must contain sufficient facts to
24   state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556
25   U.S. 662, 678 (2009).  A claim is plausible on its face if the facts
26   alleged and the reasonable inferences that can be drawn from them
27   demonstrate that the defendant is legally liable for the misconduct
28   alleged.  *Id*.  In reviewing a motion to dismiss, the Court accepts as

                                   3

true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

If a statute of limitations defense is apparent on the face of a complaint, a defendant may raise the defense in a motion to dismiss. *Roches v. Cty. of Santa Clara*, 2018 WL 905940, at *2 (N.D. Cal. Feb. 15, 2018) (*citing Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

B.   <u>Defendants' Motion to Dismiss Lockett's Claims as Untimely is Granted with Leave to Amend</u>

Defendants contend that Lockett's claims are time-barred because the action was not filed within California's two-year statute of limitations for personal injury actions. *See* Cal. Code Civ. Proc. § 335.1.  Section 1983 does not contain its own statute of limitations.  Instead, federal courts apply the state's personal injury statute of limitations, subject to any state tolling provisions that are not inconsistent with federal law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Here, the incident involving Defendants' alleged use of excessive force and unlawful arrest took place on January 15, 2016, which is the date that Lockett's claims accrued.  (FAC at ¶ 21.)  Consequently, absent tolling, Lockett was required to file his Complaint no later than January 15, 2018.  Lockett, however, filed his Complaint on July 3, 2018, more than five months later.

1    Lockett argues in his opposition to the motion that his claims
2  were automatically tolled for eight months under California Code of
3  Civil Procedure § 352.1 while he was imprisoned on the attempted
4  murder charges.  But, as Defendants point out, just four months ago,
5  the California Court of Appeal held that section 352.1's tolling
6  provision only applies to state prisoners serving time in state
7  prisons and does not apply to pre-trial detainees in county jails.
8  *Austin v. Medicis*, 21 Cal. App. 5th 577 (Ct. App. 2018), *reh'g denied*
9  (April 11, 2018), *review denied* (June 13, 2018).  This Court is bound
10 by the state appellate court's interpretation of state law.

11    Lockett asks for leave to amend so that he can try to cure this
12 problem.  The Court is not inclined to grant leave on this issue,
13 however, because it does not appear that Lockett can cure it.

14    Lockett argues in the alternative that he is entitled to tolling
15 under California Government Code § 945.3.  This section provides for
16 tolling in any civil action for damages against a police officer or
17 police department based on conduct "relating to the offense for which
18 the accused is charged, including an act or omission in . . .
19 arresting or detaining the accused, while the charges against the
20 accused are pending before a justice, municipal or superior court."
21 Cal. Gov't Code § 945.3.  Defendants argue that Lockett has failed to
22 allege facts that would show that he is entitled to tolling under
23 § 945.3.  For example, they argue that Lockett has not alleged that
24 his claims are related to the attempted murder charge, nor has he
25 alleged that he is entitled to tolling during the time the criminal
26 charges were pending.

27

28

Lockett disagrees.  He argues in his opposition that the criminal charges cannot be separated from his civil claims and that he is entitled to tolling for the time the criminal charges were pending.

While Lockett did not plead any facts supporting tolling under § 945.3 in his FAC, he may be able to do so and would then be entitled to tolling for the period that the criminal charges were pending against him.  *See Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  Lockett is granted leave to file a Second Amended Complaint and include allegations supporting tolling under § 945.3.

Lockett contends that he is also entitled to equitable tolling. Defendants argue that Lockett has failed to establish entitlement to equitable tolling.  They are both right: Plaintiff has not alleged sufficient facts to establish his entitlement to equitable tolling but it appears that he may be able to.  For this reason, he is granted leave to amend to try to set forth sufficient allegations to support equitable tolling.

C.    Defendants Motion to Dismiss the Parents' Claims as Untimely is
      Granted With Leave to Amend

Defendants contend that the parents' unlawful search claim is barred by the two-year statute of limitations.  On the face of the FAC, it appears that Defendants are right.  The search occurred in February 2016 and the parents filed suit in July 2018, more than two years after the search.  The parents contend that they are entitled to the delayed discovery exception to the statute of limitations because they did not know that the search was based on false statements until after the criminal charges against their son were dismissed and he was released from custody in August 2016.  (Plaintiffs' Opposition at 12-13.)  The parents also contend that they are entitled to equitable

6

1  tolling.   Defendants point out that the FAC does not contain any
2  allegations supporting these defenses to the statute of limitations.
3  The Court agrees with Defendants but concludes that the parents, too,
4  should be given an opportunity to amend the FAC and try to cure these
5  deficiencies.

6  D.    Lockett's State-Law Claims Must be Dismissed for Failure to
7        Comply With the California Tort Claims Act

8        Defendants contend that Lockett's state-law claims must be
9  dismissed because he failed to timely file an administrative tort
10 claim, as required under state law.   Lockett argues in his opposition
11 that he was unable to file his tort claim because he was in jail.   He
12 asks that the Court overlook his failure to file.   (Plaintiffs'
13 Opposition at 13.)

14 This request is denied.   Even if the Court were inclined to grant
15 Lockett tolling for the time he was in jail, his argument would still
16 fail because he failed to file a tort claim after he was released from
17 custody and the time for filing a claim has now run.   *See* Cal. Govt.
18 Code § 911.4 (written application to present a late claim must be
19 presented within a reasonable period of time not to exceed one year
20 after the accrual of the cause of action).   As such, Defendants'
21 motion to dismiss Lockett's state-law claims for assault, battery,
22 negligence, false arrest, false imprisonment, Bane Act violations,
23 Ralph Act violations, intentional infliction of emotional distress,

24
25
26
27
28

and negligent infliction of emotional distress is granted without leave to amend.

IT IS SO ORDERED.

DATED: October 25, 2018.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Consent\Lockett v. County of LA  5838\Order MTD FAC.wpd

8