John E. Sweeney, Esq. (State Bar No. 116285)
**THE SWEENEY FIRM**
315 S. Beverly Drive, Suite 305
Beverly Hills, CA 90212
Tel. No.: (310) 277-9595 / Fax No.: (310) 277-0177
E-Mail: jes@thesweeneyfirm.com

Steven C. Glickman, Esq. (State Bar No. 105436)
Nicole E. Hoikka, Esq. (State Bar No. 306324)
**GLICKMAN & GLICKMAN,
A LAW CORPORATION**
9460 Wilshire Boulevard, Suite 330
Beverly Hills, CA 90212
Tel. No.: (310) 273-4040 / Fax No.: (310) 273-0829
E-Mail: scg@glickman-law.com
E-Mail: neh@glickman-law.com

Attorneys for Plaintiff SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF JIM McDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-5838-PJW<br>*Assigned to Hon. Patrick J. Walsh, Magistrate Judge*<br><br>*SECOND AMENDED* **COMPLAINT FOR DAMAGES**<br><br>1. **Excessive Force (42 USC § 1983)**<br>2. **Failure to Properly Screen, Hire, Train, Supervise, and Discipline (*Monell* Violation) (42 USC § 1983)**<br>3. **Unreasonable Search and Seizure (42 USC § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

1

*SECOND AMENDED* COMPLAINT FOR DAMAGES

The following is a complaint for damages brought by Plaintiffs SHELDON LOCKETT (hereinafter "LOCKETT"), MICHELLE DAVIS, and CLYDE DAVIS (hereinafter, collectively, "Plaintiffs"), by and through their attorneys, who allege on information and belief as follows:

1. This is a civil rights action seeking monetary damages from Defendants for use of excessive force and the violation of various civil rights, resulting in injuries and damages to Plaintiff LOCKETT in the city of Compton, California on January 15, 2016, and to Plaintiffs MICHELLE DAVIS and CLYDE DAVIS in Harbor City, California in or around February 2016.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution as well as the Constitution and laws of the State of California.

## JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

4. The events, acts, and/or omissions complained of herein occurred in the cities of Compton and Harbor City, Los Angeles County, California. This action is properly assigned to the Western Division of the United States District Court for the Central District of California.

## PARTIES TO THE ACTION

5. Plaintiffs LOCKETT, MICHELLE DAVIS, and CLYDE DAVIS were individuals residing in the County of Los Angeles, California.

6. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is now, and all times mentioned in this complaint was, a municipal corporation and political subdivision organized and existing under the laws of the State of California. The COUNTY owns, operates, manages, directs, and controls Defendant LOS

ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "DEPARTMENT"), an operating department of the COUNTY.

7. Defendant SHERIFF JIM McDONNELL (hereinafter "SHERIFF") at all material times was employed as Sheriff for the Defendant DEPARTMENT by Defendant COUNTY.

8. Defendant Deputy MIZRAIN ORREGO (hereinafter "ORREGO") at all material times was employed as a deputy sheriff of the Defendant DEPARTMENT by Defendant COUNTY.

9. Defendant Deputy SAMUEL ALDAMA (hereinafter "ALDAMA") at all material times was employed as a deputy sheriff of the Defendant DEPARTMENT by Defendant COUNTY.

10. In doing the acts alleged in this complaint, Defendants SHERIFF, ORREGO, and ALDAMA were acting under color of statutes, ordinances, regulations, customs, laws, and usages of Defendant COUNTY, Defendant DEPARTMENT, and the State of California under their respective offices.

11. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOE defendants 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

12. DOE Defendants 1 through 20, and each of them, are and were at all times relevant hereto, employees, deputy sheriffs, police officers, sergeants, investigators, and other supervisor police and civilian employees of COUNTY, acting within their capacity as employees, agents, and servants of the Defendant COUNTY. These Defendants were at all times herein alleged acting within the

course and scope of that employment and agency. DOES 1 through 20 are sued individually and in their capacity as deputies, officers, sergeants, captains, detectives, and other police officers for Defendant COUNTY.

13. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of the Defendants, including DOE Defendants.

14. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

15. Plaintiffs are further informed and believe, and thereon allege, that each Defendant herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

16. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual custom, policies, practices, and procedures of the DEPARTMENT.

17. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18. This complaint may be pled in the alternative pursuant to Federal Rules of Civil Procedure, Rule 8(d)(2).

### FACTS COMMON TO ALL CAUSES OF ACTION

19. Plaintiffs reallege each and every paragraph in this complaint as if it is

fully set forth here.

20. This complaint concerns an incident that took place on January 15, 2016 in the City of Compton, California near 910 North Oleander Avenue.

21. On said date and at said location, in the early afternoon hours and in broad daylight, Defendants ORREGO and ALDAMA drove in a Sheriff's radio car in a rapid and aggressive manner toward Plaintiff LOCKETT, who was simply standing near the front of his Godmother's home with a friend.

22. Defendants ORREGO and ALDAMA exited the radio car with their guns drawn and trained on Plaintiff LOCKETT and his friend, shouting commands in loud voices.

23. Plaintiff LOCKETT and his friend had not committed any crime and were not in possession of any weapon whatsoever.

24. Because of the aggressive, unreasonable, and illegal actions of Defendants ORREGO and ALDAMA, Plaintiff LOCKETT became frightened for his life and ran.

25. At that point, Defendants ORREGO and ALDAMA transmitted a false Sheriff's Department radio broadcast that stated that Plaintiff LOCKETT produced a gun from his waist area and was fleeing.

26. Said false radio broadcast precipitated the response of several other deputies.

27. Plaintiff LOCKETT was found by Defendants, and each of them, hiding and frightened in back of a nearby home where he attempted to surrender to deputies. Nevertheless, Defendants ALDAMA and ORREGO severely battered Plaintiff LOCKETT with their fists, feet, batons, and Taser electronic weapons about Plaintiff LOCKETT'S head, arms, torso and legs.

28. Simultaneous to said battering of Plaintiff LOCKETT, who is African American, Defendants ORREGO and ALDAMA, who are Latino, were yelling at him using the vile racial epithet "Nigger" repeatedly.

5

SECOND AMENDED COMPLAINT FOR DAMAGES

29. After Defendants and each of them had Plaintiff LOCKETT under arrest, one of the Defendant deputies purposefully and violently rammed the end of a police baton in the eye socket of Plaintiff LOCKETT which caused him permanent damage.

30. At no time prior to said severe beating of Plaintiff LOCKETT did he pose any threat, in any manner, to Defendants ORREGO and ALDAMA and DOES 1 through 100.

31. Although Defendants ORREGO and ALDAMA knew that Plaintiff LOCKETT had not committed any crime, they arrested him, filed a false police report, and caused the very serious charge of attempted murder to be filed against him.

32. Plaintiff LOCKETT was jailed, with a bail that he could not afford to post for eight (8) months, until the case against him was dismissed for lack of evidence and in the interest of justice.

33. On January 22, 2016, shortly after the arrest of Plaintiff LOCKETT, his mother, Plaintiff MICHELLE DAVIS filed a citizen complaint against Defendants ORREGO and ALDAMA for their illegal actions as described above, including using unconstitutional and excessive force against Plaintiff LOCKETT.

34. Although a citizen's complaint was filed regarding Defendants ORREGO and ALDAMA, Defendants COUNTY, DEPARTMENT, and SHERIFF failed to investigate or initiate any disciplinary action against Defendants ORREGO and ALDAMA.

35. Instead, within approximately one (1) month after Plaintiff MICHELLE DAVIS filed her citizen's complaint as described herein, and in an apparent retaliation for filing the complaint, deputies of Defendant DEPARTMENT searched the residence of Plaintiffs MICHELL DAVIS and CLYDE DAVIS.

36. Plaintiffs MICHELLE DAVIS and CLYDE DAVIS were not home at the time of the search. They were alerted by a neighbor that the police were

searching their home. Plaintiff CLYDE DAVIS returned before the police left and was told they were searching for a gun.

37. During the service of the search warrant, the front door was breached such that it was knocked off of its hinges and destroyed. The remainder of Plaintiffs MICHELLE DAVIS and CLYDE DAVIS' home was purposefully damaged. The police did not serve a Statement of Probable Cause on MICHELLE DAVIS and CLYDE DAVIS, and thus they were not aware of the factual basis for the search.

38. Plaintiffs did not learn until August 2016, when all criminal charges against Plaintiff LOCKETT were dropped and he was released from jail, that the search was unreasonable, unconstitutional, and based upon false statements by Defendants ALDAMA and ORREGO.

39. On May 16, 2018, Defendant ALDAMA'S deposition was taken in an unrelated Los Angeles Superior Court Case No. TC028803, *Taylor v. County of Los Angeles, et al.* During that deposition, Defendant ALDAMA admitted to "ill feelings" toward African Americans in general. He also testified that he and as many as 20 other deputies share a common tattoo of a skeleton wearing a military-style helmet, carrying a rifle and surrounded by flames. The rifle and helmet are linked to the Compton substation of the Los Angeles Sheriff's Department by the letters "CPT" (shorthand for Compton) on the helmet and the number "XXVIII" on the rifle (for 28th substation). Until these revelations, Plaintiffs did not know the full extent of arresting officers' (Defendants ALDAMA and ORREGO) bias against him due to his race.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – EXCESSIVE FORCE
*BY PLAINTIFF SHELDON LOCKETT AGAINST DEFENDANTS ORREGO, ALDAMA, and DOES 1-20*

40. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

41. By the actions and omissions described above, Defendants ORREGO, ALDAMA, and DOES 1-20 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the unlawful use of a Taser as secured by the Fourth and Fourteenth Amendments; and

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience-shocking excessive force as secured by the Fourteenth Amendment.

42. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

43. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth in this complaint.

44. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 3294.

45. Plaintiffs are entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Civil Code § 1021.5.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO PROPERLY SCREEN, HIRE, TRAIN, SUPERVISE, OR DISCIPLINE (*MONELL* VIOLATION)

***BY PLAINTIFF SHELDON LOCKETT AGAINST DEFENDANTS COUNTY, DEPARTMENT, SHERIFF, and DOES 1-100***

46. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

47. The unconstitutional actions and omissions of Defendants COUNTY, DEPARTMENT, and DOES 1-100 as well as others employed by or acting on behalf of Defendant COUNTY, on information and belief, were carried out pursuant to the following customs, policies, practices, and/or procedures of the DEPARTMENT, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers/deputies for Defendants COUNTY and DEPARTMENT:

   a. To use or tolerate the use of excessive and/or unjustified force;
   b. To use or tolerate the use of unlawful tasing of arrestees/detainees;
   c. To use or tolerate racial animus by Defendant DEPARTMENT'S employees, including the use of racial slurs and epithets during detentions and arrests;
   d. To fail to use appropriate and generally accepted law enforcement procedures for detentions and arrests;
   e. To cover up violations of constitutional rights by all of the following:
      i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures;
      ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity, including the proliferation of "cliques" or "gangs" within the Defendant

|   |   |   |
|---|---|---|
| 1 |  | DEPARTMENT, which has a long history of such cliques/gangs dating back to the early 1970's. Such cliques/gangs include the Little Devils, Cavemen, Vikings, Regulators, 3000 Boys, Jump Out Boys, and now a heretofore unknown clique/gang within the Compton Sheriff's station, whose ranks include approximately 20 deputies, including Defendant ALDAMA. |
| 7 | iii. | Said cliques/gangs are responsible for violent illegal acts and are rewarded for those acts. Plaintiffs are informed and thereupon allege that some senior commanders within the Defendant DEPARTMENT are clique/gang members and have tattoos tying them to their gangs. |
| 11 | iv. | Plaintiffs are informed and believe and thereupon allege that said senior commanders know of the proliferation of clique/gangs within Defendant DEPARTMENT and that they condone and ratify their violent, illegal conduct. Defendant DEPARTMENT and its employees, including the aforementioned senior commanders, had a policy, practice and/or custom of condoning and allowing said cliques/gangs to exist, associate, operate, recruit, and act with impunity within the ranks of the DEPARTMENT and a policy, practice and/or custom of failing to investigate said cliques/gangs. |
| 20 | v. | Said policies, customs and/or practices were the moving force behind Plaintiffs' injuries because Plaintiffs are informed and believe that Defendants ALDAMA and DOES 1-20 were members of the heretofore unknown gang/clique, and that they were positioned to commit acts of violence against Plaintiffs in association with that membership. |
| 26 | vi. | By allowing, tolerating, and/or encouraging police officers who: |

        1. Fail to file complete and accurate police reports;
        2. File false police reports;

        3. Make false statements;

        4. Intimidate, bias, and/or coach witnesses to give false information and/or to bolster officers' stories; and/or

        5. Obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information;

    f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and DEPARTMENT personnel, whereby an officer/deputy or member of the DEPARTMENT does not provide adverse information against a fellow officer/deputy or member of the DEPARTMENT; and

    g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910.

48. Defendants subjected Plaintiff LOCKETT to their wrongful conduct, depriving Plaintiff LOCKETT of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff LOCKETT and others would be violated by their acts and/or omissions.

49. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff LOCKETT sustained injuries and damages as set forth in this complaint.

50. The conduct of Defendants entitles Plaintiff LOCKETT to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.20, et seq.

51. Plaintiff LOCKETT is entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.20, et seq.

52. Defendants COUNTY, DEPARTMENT, SHERIFF, and DOES 1 through 20 failed to properly hire, train, instruct, monitor, supervise, evaluate,

investigate, and discipline Defendants ALDAMA, ORREGO, and DOES 1 through 20, as well as other DEPARTMENT personnel, with deliberate indifference to Plaintiff LOCKETT'S constitutional rights, which were thereby violated as described above.

53. The unconstitutional actions and/or omissions of Defendants and other DEPARTMENT personnel, as described above, were approved, tolerated, and/or ratified by policy-making officers for the DEPARTMENT.

54. Plaintiff LOCKETT is informed and believes and thereon alleges that the details of the subject incident were revealed to the authorized policymakers within the COUNTY and DEPARTMENT, including SHERIFF, and that such policymakers have direct knowledge of the fact that Plaintiff's beating, tasing, detention, and arrest were not justified, but rather represented an unconstitutional display of unreasonable and excessive force.

55. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and DEPARTMENT, including SHERIFF, have approved of Defendants ALDAMA, ORREGO, and DOES 1-20, and have made a deliberate choice to endorse these Defendants' use of force against, and detention and arrest of, Plaintiff LOCKETT. By doing so, the authorized policymakers within the COUNTY and DEPARTMENT have shown affirmative agreement with the individual Defendant deputies' actions and have ratified the unconstitutional acts of the individual Defendants.

56. The aforementioned customs, policies, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by DEPARTMENT personnel of Defendants COUNTY, DEPARTMENT, SHERIFF, and DOES 1 through 20 were a moving force and a proximate cause of deprivations of Plaintiff LOCKETT's clearly-established and well-settled constitutional rights, in violation of 42 U.S.C. §

1983.

57. Defendants subjected Plaintiff LOCKETT to their wrongful conduct, depriving Plaintiff of rights described herein knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff LOCKETT and others would be violated by their acts and/or omissions.

58. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants as described above, Plaintiff LOCKETT sustained serious and permanent injuries and is entitled to damages and penalties, costs, and attorneys' fees as set forth above, and punitive damages against Defendants ORREGO, ALDAMA, SHERIFF, and DOES 1-100 in their individual capacities.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE
### *BY PLAINTIFFS MICHELLE DAVIS AND CLYDE DAVIS*
### *AGAINST ALL DEFENDANTS*

59. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth herein.

60. By the actions and omissions described above, Defendants ORREGO, ALDAMA, COUNTY, DEPARTMENT, SHERIFF, and DOES 1-100 violated 42 U.S.C. § 1983, depriving Plaintiffs MICHELLE DAVIS and CLYDE DAVIS of the clearly-established and well-settled constitutional right to be free from unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

61. Defendants subjected Plaintiffs MICHELLE DAVIS and CLYDE DAVIS to their wrongful conduct, depriving Plaintiffs MICHELLE DAVIS and CLYDE DAVIS of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs MICHELLE DAVIS and CLYDE DAVIS and others would be violated by their acts

and/or omissions.

62. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs MICHELLE DAVIS and CLYDE DAVIS sustained injuries and damages as set forth in this complaint.

63. The conduct of Defendants entitles Plaintiffs MICHELLE DAVIS and CLYDE DAVIS to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 3294.

64. Plaintiffs MICHELLE DAVIS and CLYDE DAVIS are entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and California Civil Code § 1021.5.

## TOLLING UNDER GOVERNMENT CODE § 945.3

65. Plaintiffs reallege each and every paragraph in this complaint as if it is fully set forth here.

66. Plaintiff LOCKETT is entitled to the tolling provisions of California Government Code § 945.3, which provides for tolling in any civil action for damages against a police officer or police department based upon conduct relating to the offense for which the accused is charged, including an act or omission in arresting or detaining the accused, while the charges against the accused are pending before a justice, or municipal or superior court.

67. Plaintiff LOCKETT was accused of and charged with attempted murder following his arrest by Defendants ORREGO and ALDAMA and held in jail while the charge(s) were pending against him in superior court.

68. All of Plaintiff LOCKETT'S claims brought in this case, including those pursuant to 42 U.S.C. § 1983, arise out of the January 15, 2016 arrest by Defendants. The attempted murder charge cannot be separated from the civil rights violations alleged in this complaint and the claims are therefore related to the attempted murder charge.

69. Defendants ORREGO and ALDAMA used excessive force against Plaintiff LOCKETT in the course of his arrest and made false statements about him,

including falsely communicating over police radio that Plaintiff LOCKETT had a gun even though Plaintiff LOCKETT was not armed at the time of the incident, and writing a false police report. These actions led to Plaintiff LOCKETT being charged with attempted murder.

70. Pursuant to Government Code § 945.3, Plaintiff Lockett is entitled to tolling during the time the attempted murder charge was pending against him.

### EQUITABLE TOLLING

71. Plaintiffs reallege each and every paragraph in this complaint as if it is fully set forth here.

72. The statute of limitations on Plaintiffs' claims was equitably tolled. Defendants had timely notice of Plaintiffs' claims, Defendants were not prejudiced by the delay in filing Plaintiffs' initial complaint in July 2018, and Plaintiffs' conduct was reasonable and in good faith.

73. There was timely notice of the civil rights claims against Defendants. Defendants were on notice, via the citizen complaint made against them by Plaintiff MICHELLE DAVIS on or about January 22, 2016, that Defendants had used excessive force against Plaintiff LOCKETT during his arrest on January 15, 2016, in violation of Plaintiff LOCKETT'S civil rights. As of August 2016, Defendants were aware that the arrest and subsequent imprisonment were based on false statements and unjustified because all criminal charges were dropped against Plaintiff LOCKETT for lack of evidence. At that time, Plaintiffs MICHELLE DAVIS and CLYDE DAVIS also became aware that the alleged search for a gun at their home was unreasonable and unjustified, as the search warrant was based upon false statements by Defendants.

74. Defendants are not prejudiced by any delay in bringing this case. There are no defenses, information, or witnesses unavailable now, but that would have been available in January 2018.

75. Plaintiff LOCKETT asserted the claims set forth in this complaint within the two-year limitations period plus the eight (8) months' tolling while he

was in jail from January through August 2016.

76. At all times, Plaintiffs acted reasonably and in good faith.

## DELAYED DISCOVERY EXCEPTION TO THE STATUTE OF LIMITATIONS

77. Plaintiffs reallege each and every paragraph in this complaint as if it is fully set forth here.

78. Plaintiffs MICHELLE DAVIS and CLYDE DAVIS are entitled to the delayed discovery exception to the statute of limitations because they did not know that the search of their home was based upon false statements until after the criminal charges against Plaintiff LOCKETT were dismissed and he was released from jail custody in August 2016. Plaintiffs were not served with a Statement of Probable Cause explaining the basis for the search at any time.

79. Because Plaintiffs MICHELLE DAVIS and CLYDE DAVIS did not discover that the search of their home was unreasonable and unconstitutional until August of 2016, the two-year statute of limitations on their claims should extend to August of 2018, making their complaint timely filed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;
2. Punitive damages under 42 U.S.C. § 1032 and California law in an amount according to proof and which is fair, just, and reasonable (as to the individual Defendants only);
3. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; and 1021.5; California Civil Code §§ 52, et seq., 52.1, and 51.7, and as otherwise may be allowed by California and/or Federal law.

/ / /

4. Injunctive relief as follows:

    a. An order prohibiting Defendants and their deputies from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

    b. An order prohibiting Defendants and their deputies from engaging in a code of silence as may be supported by the evidence in this case;

    c. An order requiring Defendants to train all DEPARTMENT law enforcement officers concerning generally accepted and proper tactics and procedures for the use of force; and

    d. An order requiring Defendants to be retrained in non-deadly force such as tasing.

DATED: November 16, 2018

Respectfully submitted,

THE SWEENEY FIRM

and

GLICKMAN & GLICKMAN,
A LAW CORPORATION

By   /s/ Nicole E. Hoikka
    John E. Sweeney
    Steven C. Glickman
    Nicole E. Hoikka
    Attorneys for Plaintiffs SHELDON LOCKETT, MICHELLE DAVIS, and CLYDE DAVIS

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED: November 16, 2018         Respectfully submitted,

THE SWEENEY FIRM

and

GLICKMAN & GLICKMAN,
A LAW CORPORATION


By    /s/ Nicole E. Hoikka
   John E. Sweeney
   Steven C. Glickman
   Nicole E. Hoikka
   Attorneys for Plaintiffs SHELDON
   LOCKETT, MICHELLE DAVIS, and
   CLYDE DAVIS