**RICKEY IVIE (#76864)**
rivie@imwlaw.com
**JACK F. ALTURA (#297314)**
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendant,
**COUNTY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT<br><br>*Plaintiff*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO.: 2:18-cv-5838-PJW<br><br>**DECLARATION OF JACK F. ALTURA IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'** *EX PARTE* **APPLICATION FOR AN ORDER TO SHOW CAUSE WHY TIMOTHY CAMPBELL AND ELLA CAMPBELL SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR THEIR FAILURE TO APPEAR AT THEIR DEPOSITIONS;** *EX PARTE* **APPLICATION TO COMPEL THE DEPOSITIONS OF TIMOTHY CAMPBELL AND ELLA CAMPBELL** |

## **DECLARATION OF JACK F. ALTURA**

I, Jack F. Altura, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney at the law firm of Ivie, McNeill & Wyatt, counsel of record for Defendant County of Los Angeles.

2. I make the following declaration based upon my personal knowledge and if asked to testify I could and would testify to the following facts.

-1-

3. I was personally present at the time, date, and location where my office had subpoenaed the depositions of Timothy Campbell and Ella Campbell. A true and correct copy of the deposition subpoenas is attached as Exhibit A (Timothy's) and Exhibit B (Ella's). The subpoenas commanded Timothy and Ella to be present on February 6, 2020 at 9:00 a.m. and 12:00 p.m., respectively at office of Ivie, McNeill & Wyatt, located at 444 South Flower Street, Suite 1800, Los Angeles, CA 90071.

4. The notices of deposition and deposition subpoenas were served on Plaintiff's counsel on January 27, 2020. Exhibit A; Exhibit B.

5. Eboni Campbell, Ella's daughter, was served with both Timothy's and Ella's deposition subpoenas on January 28, 2020 at 6:06 p.m. at 313 East 158th Street, Gardena, CA 90248. Exhibit C (Timothy); Exhibit D (Ella).

6. Plaintiff's counsel provided me that address as the location where Timothy and Ella live. See Exhibit G. Plaintiff is friends or best friends with Timothy.

7. On February 5, 2020, Plaintiff's counsel, John E. Sweeney, informed me that he and Steven C. Glickman would be representing Timothy Campbell. A true and correct copy of that email is attached as Exhibit E.

8. On February 6, 2020 (the date of the depositions), Mr. Sweeney informed me that Timothy had not left his residence in Gardena. Mr. Sweeney also informed that Plaintiff Sheldon Lockett was supposed to drive Timothy to his deposition. I suggested that Mr. Sweeney or Mr. Glickman could pay for an Uber to drive Timothy to the deposition. They apparently did not do so. Mr. Sweeney also informed me that Ella would not be appearing because she is "sickly."

9. The parties waited about an hour for Timothy to arrive.

10. During this time, Mr. Sweeney was on his cellular telephone multiple times. He was purportedly making telephone calls to Timothy to inquire about his location.

11. Neither Timothy nor Ella appeared for their depositions.

12. At some point after 9:00 a.m., when Timothy's deposition was scheduled to start, Mr. Glickman raised for the first time that the proof of service of the subpoena stated that Eboni Campbell (Ella's daughter) and not Timothy or Ella had been served with the subpoena.

13. Prior to that time, I had not been served with written objections to the deposition subpoenas or a motion to quash. I still have not been.

14. At around 10:00 a.m., the parties agreed to reschedule the deposition for another day.

15. On the same date, I sent a meet and confer letter to Mr. Sweeney and Mr. Glickman requesting that they pay for a second deposition since their client (Timothy) had failed to appear. A true and correct copy of the letter is attached as Exhibit F.

16. The letter requested a definitive response to this request by February 7, 2020 at 12:00 p.m.

17. While Mr. Glickman agreed to split the cost of a second deposition, COLA's position is that Timothy and Ella should be required to pay for a second deposition since they failed to appear for their depositions.

18. Mr. Sweeney and Mr. Glickman represented to me on February 6, 2020 that they do not represent Ella. Therefore, to my knowledge no party authorized to speak on Ella's behalf has raised any issue about service.

19. On February 7, 2020 at about 1:30 p.m., I called Mr. Glickman and gave him notice of COLA's intent to move ex parte for an order to cause why Timothy and Ella should not be held in contempt for failing to appear for their depositions. I informed Mr. Glickman that I would be filing the *ex parte* the

-3-

same date. While I do not recall Mr. Glickman expressly stating that he would oppose the *ex parte*, I anticipate that he or Mr. Sweeney will file an opposition.

20. At around 2:30 p.m., Mr. Glickman and I again spoke and he confirmed that he could not presently secure a time for Timothy's and Ella's deposition.
21. I spoke around 4 hours researching and drafting this ex parte application.
22. I anticipate spending another hour analyzing Timothy's and Ella's opposition and appearing for argument.
23. My reasonable hourly rate for attorneys in my community with similar experience is around $250 per hour.

I execute this declaration under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 7, 2020 at Los Angeles, California

/s/ Jack F. Altura
Jack F. Altura