**RICKEY IVIE (#76864)**
rivie@imwlaw.com
**JACK F. ALTURA (#297314)**
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA  90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendant,
**COUNTY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT<br><br>*Plaintiff*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO.: 2:18-cv-5838-PJW<br><br>**DECLARATION OF JACK F. ALTURA IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES'** *EX PARTE* **APPLICATION FOR A PROTECTIVE ORDER FORBIDDING INQUIRY INTO NON-DEFENDANT DEPUTY BENZOR'S BODY MARKINGS** |

## DECLARATION OF JACK F. ALTURA

I, Jack F. Altura, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court.  I am an attorney at the law firm of Ivie, McNeill & Wyatt, counsel of record for Defendant County of Los Angeles.

2. I make the following declaration based upon my personal knowledge and if asked to testify I could and would testify to the following facts.

-1-

3. On February 21, 2020, I sent a letter to Plaintiff's counsel requesting a meet and confer about a protective order forbidding inquiry into Deputy Benzor's body markings.

4. Plaintiff has noticed Deputy Benzor's deposition for March 2, 2020.

5. On February 24, 2020, Plaintiff informed me that they would not stipulate to a protective order forbidding inquiry into Deputy Benzor's body markings.

6. On February 26, 2020 at approximately 10 a.m., I emailed John E. Sweeney, Steven C. Glickman, and Laura Tagmazian, counsel for Plaintiff, giving them notice of COLA's intent to apply *ex parte* on February 26, 2020 for a protective order forbidding inquiry into Deputy Benzor's body markings, or in the alternative, ordering Deputy Benzor's deposition be sealed and opened only on court order. My letter informed Plaintiff's counsel that COLA would apply *ex parte* on the ground that Deputy Benzor's privacy rights outweighs Plaintiff's need for discovery. I also informed Plaintiff's counsel that any opposition to an *ex parte* must be filed within 24 hours of receiving notice.

7. On February 26, 2020, at approximately 10:05 a.m., I spoke with Leticia Shirley, Mr. Sweeney's assistant, over the telephone and gave Ms. Shirley the same information contained in paragraph 6. Ms. Shirley told me that she would accept *ex parte* notice.

8. Mr. Sweeney informed me that he would oppose the *ex parte* application.

9. Attached as Exhibit A is a true and correct copy of Plaintiff's responses to Los Angeles County Sheriff Department's Interrogatories (set three) in which Plaintiff defines the terms "clique" and "gangs."

///
///
///
///
///

I execute this declaration under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 26, 2020 at Los Angeles, California

<u>/s/ Jack F. Altura</u>
Jack F. Altura