SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
ANDREW C. PONGRACZ (SBN 258554)
apongracz@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869
Fax: (213) 481-2871

Attorneys for Defendant Samuel Aldama

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-5838-PJW<br>[Assigned to Hon. Patrick J. Walsh]<br><br>**DECLARATION OF ANDREW C. PONGRACZ FILED IN SUPPORT OF DEFENDANT SAMUEL ALDAMA'S OPPOSITION TO PLAINTIFF'S EX PARTE (Doc. 156)**<br><br>**Hearing:**<br>**Date: August 3, 2020**<br>**Time: 11:00 a.m.**<br>**Location: Telephonic**<br><br>Complaint Filed: July 3, 2018<br>Trial Date: None |

[intentionally blank]

- 1 -
DECLARATION OF ANDREW PONGRACZ

# DECLARATION OF ANDREW C. PONGRACZ

I, Andrew C. Pongracz, declare as follows:

1. I am an attorney admitted to the United States District Court for the Central District of California. I am an attorney at Seki, Nishimura and Watase, LLP, counsel of record for defendant Samuel Aldama in this matter.

2. I have personal knowledge of the facts contained in this declaration. I could and would testify to the contents of this declaration if called upon to do so.

3. Plaintiff's counsel took the deposition of my client Defendant Samuel Aldama on three separate occasions: December 19, 2019, May 16, 2020, and May 22, 2020.

4. Plaintiff's counsel took the deposition of Deputy Austin Embleton on December 3, 2019.

5. Deputy Aldama's reply to Plaintiff's Opposition to Deputy Aldama's Motion for Summary Judgment is due August 3, 2020.

6. I am a print and online subscriber to the Los Angeles Times. On July 30, 2020 shortly before 5 p.m. PDT I accessed the website: https://www.latimes.com/california/story/2020-07-30/sheriff-clique-compton-station-executioners

7. I removed from this declaration the hyperlink that the above text automatically generates. Attached as **Exhibit A** is a pdf printout of the story I read in the Los Angeles Times. Plaintiff's counsel Mr. Sweeney is quoted multiple times in the article and on the bottom of page 7 it specifically references Plaintiff's "request to reopen discovery" in this case.

8. I also viewed news coverage on ABC 7 Eyewitness News at 5 pm on July 30, 2020 pertaining to the same subject matter as the LA Times Article.

9. As counsel for Deputy Aldama, I was given less than four hours' notice of Plaintiff's ex parte application.

10. On July 28, 2020 at 9:39 a.m. I received an email from Plaintiff's Steve Glickman. It is the same as the one included in his application. The email had a .pdf attachment with a filename "Gonzalez-claim for damages.pdf" Using a copy of Adobe Acrobat Pro DC on a MacbookPro laptop, I saved the file to my local hard drive and opened the file. I clicked on File at the top of the screen, then on the Properties item in the dropdown menu. In so doing, I was able to access the properties of the file. There are five windows in the Properties viewer: all of the information I report comes from the "Description" window that is the default window that opens when Properties are viewed. Here are the notable observations from the file I received as an attachment from Attorney Glickman

   a. The file [name] is: "Gonzalez-claim for damages.pdf"
   b. the "File Size" indicated by my Adobe Acrobat DC software is "1.19 MB (1,247,577 Bytes).
   c. The field "Fast Web View" reads "No"

11. Later the same day I visited the website WitnessLA as described in Plaintiff's *ex parte*. Specifically, I navigated to https://witnessla.com/the-executioners-does-a-violent-deputy-gang-rule-la-countys-compton-station/

12. Once at the website, I clicked on a hyperlink indicating it was a "link" to the Government Claim contained in the PDF referenced by Plaintiff's counsel (and the website article itself). This link caused an automatic download of a .pdf file entitled "Gonzalez-Executioners-Complaint.pdf"

13. I followed the exact same methodology described in paragraph 10 above to view the Properties of this file in the same Adobe Acrobat Pro DC software I used to review the file I received earlier. Here is what I found:

   a. The file [name] is: "Gonzalez-Executioners-Complaint.pdf"
   b. The file size indicated by my Adobe Acrobat DC software is "1.19 MB (1,248,263 Bytes).
   c. The field "Fast Web View" reads "Yes"

14. There are at least three material discrepancies between the file properties of the pdf file I received from Plaintiff's counsel and the file available on WitnessLA: File Name, Size, and Fast Web View enabling.

15. On the basis of my metadata review of the two files, I formed an opinion and belief that the file I received from Mr. Glickman at 9:39 a.m. did not come from the WitnessLA website article referenced in the application.

16. At approximately 1:36 p.m. on July 28, 2020, during a previously scheduled expert deposition held via Zoom Videoconference, I indicated to Mr. Glickman that I, as Deputy Aldama's counsel, would not stipulate to the requested relief. Plaintiff's ex parte application was filed within 30 seconds of my verbal response to Mr. Glickman and I received the ECF email notification of Mr. Glickman's filing at 1:36 p.m.

I declare under penalty of perjury of the laws of the United States the foregoing is true and correct. Dated July 30, 2020, at Los Angeles, California.

/s/ Andrew C. Pongracz

Andrew C. Pongracz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Intentionally blank

- 5 –
DECLARATION OF ANDREW PONGRACZ