# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT,<br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br>    Defendants. | CV 18-5838 DSF (JPRx)<br><br>Order GRANTING Motion to Intervene and For an Order Unsealing Court Records and Modifying Protective Order (Dkt. No. 227) |

    Non-party Los Angeles Times Communications LLC (The Times) has moved to intervene and for an order unsealing court records and to modify the protective order in this case. Defendants Samuel Aldama and Mizrain Orrego oppose the motion. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    Defendant Aldama does not oppose intervention. Deputy Orrego argues that The Times does not have standing to seek unfiled discovery with respect to him because the claims against him have been dismissed. The Court rejects this standing argument because The Times is seeking to modify the protective order in this case that would bar it from acquiring the unfiled discovery materials. The protective order continues to exist regardless of whether Orrego has been dismissed, and The Times has standing to intervene to challenge that order.

Neither Aldama nor Orrego even attempts to demonstrate that there are compelling reasons for the sealed portions of the summary judgment filings to remain under seal. See Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092 (9th Cir. 2016) (compelling reasons required to seal material when the motion is "more than tangentially related to the merits of a case"). Vague references to privacy or safety concerns are insufficient, and the Court has no reason to believe there is any particularly compelling safety or privacy argument to be made here. The argument that Defendants relied on the protective order is unpersuasive because they were on notice that documents filed in association with a dispositive motion can only be sealed on a showing of compelling reasons, not a simple confidentiality designation by a party under a protective order. See San Jose v. Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1101 (9th Cir. 1999) ("[T]o the extent the Defendants relied on the stipulated protective order . . ., such reliance was unreasonable. The right of access to court documents belongs to the public, and the Plaintiffs were in no position to bargain that right away.")

The Times has also demonstrated that the protective order should be modified. "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Id. at 1210–11.

Aldama fails to provide any support for keeping the designated materials confidential other than the protective order itself. Orrego does better by pointing out the particular categories of items that were supposed to be designated under the protective order and by noting that his dismissal from the case makes discovery relating to him

particularly irrelevant and protectable. However, neither Aldama nor Orrego provides substantive support for why the particular documents that have been marked confidential should stay confidential. The protective order names broad categories of documents and provides the designating party discretion as to what is marked confidential. The protective order itself explicitly recognizes that a non-party could challenge confidentiality and, if that happened, the burden of demonstrating good cause would fall on the designating party. See Dkt. No. 83 at 9 (¶¶ 6.1, 6.4). There is no basis to find that there is good cause for confidentiality for every document that might arguably fall within the broad categories named in the protective order. In addition, there is a strong public interest in disclosure of information related to the claims made in this case that Sheriff's Department deputies violated Plaintiffs' constitutional rights in various ways. Phillips, 307 F.3d at 311 (court should balance public and private interests in determining if protective order is necessary).

In the absence of any particularized showing of good cause, The Times is entitled to have the protective order modified to allow disclosure of the documents. Nonetheless, Orrego identified his personnel file and documents regarding an unrelated matter as materials that should remain confidential. In an abundance of caution, the Court will review the documents that Orrego wishes to keep confidential before ordering them to be disclosed to the public. The documents are to be filed under seal no later than November 20, 2020.

The motion to intervene and for an order unsealing documents and modifying the protective order is GRANTED. The Protective Order in this action is modified to limit confidentiality designations prohibiting the disclosure of discovery materials to the following: sensitive medical information, social security numbers, home addresses and telephone numbers, and any other information required to be redacted by Federal Rule of Civil Procedure 5.2 or the Local Rules.

    Public copies of docket numbers 142, 162, 163, 173, 175-179, 183-188, 191-192, 199, and 201 with appropriate redactions required by Federal Rule of Civil Procedure 5.2 and the Local Rules are to be filed by the party that originally filed the document no later than November 30, 2020.

    IT IS SO ORDERED.

DATED: November 12, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE