**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**ANTONIO KIZZIE (S.B.N.: 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT**
**PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA  90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and**
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT | CASE NO.: 2:18-cv-5838-DSF-JPR |
| *Plaintiff* | **DEFENDANT COUNTY OF LOS ANGELES' MOTION TO STRIKE PLAINTIFF'S THIRD THROUGH TWELFTH SUPPLEMENTAL DISCLOSURES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTONIO K. KIZZIE, ESQ.** |
| vs. | |
| COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive, | **[***Filed Concurrently with Proposed Order***]** |
| *Defendants.* | **Hearing Date:**  June 7, 2021<br>**Time:**  1:30 p.m.<br>**Courtroom:**  7D<br>First Street Courthouse, 350 West 1st Street, Courtroom, Los Angeles, California 90012 |

-1-

**TO THE COURT AND THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on a June 7, 2021 at 1:30 p.m., Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (collectively, "Defendant County") will move to strike Plaintiff SHELDON LOCKETT's ("Plaintiff") numerous Federal Rule of Civil Procedure 26(a)/(e) supplemental disclosures.

On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." *See generally* Dkt. 245 At this juncture, only Plaintiff's excessive force claim against Deputy Samuel Aldama ("Deputy Aldama") and *potentially* the *Monell* claim against Defendant County (pending the Court's ruling on Defendant County's Motion for Summary Judgment, Dkt. 253) remain. *See generally* Dkt. 208, 211, 253.

Defendants' motion to strike is made upon the grounds that the discovery cut-off was **April 6, 2020**. *See generally* "Order Granting Second Stipulation to Modify the Court's Scheduling Order" Dkt. 116 The Initial Expert Disclosure due date was **April 27, 2020**. *See generally* Dkt. 116 "Order Granting Second Stipulation to Modify the Court's Scheduling Order" Dkt. 116 Expert disclosures have already been served and discovery concluded without being re-opened.

However and nearly six (6) *months after* the April 6, 2020 discovery cut-off date and *without ever moving or providing "Good Cause" to reopen discovery* starting approximately *September 14, 2020*, Plaintiff has served nearly ten (10) sets of purported "Supplemental Disclosures" naming them Plaintiff's "Third," "Fourth," "Fifth," "Sixth," "Seventh," "Eighth," "Ninth," "Tenth," "Eleventh," and "Twelfth" "Supplemental Disclosures." Plaintiff's aforementioned conduct is egregiously untimely, non-compliant with the Court's scheduling order, non-compliant with FRCP 26(a)(1), and is unduly and unfairly prejudicial to Defendants.

This Motion is made following the meet and confer conference of counsel pursuant to Local Rule 7-3 which took place on October 27, 2020 and again on March 17, 2021. Plaintiff will oppose this motion.

This Motion is based on the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Date: April 19, 2021                    **IVIE McNEILL WYATT**
                                        **PURCELL & DIGGS**

                            **By:**    */s/ Antonio K. Kizzie*_____
                                        **RICKEY IVIE**
                                        **ANTONIO K. KIZZIE**
                                        Attorneys for Defendants
                                        **COUNTY OF LOS ANGELES and**
                                        **LOS ANGELES COUNTY**
                                        **SHERIFF'S DEPARTMENT**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ……………………………..1

I.    INTRODUCTION ……………………………………………………………..1

II.   MEET AND CONFER EFFORTS ……………………………………………3

III.  DISCUSSION ………………………………………………………………3

    A.    PLAINTIFF'S THIRD THROUGH TWELFTH DISCLOSURES
       MUST BE STRICKEN AS UNTIMEY ……………………………..3

    B.    PLAINTIFF WAS NOT DILIGENT IN INVESTIGATING THE
       BASIS OF HIS *MONELL* CLAIM …………………………………..5

       1.    MANY OF THE NEW WITNESSES IN LOCKETT'S
          SUPPLEMENTAL DISCLOSURES WERE OR SHOULD
          HAVE BEEN PREVIOUSLY KNOWN TO HIM …………...6

       2.    PLAINTIFF CANNOT CLAIM THAT FURTHER
          DISCOVERY WOULD HAVE BEEN FUTILE BECAUSE
          THE HONORABLE JUDGE PATRICK J. WALSH NEVER
          REFUSED A DISCOVERY REQUEST BY LOCKETT …….8

       3.    THE HUNDREDS OF NEW PAGES OF DOCUMENTATION
          SHOULD BE STRICKEN …………………………………8

    C.    LOCKETT'S FAILURE TO TIMELY SUPPLEMENT HIS INITIAL
       DISCLOSURES IS NEITHER JUSTIFIED NOR HARMLESS
       COLA IS PREJUDICED BY LOCKETT'S UNTIMELY
       SUPPLEMENTATION …………………………………………...9

       2.    COLA HAS NO REASONABLE ABILITY TO CURE THE
          PREJUDICE …………………………………………………12

       3.    LIKELIHOOD OF DISRUPTION TO THE TRIAL ………..12

D.     STRIKING PLAINTIFF'S UNTIMELY DISCLOSURES IS THE ONLY JUST REMEDY …………………………………………………..12

IV.   CONCLUSION ……………………………………………………14

DECLARATION OF ANTONIO K. KIZZIE ………………………………15

# TABLE OF AUTHORITIES

## Cases

*Ashman v. Solectron, Inc.*
No. CV 08-1430 JF, 2010 WL 3069314, at *4 (N.D. Cal. Aug. 4, 2010) ............... 3

*Goodman v. Staples The Office Superstore, LLC*
644 F.3d 817, 827 (9th Cir. 2011) ........................................................................13

*Johnson v. Mammoth Recreations, Inc.*
975 F.2d 604, 607 (9th Cir.1992) *Id*. at 608 ......................................................... 9

*Lanard Toys v. Novelty, Inc.*
375 Fed. Appx. 705, 713 (9th Cir. 2010)................................................................. 9

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*
No. 15-CV-0595-BAS-MDD, 2016 WL 1394280, at *2
(S.D. Cal. Apr. 8, 2016) .....................................................................................3, 9

*Reed v. Washington Area Metro. Transit Auth.*
No. 1:14CV65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014) ........................ 9

*Silvagni v. Wal-Mart Stores, Inc.*
320 F.R.D. 237, 241 (D. Nev. 2017) ...................................................................... 5

*Wendt v. Host Int'l, Inc.*
125 F.3d 806, 814 (9th Cir. 1997) ........................................................................13

## Statutes

42 U.S.C. § 1983.................................................................................................... 1

## Rules

Fed. R. Civ. P. 26(e)(1) ......................................................................................... 4

Fed. R. Civ. P. 26(e)(2).........................................................................................10

Fed.R.Civ.P. 16(b) ................................................................................................ 9

Federal Rule of Civil Procedure 26(a)/(e) .........................................................2, 1

Federal Rule of Civil Procedure 37(c)..............................................12, 13

Federal Rules of Civil Procedure, Rule, 16(b)(4) ............................ 9

FRCP 26 ...........................................................................................11

FRCP 26(a)(1) ................................................................................. 2

FRCP 26(a)....................................................................6, 12, 17

FRCP 30(b)(6) ...........................................................................5, 13

FRCP 37(c)(1) ................................................................................13

Local Rule 37-2 ............................................................................ 8

Local Rule 37 ............................................................................... 8

Local Rule 7-3 ..........................................................................3, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case pertains to an alleged unreasonable use of force under 42 U.S.C. § 1983 that occurred on January 15, 2016 in the City of Compton involving Plaintiff Sheldon Lockett ("Plaintiff") and Los Angeles County Sheriff's Deputies Defendant Deputy Samuel Aldama ("Deputy Aldama") and Defendant Deputy Mizrain Orrego ("Deputy Oreggo").[1] On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." *See generally* Dkt. 245- **Exhibit 1** ("The motion to amend is denied because Plaintiff was not diligent in asserting the fabrication/suppression of evidence claim.") At this juncture, only Plaintiff's *excessive force* claim against Deputy Samuel Aldama ("Deputy Aldama") and *potentially* the *Monell* claim against Defendant County (pending the Court''s ruling on Defendant County's Motion for Summary Judgment Dkt. 253) remain. *See generally* Dkt. 208, 211, 253.

Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (collectively, "Defendant County") hereby move to strike Plaintiff's numerous, untimely Federal Rule of Civil Procedure 26(a)/(e) supplemental disclosures.

Defendants' instant motion to strike is made upon the grounds that the discovery cut-off was **April 6, 2020**. *See generally* "Order Granting Second Stipulation to Modify the Court's Scheduling Order" Dkt. 116 -**Exhibit 2** The Initial Expert Disclosure due date was **April 27, 2020**. **Exhibit 2.** Expert disclosures have already been served and discovery concluded without being re-opened.

However and nearly six (6) *months after* the April 6, 2020 discovery cut-off date starting approximately *September 14, 2020*, and *without ever moving or*

---

[1] Deputy Orrego was dismissed on or about August 7, 2020. *See generally* Dkt. 180.

*providing "Good Cause" to reopen discovery* Plaintiff has untimely served nearly ten (10) sets of purported "Supplemental Disclosures" identifying more than 40 new witnesses and hundreds of pages of new documents while naming them Plaintiff's "Third," "Fourth, "Fifth," "Sixth," "Seventh," "Eighth," "Ninth," "Tenth," "Eleventh," and "Twelfth" "Supplemental Disclosures." **Exhibit 3, 4A & 4B, 5, 6, 7, 8, 9, 10, 11, and 12.**

Plaintiff's aforementioned conduct is egregiously untimely, non-compliant with the Court's scheduling order, non-compliant with FRCP 26(a)(1), and is unduly and unfairly prejudicial to Defendants. Had Plaintiff exercised a modicum of diligence, he could have identified these witnesses during the 9-month discovery period, and timely supplemented his disclosures.

Defendants will be irreparably prejudiced by Lockett's untimely disclosures because Defendants had no opportunity to depose these witnesses before trial, will have no opportunity to use their testimony or other information in expert reports, had no ability to use their testimony in a substantive motion, and will be unable to serve its own supplemental disclosures identifying rebuttal witnesses.

Moreover, identifying more than 40 new witnesses and hundreds of pages of new documents is an unreasonable amount of new information to disclose so long after the close of discovery. Defendants will have to reconsider its entire case strategy, but even Defendants' ability to do so is substantially impaired by the fact that it cannot conduct further discovery.

Further, this case was filed on July 3, 2018, and has been pending for more than two years. *See generally* Dkt. 1 and 8- **Exhibit 13.** Discovery opened in June 2019, and the discovery cut-off was already extended *twice* at the stipulation of the parties with a final cut-off of April 2020. *See generally* Dkt. 102, 116 and 148- **Exhibit 2, 14.**

During discovery, at least twenty witnesses were deposed and COLA produced more than 2,500 pages of documents. Robust expert disclosures were

served by both sides and multiple expert depositions were taken.  The only thing left in this case is for pretrial motions, the pretrial conference, and trial.  A wholesale reopening of the case, which Plaintiff's untimely supplemental disclosures would require, will create an undue burden on the parties and the court and significant law and motion efforts to exclude via pretrial motions in limine.

Thus, the most judicially efficient, practical, fair, and lawful course is to strike Plaintiff's untimely supplemental disclosures. For the reasons set forth herein, Defendants respectfully request that the Court strike Plaintiff's 3rd through 12th supplemental disclosures and all of their contents as untimely and issue any other such remedies or orders as the Court deems appropriate.

## II.   MEET AND CONFER EFFORTS

This Motion is made following the meet and confer conference of counsel pursuant to Local Rule 7-3 which took place on October 27, 2020 and again on March 17, 2021. **Exhibit 15 and 16; Kizzie Decl. ¶** 19 Plaintiff will oppose this motion. **Kizzie Decl. ¶** 19

## III.   DISCUSSION

### A. PLAINTIFF'S THIRD THROUGH TWELFTH DISCLOSURES MUST BE STRICKEN AS UNTIMEY

Plaintiff's supplemental disclosures served after the expiration of every important deadline in this case are "presumptively untimely" and, thus, should be stricken. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-CV-0595-BAS-MDD, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016)("Amended disclosures served after the close of discovery are presumptively untimely."); *Ashman v. Solectron, Inc.*, No. CV 08-1430 JF, 2010 WL 3069314, at *4 (N.D. Cal. Aug. 4, 2010).

Further, a party must supplement its initial disclosures "*in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

-3-

made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Here, the discovery cut-off was **April 6, 2020**. *See generally* "Order Granting *Second Stipulation* to Modify the Court's Scheduling Order" Dkt. 116 -**Exhibit 2** The Initial Expert Disclosure due date was **April 27, 2020**. **Exhibit 2.**

However, more than six (6) *months later* and with no effort to reopen discovery, Plaintiff's "Third Supplemental Disclosures" was served on or about **September 13, 2020**. **Exhibit 3.**

Plaintiff's "Fourth Supplemental Disclosures" was served on or about **September 21, 2020**. **Exhibit 4A.**

Plaintiff's "SUPPLEMENT TO PLAINTIFF'S THIRD AND FOURTH SUPPLEMENTAL DISCLOSURES" was served on or about **September 27, 2020**. **Exhibit 4B.**

Plaintiff's "Fifth Supplemental Disclosures" was served on or about **October 1, 2020**. **Exhibit 5.**

Plaintiff's "Sixth Supplemental Disclosures" was served on or about **October 6, 2020**. **Exhibit 6.**

Plaintiff's "Seventh Supplemental Disclosures" was served on or about **October 16, 2020**. **Exhibit 7.**

Plaintiff's "Eighth Supplemental Disclosures" was served on or about **December 8, 2020**. **Exhibit 8.**

Plaintiff's "Eighth Supplemental Disclosures" was served on or about **December 8, 2020**. **Exhibit 8.**

Plaintiff's "Ninth Supplemental Disclosures" was served on or about **December 15, 2020**. **Exhibit 9.**

Plaintiff's "Tenth Supplemental Disclosures" was served on or about **December 28, 2020**. **Exhibit 10.**

Plaintiff's "Eleventh Supplemental Disclosures" was served on or about **January 18, 2021**. **Exhibit 11.**

Plaintiff's "Twelfth Supplemental Disclosures" was served on or about **April 6, 2021**. **Exhibit 12.**

All of the aforementioned sets of supplemental disclosures were served after the close of discovery. Therefore, they are presumptively untimely. Plaintiff cannot rebut the presumption of untimeliness because he was not diligent in the investigating the basis of his *Monell* claim against COLA.

**B. PLAINTIFF WAS NOT DILIGENT IN INVESTIGATING THE BASIS OF HIS *MONELL* CLAIM**

While a supplemental disclosure made after the close of discovery may be timely if that is when the information was available to the plaintiff, the plaintiff must have been diligent in seeking that information. *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). Plaintiff's wait and see approach to discovery is anything but diligence.

Since this case's inception on July 3, 2018, litigation has focused almost exclusively on the existence of an alleged deputy clique. Plaintiff served around 115 requests for production and interrogatories on COLA almost all of which requested information about the existence of the alleged deputy clique. Plaintiff took the deposition of five deputy sheriffs, asking questions about whether they have the subject tattoo and about their knowledge of the alleged clique. Plaintiff also took the depositions of COLA's Rule 30(b)(6) witnesses on four categories of information all of which relate to deputy cliques.

Despite the fact that Plaintiff asserts an excessive force claim, he never bothered to name Deputy Embleton, who used a taser, or Deputy Feria, who actualy used pepper spray, as defendants. A taser and pepper spray are more far significant uses of force than the mere three-to-five punches by Aldama. Lockett's omission in naming Embleton and Feria further shows that this case is about the *Monell* claim.

1. **MANY OF THE NEW WITNESSES IN LOCKETT'S SUPPLEMENTAL DISCLOSURES WERE OR SHOULD HAVE BEEN PREVIOUSLY KNOWN TO HIM**

Plaintiff was not diligent in investigating the basis of his *Monell* claim.  Early in discovery, COLA disclosed the names of many of the witnesses Plaintiff has now identified on his supplemental disclosures.  For example, Plaintiff should have known the identities of at least 13 of the 40 witnesses in his third supplemental disclosures and one of two witnesses in his fifth supplemental disclosures.

COLA disclosed the identities of these witnesses in COLA's disclosures and document production, which were produced to Lockett nearly a year before the discovery cut-off.  The following table shows 14 of witnesses that Lockett has identified in his supplemental disclosures and their location in documents previously produced by COLA.

| # | Deputy | Location |
|----|--------|----------|
| 41 | Deputy Avalos | Bates 491, 500 |
| 47 | Deputy O. Saldana | Bates 39 |
| 48 | Deputy D. Aviles | Bates 39 |
| 49 | Deputy D. Ruiz Aguilar | Bates 1, 39 |
| 50 | Deputy J. Krase | Bates 39 |
| 51 | Deputy R. Jimenez | Bates 39 |
| 52 | Deputy P. Beserra | Bates 40 |
| 53 | Deputy E. Contreras | Bates 40, Bates 740, 759 |
| 54 | Deputy O. Covarrubias | Bates 40 |
| 55 | Deputy C. Del Castillo | Bates 40 |
| 57 | Deputy J. Sandoval | Bates 40, 819; Exhibit A. |
| 58 | Deputy I. Vargas | Bates 40 |
| 64 | Deputy Bautista | Bates 513 |
| 77 | Deputy J. Guzman | Bates 39 |

Most of these witnesses appear in COLA's Rule 26(a) initial disclosures which were served on July 17, 2019. **Exhibit 17**. The initial disclosures contained a

roster of the deputy sheriffs for the "PM" shift,[2] the shift during which the subject incident occurred.  Aldama, Orrego, Embleton, Feria, and Benzor appear on the PM shift roster.  Twelve of the witnesses on Lockett's supplemental disclosures are on the PM shift roster, including six deputy sheriffs who were on duty during the incident and six deputy sheriffs who work the PM shift, but were off duty on the date of the incident.[3]

During discovery, Plaintiff failed to conduct any discovery into the witnesses previously disclosed to him. Plaintiff failed to conduct any discovery into any of the other deputy sheriffs on the PM shift roster despite the fact that it would have been logical to do so.  Plaintiff's *Monell* claim asserts that there is a clique of deputies at the Compton station and that Aldama, Orrego, and Benzor belong to this clique.  A reasonable exercise of diligence would have been deposing other deputies that work the same station and the same time as these deputies.

Yet Plaintiff made no effort to subpoena the depositions of any of the witnesses on the PM shift, except those who had some direct connection to the incident.  During the depositions of Deputies Aldama, Orrego, Embleton, Feria, and Benzor, Plaintiff made no effort to ask these five deputies about the other deputies on the PM shift roster to inquire about their known associations.  Plaintiff made no effort to subpoena personnel files, which could contain information about prior uses of force, to see whether support could be found for his allegations about a deputy clique.

Perhaps a more egregious lack of diligence is Lockett's failure to depose Deputy Jesus Sandoval, a deputy identified in Lockett's third supplemental disclosures.  Deputy Sandoval was Benzor's partner for a year, as Benzor testified

---

[2] Generally, there are three shifts for patrol deputy sheriffs.  The early morning "EM" shift is from 10:00 p.m. to 6:00 a.m.  The morning "AM" shift is from 6:00 a.m. to 2:00 p.m.  The afternoon "PM" shift is from 2:00 p.m. to 10:00 p.m.
[3] "RDO" refers to regular day off.

-7-

to at his March 2, 2020 deposition. A reasonable exercise of diligence by Lockett would have been to depose Deputy Sandoval.

There is no excuse for Lockett's failure to depose these witnesses.  It is true that not every witness on Lockett's supplemental disclosures was previously identified in documents produced by COLA.  However, Plaintiff cannot do no discovery into these witnesses, and then claim lack of knowledge.  A party has to exercise reasonable diligence to conduct discovery to find information.

## 2. PLAINTIFF CANNOT CLAIM THAT FURTHER DISCOVERY WOULD HAVE BEEN FUTILE BECAUSE THE HONORABLE JUDGE PATRICK J. WALSH NEVER REFUSED A DISCOVERY REQUEST BY LOCKETT

In every discovery dispute about the permissible scope of discovery into the existence and nature of a deputy clique, the Honorable Magistrate Judge Patrick J. Walsh ("Judge Walsh") allowed Plaintiff to conduct such discovery. In fact, Judge Walsh did not deny a single request[4] by Plaintiff for discovery into the existence of a deputy clique.  Judge Walsh gave Plaintiff free reign to ask deputy sheriffs about their tattoos and affiliations with the alleged clique.

For example, Judge Walsh denied COLA's motion for a protective order to preclude Lockett from inquiring into Deputy Benzor's body markings even though Deputy Benzor is not a defendant and did not use force against Lockett.  Had Plaintiff deposed any other deputy sheriff from the Compton station, Judge Walsh would likely have allowed Lockett to ask about deputy tattoos too.

## 3. THE HUNDREDS OF NEW PAGES OF DOCUMENTATION SHOULD BE STRICKEN

---

[4] Judge Walsh was relatively informal with the parties.  Instead of requiring compliance with Local Rule 37, the parties would contact his clerk to set a telephonic hearing during which Judge Walsh issued orders on discovery issues. As a result, no Rule 37-2 stipulation was filed.

-8-

Plaintiff has also identified numerous pages of undisclosed documents and witnesses, some with no or marginal relevance to the subject lawsuit, and which in any event must also be stricken. **Exhibit 3-12.**

## C. LOCKETT'S FAILURE TO TIMELY SUPPLEMENT HIS INITIAL DISCLOSURES IS NEITHER JUSTIFIED NOR HARMLESS

Once the Court determines that a supplemental disclosure is untimely, it must consider whether the untimeliness is justified or harmless.  There are four factors that a Court considers: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *Obesity Research Inst.*, 2016 WL 1394280, at \*2 (*citing Lanard Toys v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)).  At least three of these factors weigh in favor of a finding that Lockett's untimely supplementation is neither justified nor harmless.  The party facing sanctions has the burden of establishing that its untimely disclosure was justified or harmless.  *See id.* (*citing Reed v. Washington Area Metro. Transit Auth.*, No. 1:14CV65, 2014 WL 2967920, at \*2 (E.D. Va. July 1, 2014)).

## 1. COLA IS PREJUDICED BY LOCKETT'S UNTIMELY SUPPLEMENTATION

COLA is greatly prejudiced by Lockett's untimely supplementation.  First, the discovery cut-off has passed, and therefore COLA has no ability to depose the purported new witnesses Plaintiff identifies.

Federal Rules of Civil Procedure, Rule, 16(b)(4)provides that "[a] schedule may be modified only for good cause and with the judge's consent." In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) *Id.* at 608 (citing Fed.R.Civ.P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at

-9-

609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify cannot be granted. *Id.*

Here, Defendant COLA cannot provide "good cause" to re-open discovery because Defendant COLA argue *on Plaintiff's behalf* in light of *Plaintiff's* untimely disclosures why "good cause" may exist to amend the scheduling order for the third time. Further, Defendants contend the aforementioned procedural history of this case shows no such "good cause" exists.

Therefore, COLA has no meaningful opportunity to cross-examine these witnesses on their purported knowledge of the deputy clique prior to trial. Similarly, COLA cannot unilaterally re-open discovery to supplement its own initial disclosures to identify witnesses to rebut the anticipated testimony of Plaintiff's newly identified witnesses.

Second, COLA already filed its motion for summary judgment, and the substantive motion cut-off has already passed. COLA has no ability to use the information Lockett's new witnesses purportedly have, or information from witnesses COLA would have identified in its own supplemental disclosures, in a substantive motion.

Third, COLA has already served its expert reports and rebuttal expert reports, and deposed Lockett's experts. **Exhibit 18**. Plaintiff's initial expert disclosures designated 8 experts. **Exhibit 19**.

Defendants' initial expert disclosures designated two(2) experts and rebuttal disclosures designated 3 experts. **Exhibit 18**. Supplying COLA's experts with the newly supplemented documentation would result in a significant expenditure of costs and fees. COLA would need to pay its experts to review the new information and to supplement their reports. Fed. R. Civ. P. 26(e)(2). If Plaintiff's experts supplement their reports, COLA would need to re-depose these witnesses, which would result in additional court reporter costs and additional expert fees paid to Plaintiff's experts.

Fourth, COLA's counsel has already completed its investigation of the incident, as well as the allegations of a deputy clique. COLA relied on Plaintiff's initial disclosures and *timely* supplemental disclosures in developing its strategy and conducting its investigating. Had COLA known that Lockett would supplement his initial disclosures, COLA would have conducted an additional investigation. For example, COLA would have investigating the basis of Lockett's new witnesses' knowledge. COLA would also have designated supervisorial personnel to rebut the anticipated testimony of these new witnesses.

Moreover, COLA requested at the hearing on its motion for summary judgment for additional time to investigate the foundation for Lockett's new claims, the request was denied. Plaintiff was apparently satisfied with the state of discovery and made no effort to inform the Court that Plaintiff would supplement its initial disclosures. Had Plaintiff informed the Court that he was intending on supplementing his disclosures, it is likely that Judge Walsh would have granted COLA's request.

Fifth, COLA has already incurred a substantial amount of fees in defending and investigating this case. While any allegation that a police officer violated the constitutional rights of a citizen is serious, the extent of Lockett's injuries caused by Deputy Aldama is not. The parties agree that Deputy Aldama punched Lockett three to five times (the exact number of punches is disputed). Lockett's supplementation dramatically expands the scope of this case, and is simply not proportional to the needs of this case under FRCP 26.

If Plaintiff's supplemental disclosures are not stricken, Defendant may have to request that the Court reopen discovery, which will cause all of the aforementioned chaos and need for scheduling modifications, not including that COLA will likely depose dozens if not all of the witnesses identified on Lockett's supplemental disclosures. COLA will also need to investigate the foundation and relevance of the hundreds of pages of documentation. COLA anticipates that

-11-

discovery on this scale will require hundreds of hours of attorney time, as well as a significant amount of costs and judicial expenditure of time and resources to amend the scheduling order for a third time + address any further non-expert and expert discovery issues that arise due to the untimely disclosures.

In sum, COLA will suffer from an extraordinary amount of prejudice if Plaintiff's supplemental disclosures are not stricken.

## 2. COLA HAS NO REASONABLE ABILITY TO CURE THE PREJUDICE

Defendants have no reasonable ability to cure the prejudice caused by Plaintiff's untimely disclosures. All deadlines except pretrial deadlines have passed. Defendants has no ability to conduct discovery into the newly disclosed information, no ability to depose Plaintiff's new witnesses, no meaningful opportunity to investigate the newly disclosed information, and no ability to supplement its own disclosures. Similarly, Defendants have already filed its motion for summary judgment. Defendants' experience is that a federal judge typically allows only one summary judgment motion per party.

## 3. LIKELIHOOD OF DISRUPTION TO THE TRIAL

Plaintiff's untimely supplementation will likely disrupt the trial. This is a use of force case in which Plaintiff alleges that Aldama's three to five punches were unreasonable. At most, Plaintiff suffered from some bruising to his face. Plaintiff's untimely disclosures threaten to expand the scope of this case beyond all reasonable bounds.

## D. STRIKING PLAINTIFF'S UNTIMELY DISCLOSURES IS THE ONLY JUST REMEDY

Striking Plaintiff's Untimely Disclosures is the only just remedy. Federal Rule of Civil Procedure 37(c) states in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure. The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal citation omitted).

The party requesting seeking sanctions under Rule 37(c) bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvgani*, 320 F.R.D. at 241–242. If the movant satisfies its burden, the court must first, using its discretion, determine whether the failure to comply with the initial disclosure requirements was either substantially justified or harmless. *Id.* The party facing sanctions has the burden to show that substantial justification or harmlessness exists. *Id.*; Yeti by Molly Ltd., 259 F.3d at 1107.

The Ninth Circuit has identified five factors a district court should consider in determining whether to impose an exclusion sanction. These factors are: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

All five factors weigh in favor of an exclusion sanction.

First, Lockett's supplemental disclosures threaten to dramatically expand the scope of the case beyond all reasonable bounds. As previously discussed, this case has already been significantly litigated and the case has been pending for nearly two and a half years.

Second, this case has been pending for almost two and a half years.

Third, the risk of prejudice to COLA is extraordinarily high as discussed previously.

Fourth, the parties conducted extensive discovery into the merits of the *Monell* claim, including written discovery, fact witness depositions, Rule 30(b)(6)

depositions, and expert discovery.  Even with an exclusion sanction, the *Monell* claim will be litigated on its merits.  The public policy favoring disposition of cases on their merits is satisfied.

Fifth, there is no less drastic sanction.  As previously discussed, all important dates are already long expired.  Defendants cannot depose any of the new witnesses; expert reports have been served and expert depositions taken; Defendants already filed its motion for summary judgment; Defendants have already concluded its investigation of the case and formulated its trial strategy.   There is no less drastic sanction that can undo the prejudice caused by Plaintiff's lack of diligence.

In sum, the exclusion sanction is the only fair sanction warranted under the circumstances.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court strike Plaintiff's 3rd through 12th supplemental disclosures.


Date: April 19, 2021                          **IVIE McNEILL WYATT**
                                              **PURCELL & DIGGS, APLC**
                               **By:**   */s/ Antonio K. Kizzie*_____
                                              **RICKEY IVIE**
                                              **ANTONIO K. KIZZIE**
                                              Attorneys for Defendants
                                              **COUNTY OF LOS ANGELES and**
                                              **LOS ANGELES COUNTY**
                                              **SHERIFF'S DEPARTMENT**

-14-

## DECLARATION OF ANTONIO K. KIZZIE

I, **ANTONIO K. KIZZIE**, the undersigned, declare as follows:

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern, and Southern Districts of California, United States Court of Appeals for the Ninth Circuit, District of Columbia Court of Appeals, and the United States Supreme Court. I am a senior-associate with the law firm of Ivie McNeill Wyatt Purcell & Diggs, APLC attorneys of record for Defendants County of Los Angeles and Los Angeles Sheriff's Department in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.      This declaration is made in support of **DEFENDANT COUNTY OF LOS ANGELES' MOTION TO STRIKE PLAINTIFF'S THIRD THROUGH TWELFTH SUPPLEMENTAL**.

3.      On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence," with a true and correct copy attached hereto as **Exhibit 1**.

4.      The discovery cut-off was **April 6, 2020**. The Initial Expert Disclosure due date was **April 27, 2020**. A true and correct copy of the Court's Order Granting Second Stipulation to Modify the Court's Scheduling Order" Dkt. 116 is attached hereto as **Exhibit 2**.

5.      However, more than six (6) *months later* and with no effort to reopen discovery, Plaintiff's "Third Supplemental Disclosures" was served on or about **September 13, 2020**, a true and correct copy of which is attached hereto as **Exhibit 3.**

-15-

6.    Plaintiff's "Fourth Supplemental Disclosures" was served on or about **September 21, 2020**, a true and correct copy of which is attached hereto as **Exhibit 4A.**

7.    Plaintiff's "SUPPLEMENT TO PLAINTIFF'S THIRD AND FOURTH SUPPLEMENTAL DISCLOSURES" was served on or about **September 27, 2020**, a true and correct copy of which is attached hereto as **Exhibit 4B.**

8.    Plaintiff's "Fifth Supplemental Disclosures" was served on or about **October 1, 2020**, a true and correct copy of which is attached hereto as **Exhibit 5.**

9.    Plaintiff's "Sixth Supplemental Disclosures" was served on or about **October 6, 2020**, a true and correct copy of which is attached hereto as **Exhibit 6.**

10.    Plaintiff's "Seventh Supplemental Disclosures" was served on or about **October 16, 2020**, a true and correct copy of which is attached hereto as **Exhibit 7.**

11.    Plaintiff's "Eighth Supplemental Disclosures" was served on or about **December 8, 2020**, a true and correct copy of which is attached hereto as **Exhibit 8.**

12.    Plaintiff's "Eighth Supplemental Disclosures" was served on or about **December 8, 2020**, a true and correct copy of which is attached hereto as **Exhibit 8.**

13.    Plaintiff's "Ninth Supplemental Disclosures" was served on or about **December 15, 2020**, a true and correct copy of which is attached hereto as **Exhibit 9.**

14.    Plaintiff's "Tenth Supplemental Disclosures" was served on or about **December 28, 2020**, a true and correct copy of which is attached hereto as **Exhibit 10.**

15.    Plaintiff's "Eleventh Supplemental Disclosures" was served on or about **January 18, 2021**, a true and correct copy of which is attached hereto as **Exhibit 11.**

16.    Plaintiff's "Twelfth Supplemental Disclosures" was served on or about **April 6, 2021**, a true and correct copy of which is attached hereto as **Exhibit 12.**

17.     This case was filed on July 3, 2018, and has been pending for more than two years. *See generally* Dkt. 1 and 8, relevant excerpts of which are attached hereto as **Exhibit 13.**

18.     Discovery opened in June 2019, and the discovery cut-off was *already extended several times at the stipulation of the parties with a final cut-off of April 2020. See generally* Dkt. 115 and 148, relevant excerpts of which are attached hereto **Exhibit 14.**

19.     This Motion is made following the meet and confer conference of counsel pursuant to Local Rule 7-3 which took place on October 27, 2020 between Defendants' prior counsel, Mr. Jack Altura, and Plaintiff's counsel Steve Glickman, and again telephonically on March 17, 2021 between myself and Mr. Steve Glickman. A true and correct copy of correspondence served and dated October 26, 2020 is attached hereto as **Exhibit 15.** A true and correct copy of my correspondence confirming the same is attached hereto as **16.** Plaintiff will oppose this motion.

20.     Defendant County's Rule 26(a) initial disclosures were served on or about July 17, 2019, and are attached hereto as **Exhibit 17.**

21.     Defendants served Initial Expert Disclosures served its expert disclosures on or about June 10, 2020, with a true and correct copy of relevant excerpts attached hereto as **Exhibit 18**.

22.     Plaintiff's initial expert disclosures was served on or about June 10, 2020, with a true and correct copy of relevant excerpts attached hereto as **Exhibit 19**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of April 2021, at Los Angeles, California.

/s/ Antonio K. Kizzie
Antonio K. Kizzie, Declarant