**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**ANTONIO KIZZIE (S.B.N.: 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT**
**PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and**
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT,<br><br>    *Plaintiff*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>    *Defendants.* | CASE NO.: 2:18-cv-5838-DSF-JPR<br><br>**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO STRIKE PLAINTIFF'S EXPERT MICHAEL KRAUT AND FABRICATION OF EVIDENCE CLAIM EXPERT OPINIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTONIO K. KIZZIE, ESQ.**<br><br>[*Filed Concurrently with Proposed Order*]<br><br>**Hearing Date:** June 7, 2021<br>**Time:** 1:30 p.m.<br>**Courtroom:** 7D<br>First Street Courthouse, 350 West 1st Street, Courtroom, Los Angeles, California 90012 |

**TO THE COURT AND THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on a June 7, 2021 at 1:30 p.m., Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (collectively, "Defendant County") will move to strike Plaintiff SHELDON LOCKETT's ("Plaintiff") expert Michael Kraut and

-1-

similar "fabrication of evidence" claim related experts/opinions such as those opinions offered by Plaintiff's experts Dr. Michele Cooley-Strickland, Mr. Roger Clark, Mr. Bryan Burnett, Mitchell L. Einsen, Ph.D.

On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." *See generally* Dkt. 245("The motion to amend is denied because Plaintiff was not diligent in asserting the fabrication/suppression of evidence claim.") At this juncture, only Plaintiff's excessive force claim against Deputy Samuel Aldama ("Deputy Aldama") and *potentially* the *Monell* claim against Defendant County (pending the Court's ruling on Defendant County's Motion for Summary Judgment, Dkt. 253) remain. *See generally* Dkt. 208, 211, 253. There is also no claim for unlawful arrest in this action.

Defendants' motion to strike is made upon the grounds that notwithstanding the Court's aforementioned order and no such "deliberate or reckless fabrication and/or suppression of evidence" and, therefore, no unlawful arrest claims existing in this action, Plaintiff's experts, Michael Kraut, Dr. Michele Cooley-Strickland, Mr. Roger Clark, Mr. Bryan Burnett, Mitchell L. Einsen, Ph.D., plainly offer such opinions that evidence was allegedly fabricated and/or, thus, Plaintiff was unlawfully arrested and suffered damage due to his prosecution.

This Motion is made following a meet and confer conference of counsel pursuant to Local Rule 7-3 on March 17, 2021. Plaintiff will oppose this motion.

///
///
///
///
///
///
///
///

This Motion is based on the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Date: April 19, 2021

            **IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

         **By:** */s/ Antonio K. Kizzie*
            **RICKEY IVIE**
            **ANTONIO K. KIZZIE**
            Attorneys for Defendants
            **COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ……………………..1

I.    INTRODUCTION ……………………………………………………..1

II.   MEET AND CONFER EFFORTS ……………………………………….3

III.  LEGAL STANDARD FOR EXPERT TESTIMONY ……………………...3

IV.  DISCUSSION ………………………………………………………....7

    A.   PLAINTIFF'S ISSUES IN THIS MATTER ARE LIMITED TO ALLEGED EXCESSIVE FORCE AGAINST DEPUTY ALDAMA AND POTENTIALLY MONELL ……………………………...7

    B.   PLAINTIFF'S EXPERT MICHAEL KRAUT'S FABRICATION OF EVIDENCE OPINIONS MUST BE STRICKEN …………………...7

    C.   PLAINTIFF'S EXPERTS' FABRICATION OF EVIDENCE OPINIONS MUST BE STRICKEN ………………………………...9

        1.   DR. MICHELE COOLEY-STRICKLAND …………………..9

        2.   MR. ROGER CLARK …………………………………….10

        3.   MR. BRYAN BURNETT ………………………………….11

        4.   MITCHELL L. EINSEN, PH.D. ……………………………11

IV.  CONCLUSION ……………………………………………………….11

DECLARATION OF ANTONIO K. KIZZIE …………………………………13

# TABLE OF AUTHORITIES

**Cases**

*Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*
2013 WL 12122803, at *2 (CD. Cal. June 21, 2013) ................................................. 3

*Beech Aircraft Corp. v. United States*
51 F.3d 834, 842 (9th Cir.1995) ................................................................................ 4

*Christophersen v. Allied-Signal Corp.*
938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992) ...... 3

*Cooper v. Brown*, 510 F.3d 870, 942
(9th Cir. 2007) ............................................................................................................ 4

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579, 589-90 (1993) ............................................................................. 3, 4, 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
43 F.3d 1311, 1318 (9th Cir.1995) .................................................................... 3, 4, 5

*EEOC v. Morgan Stanley & Co.*,
324 F. Supp. 2d 451, 467-468 (S.D.N.Y. 2004) ....................................................... 6

*Elliott v. Versa CIC, L.P.*,
349 F. Supp. 3d 1004, 1006–07 (S.D. Cal. 2018) ..................................................... 5

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136, 148 (1997) .......................................................................................... 3

*In re: Rezulin Products Liability Litigation*,
309 F.Supp.2d 531, 545-46 (S.D. N.Y. 2004) ....................................................... 5, 6

*Koch v. Koch Indus., Inc.*
(10th Cir. 2000) 203 F3d 1202, 1216-1217 ............................................................. 2

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137, 147 (1999) .......................................................................................... 4

*Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594, 597 (9th Cir. 1996) ................................................................................5

*Mitchell v. Gencorp Inc.*,
165 F.3d 778, 781 (10th Cir. 1999) ..........................................................................5

*Nimely v. City of New York*,
414 F.3d 381, 398 (2d Cir. 2005) ..............................................................................6

*Rodriguez v. Doral Mortgage Corp.*
(1st Cir. 1995) 57 F3d 1168, 1172 ............................................................................2

*U.S. v. Pacific Gas and Electric Co.*,
2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016) ................................................5

*United States v. Aramal*,
488 F.2d 1148, 1153 (9th Cir. 1973) ........................................................................6

*United States v. Toledo*,
985 F.2d 1462, 1470 (10th Cir.1993) .......................................................................6

*United States v. Ward*,
169 F.2d 460, 462 (3d Cir. 1948) ..............................................................................6

*Wasco Products, Inc. v. Southwall Techs., Inc.*
(9th Cir. 2006) 435 F3d 989, 991 .............................................................................2

*Wilson v. Muckala*
(10th Cir. 2002) 303 F3d 1207, 1215 .......................................................................2

**<u>Rules</u>**

Fed. Rules Evid. 702 ........................................................................... 2, 3, 4, 6, 7, 9

Local Rule 7-3 ................................................................................................ 2, 3, 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case pertains to an alleged unreasonable use of force under 42 U.S.C. § 1983 that occurred on January 15, 2016 in the City of Compton involving Plaintiff Sheldon Lockett ("Plaintiff") and Los Angeles County Sheriff's Deputies Defendant Deputy Samuel Aldama ("Deputy Aldama") and Defendant Deputy Mizrain Orrego ("Deputy Oreggo").[1]

On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." *See generally* Dkt. 107 and 245- **Exhibit 1 ("**In the Court's view, this delay establishes a lack of diligence."**), Exhibit 2** ("The motion to amend is denied because Plaintiff was not diligent in asserting the fabrication/suppression of evidence claim.") Accordingly, only Plaintiff's *excessive force* claim against Deputy Samuel Aldama ("Deputy Aldama") and *potentially* the *Monell* claim against Defendant County (pending the Court''s ruling on Defendant County's Motion for Summary Judgment Dkt. 253) remain at issue.  *See generally* Dkt. 208, 211, 253. There is also no unlawful arrest claim. See Dkt. 41

On June 10, 2020, Plaintiff served Plaintiffs' Expert Disclosures. **Exhibit 3.** Despite the aforementioned procedural and substantive posture of this case, Plaintiffs expert, especially Michael Kraut, offer opinions that the evidence was fabrication and, thus, prosecution unlawful and damaging or otherwise only relevant to a "fabrication/suppression of evidence claim." **Exhibit 4.** Plaintiffs' experts, Dr. Michele Cooley-Strickland, Mr. Roger Clark, Mr. Bryan Burnett, and Mitchell L. Einsen, Ph.D., also slip in similar "fabrication/suppression of evidence" or unlawful arrest and damaging prosecution related opinions. **Exhibit 5, 6, 7, 8.**

---

[1] Deputy Orrego was dismissed on or about August 7, 2020. *See generally* Dkt. 180.

-1-

1. Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (collectively, "Defendant County") hereby move to strike Plaintiff's expert, Michael Kraut, and Plaintiff's experts' opinions that evidence was/may have fabricated and, thus, Plaintiff was unlawfully arrested and damaged due to prosecution.

Defendants' motion is made upon the grounds that the Court explicitly denied Plaintiff's request for leave to add such a claim, found Plaintiff's actions re: the same to establish a "lack of diligence," and the matters for summary judgment and trial are limited only to the issues *raised in the pleadings*. *Wasco Products, Inc. v. Southwall Techs., Inc*. (9th Cir. 2006) 435 F3d 989, 991; *Rodriguez v. Doral Mortgage Corp.* (1st Cir. 1995) 57 F3d 1168, 1172; *Koch v. Koch Indus., Inc.* (10th Cir. 2000) 203 F3d 1202, 1216-1217; *Wilson v. Muckala* (10th Cir. 2002) 303 F3d 1207, 1215.

Further, Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

Accordingly, Plaintiff's experts should not be permitted to offer opinions beyond the claims at issue in this case. Allowing such would be unfairly and unduly prejudicial to Defendants, while being confusing and misleading to a jury and would not "help" the trier of fact in this case.

Thus, the most judicially efficient, practical, fair, and lawful course is to strike Plaintiff's expert, Michael Kraut, and Plaintiff's experts' opinions that evidence was/may have fabricated and, thus, Plaintiff was unlawfully arrested and damaged due to prosecution. For the reasons set forth herein, Defendants respectfully request that the Court issue the requested order.

## II. MEET AND CONFER EFFORTS

This Motion is made following the meet and confer conference of counsel a regarding the fabrication of evidence opinions/issues herein pursuant to Local Rule 7-3 which took place on March 17, 2021. **Exhibit 9; Kizzie Decl. ¶ 11** The original meet and confer pertained mostly to Mr. Kraut, but subsequent analysis of Plaintiff's herein mentioned expert opinions, show they offer the same improper opinions and, thus, are brought under this same motion for practicality, efficiency, and conservation of the Court's judicial time and resources. **Kizzie Decl. ¶ 11** Plaintiff will oppose this motion.  **Kizzie Decl. ¶ 11**

## III. LEGAL STANDARD FOR EXPERT TESTIMONY

Due to the "special kind prejudice" improper expert testimony may cause, the admissibility requirements of expert testimony are stringent, the party presenting the expert bears the burden of proving the admissibility of the expert's opinions, and the Court has a duty to screen expert testimony "to ensure that the expert testimony both *rests on reliable foundation* and is relevant." *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*, 2013 WL 12122803, at *2 (CD. Cal. June 21, 2013)(*Emphasis added*); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993)("*Daubert I*"); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharma., Inc.*, 43 F.3d 1311, 1315 (1995) ( "*Daubert II*"); *Christophersen v. Allied-Signal Corp.*, 938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992) ("expert testimony creates the risk of a special kind of prejudice"); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 148 (1997) ("neither the difficulty of the task nor any comparative lack of expertise can excuse the judge from exercising the 'gatekeeper' duties that the Federal Rules impose."); *see also* Fed. Rules Evid. 702.

Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill,

experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

Under *Daubert I* and *Kumho Tire*, reliable expert testimony is grounded in the methods and procedures of scientific, technical, or specialized knowledge in the expert's discipline, and is not merely subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 589-90; *Kuhmo Tire*, 526 U.S. at 157-58. An expert's self-serving assertion that his conclusions were derived by the proper, reliable method are not conclusive. *Daubert II*, at 1315-16. ("[T]he expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings [have a sound basis], and this will require some objective, independent validation of the expert's methodology."); *Daubert*, 509 U.S. at 590.

Relevant expert testimony "*must be 'tied to the facts' of the case*" and "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Daubert*, 509 U.S. at 591; *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (*Emphasis added* and citing *Daubert II*, 43 F.3d at 1315.) If expert testimony is offered to explain an issue or fact that average jurors can understand on their own, it may be deemed non-helpful, and inadmissible on that basis. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir.1995)

*Daubert* established that the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue. *Daubert* 509 U.S. at 592. This requires "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592–93.

When the Supreme Court remanded *Daubert* to the Ninth Circuit, the Ninth Circuit added that, where the proffered testimony is not based on independent research, in order to be admissible as "scientific knowledge," it must be supported by "objective, verifiable evidence that the testimony is based on 'scientifically valid principles." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir.1995); *see also Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (excluding causation testimony because the exposure information relied upon by the expert "was 'so sadly lacking as to be mere guesswork' ")

"One very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert II*, 43 F.3d at 1317; e.g*., Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 597 (9th Cir. 1996) Expert testimony that "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge ... is inadmissible." *U.S. v. Pacific Gas and Electric Co.*, 2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016) Such is more "properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig.*, 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004).

Further, expert testimony that merely repackages and presents counsel's interpretation of the facts of the case with the added gravitas of the expert has been routinely found to be unhelpful to the jury, and is regularly excluded on that basis. *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1004, 1006–07 (S.D. Cal. 2018)("Where an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading."); *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d at 551 (S.D.N.Y. 2004) (holding that experts should not be permitted to "supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence.");

*EEOC v. Morgan Stanley & Co.*, 324 F. Supp. 2d 451, 467-468 (S.D.N.Y. 2004) (excluding expert testimony that "would be more appropriate when presented by defense counsel themselves, rather than by an expert.").

It is well-established that expert testimony that weighs factual evidence and/or assigns credibility to certain sources of evidence over others does not assist the trier of fact. See, e.g., *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir.1993) (holding that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony."); *United States v. Ward*, 169 F.2d 460, 462 (3d Cir. 1948) ("[T]he 'expert' may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility," or offer improper legal opinions); *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (internal quotation omitted) ("Such testimony does not assist the trier of fact, but rather undertakes to tell the jury what result to reach and attempts to substitute the expert's judgment for the jury's."); *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005)("Expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702.")

Finally, inferences about the intent or motive of parties or others lie outside the bounds of expert testimony, and are inadmissible. *In re: Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 545-46 (S.D. N.Y. 2004). Plaintiffs' experts are no better equipped than the jurors to draw inferences or conclusions about credibility, states of mind, or intent, and their biased interpretations are particularly troublesome because an expert's testimony has an "aura of special reliability and trustworthiness." *United States v. Aramal*, 488 F.2d 1148, 1153 (9th Cir. 1973)

## IV. DISCUSSION

### A. PLAINTIFF'S ISSUES IN THIS MATTER ARE LIMITED TO ALLEGED EXCESSIVE FORCE AGAINST DEPUTY ALDAMA AND POTENTIALLY MONELL

Again, on October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." *See generally* Dkt. 107 and 245- **Exhibit 1** ("In the Court's view, this delay establishes a lack of diligence."**), Exhibit 2** ("The motion to amend is denied because Plaintiff was not diligent in asserting the fabrication/suppression of evidence claim.") At this juncture, only Plaintiff's *excessive force* claim against Deputy Samuel Aldama ("Deputy Aldama") and *potentially* the *Monell* claim against Defendant County (pending the Court''s ruling on Defendant County's Motion for Summary Judgment Dkt. 253) remain. *See generally* Dkt. 208, 211, 253.

Further, there is also no unlawful arrest claim, which is important to note as such "fabrication of evidence" claims and unlawful arrest/damaging unlawful prosecution claims are inherently and logically intertwined. *See* Dkt. 41 Accordingly, any expert opinions regarding "deliberate or reckless fabrication and/or suppression of evidence" and, thus, unlawful arrest or damage due to unlawful prosecution are inherently irrelevant, inappropriate, and not helpful to the jury because those issues will not be before the jury. FRE 702.

### B. PLAINTIFF'S EXPERT MICHAEL KRAUT'S FABRICATION OF EVIDENCE OPINIONS MUST BE STRICKEN

Here, a plain reading of Plaintiff's expert, Michael Krauts' report shows his opinions are clearly "deliberate or reckless fabrication and/or suppression of evidence" opinions, which are irrelevant because they have no place in this action and must be stricken. **Exhibit 4.**

Relevant excerpts of Mr. Kraut's report are below:

- o "Thank you for retaining me to analyze and render opinions regarding the January 15, 2016 arrest of Sheldon Lockett by Los Angeles County Sheriff's Department ("LASD") Deputy Mizrain Orrego and Deputy Samuel Aldama, specifically in light of how the Los Angeles County District Attorney's Office evaluates and files cases based on the incident reports submitted to them and what is represented as true and acurrate by law enforcement at the time a case is submitted." **Exhibit 4**, pg. 1, ¶ 1
- o "It should be noted that the individual reports prepared by Deputy Orrego and Deputy Aldama appear to be remarkably similar to each other an in some places use the exact same language." **Exhibit 4**, pg. 3, ¶ 1
- o "It is interesting to note that the deputies did not use a 'six pack' or other means for Ms. Ross of (sic) any other witness to identify the shooter." **Exhibit 4**, pg. 3, ¶ 8
- o "It should be noted that there is no indication that Mr. Lockett's GSR test resulted showed anything of significance to corroborate the allegation that Mr. Lockett ever handled a gun."[2] **Exhibit 4**, pg. 5, ¶ 1
- o "In this case, it appears the deputies involved withheld critical evidence, specifically the suggestive language used by Deputy Benzor when speaking with the witness, the apparent failure to admonish the witnesses and the distance and lack of clear view of the suspect that the witness was afforded during the identification process." **Exhibit 4**, pg. 8, ¶ 5
- o "It also appears that Deputy Orrego and Deputy Aladama presented false evidence to the prosecutor, specifically that Mr. Lockett was seen with a firearm." **Exhibit 4**, pg. 8, ¶ 5
- o "Biases by reporting parties, or documenting parties, may account for a non-objective presentation of evidence. In some cases, those biases may be so substantial that the entire case could be tainted or in the worst of cases, fabricated." **Exhibit 4**, pg. 8, ¶ 7
- o "It is my expert opinion that any prosecutorial determination would have been tainted by the false information included in the deputy's reports as well as critical information that was omitted from these reports." **Exhibit 4**, pg. 9, ¶ 1

---

[2] Such is also a blatantly improper opinion that improperly invades the province of the jury by telling them how to "weigh" the evidence and credibility of the evidence.

Here, Mr. Kraut offers no other relevant opinions to any actually pending legal issue. Thus, Mr. Kraut's purported "opinions" are not relevant, not admissible, and will not "help the trier of fact to understand the evidence or to determine a fact in issue," and must be stricken. **FRE 702.**

### C. **PLAINTIFF'S EXPERTS' FABRICATION OF EVIDENCE OPINIONS MUST BE STRICKEN**

The Court is reminded that there is no fabrication of evidence or unlawful arrest claim here. Accordingly, probable cause existed for Plaintiff's arrest and, thus, prosecution, whether or not the prosecutor ultimately dismissed the charges.

Here, Plaintiff's other experts subtly offer such similar unhelpful opinions that Defendants fabricated evidence and/or that Plaintiff was damaged due to prosecution *stemming from fabricated evidence,* all of which must be stricken as irrelevant, improper, and not helpful to the jury:

1. **DR. MICHELE COOLEY-STRICKLAND**

    o "The results of Mr. Lockett's psychiatric diagnoses and the nature and extent of his emotional and behavioral health are related to his experiences having been physically beaten by Los Angeles Sheriff's Deputies on January 15, 2016, taken to a hospital emergency room, subsequently imprisoned in the Los Angeles County jail for eight to nine months, and involved in the judicial system with the possibility of two life sentences -- despite being innocent of the attempted murder crimes for which he was accused." **- Exhibit 5**; EXPERT REPORT OF DR. MICHELE COOLEY-STRICKLAND – PAGE 5; ¶ 13/Ln. 18-26

    o "Mr. Lockett has major impairment in multiple areas because of the trauma from having been chased, beaten, jailed, and involved in the judicial system for eight to nine months with the possibility of two life sentences for crimes that he did not commit. **- Exhibit 5**; EXPERT REPORT OF DR. MICHELE COOLEY-STRICKLAND – PAGE 5; ¶ 15/Ln. 13-17

    o "Mr. Lockett reported having been involved with law enforcement, the legal system, and jail prior January 15, 2016 (see Legal History, page 8).

However, he distinguishes the current "incident" from prior legal involvement because in those earlier cases, he had committed unlawful acts and thereby could make sense of the resultant punishment. Mr. Lockett repeatedly emphasized that the events associated with the January 15, 2016 "incident" were extremely difficult to process because he was innocent. Mr. Lockett described that his experience with the legal process as an innocent man trying to be released from prison was also traumatic." - **Exhibit 5**

- o "It is likely that his adverse experiences with the judicial system, court proceedings, and incarceration resulted in continuous traumas for "eight to nine months" while facing up to two life sentences -- all while knowing he was innocent, but even his own attorneys did not believe him. Mr. Lockett's fears and distrust now include lawyers, judges, and those affiliated with them." **- Exhibit 5**

## 2. MR. ROGER CLARK

- o "4. Taking Mr. Lockett's allegations as true, and as supported by the record thus far, Deputies Orrego and Aldama submitted false police reports, in violation of SBSD policy, POST training, and the Law (as taught by POST).- **Exhibit 6/pg. 14 of 24**

- o "This case presents another in a long line of case demonstrating the Sheriff's Department and County of Los Angeles' customs, policies, practices, and/or procedures which were directed, encouraged, allowed, and/or ratified by policy making officers/deputies. Many of these are listed in the compaint in this case and the evidence in this case shows the policies exist: h. By allowing, tolerating, and/or encouraging police officers who:
  • Fail to file complete and accurate police reports;
  • File false police reports;
  • Make false statements;
  • Arrange unduly suggestive field show ups to lead witnesses to give false information and/or to bolster
  officers' stories; and/or
  • Obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information" - **Exhibit 6/pg. 16 of 24**

3. **MR. BRYAN BURNETT**

    o "In light of the discussion above, it is my opinion that there is no credible evidence that Lockett fired a gun at around 1505 (the time of the alleged shooting) or that he handled a gun at any time on the date of the subject incident."- **Exhibit 7**

4. **MITCHELL L. EINSEN, PH.D.**

    o "In the current case, although the officer claims to have admonished the witness before the showup, the witness notes that she did not take note of that instruction, and has no memory for being admonished. Even if a proper admonition had been read, the power of telling the witness prior to the admonition that they had "caught the guy" would likely have wiped out any potential protestive effect of this instruction." - **Exhibit 8**

    o "The U.S. Supreme Court has even acknowledged the suggestiveness of this procedure (Stovall v. Denno, 1967) and specifically noted that "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned" (Stovall v. Denno US 388, US 293, 1967). The court ruled that despite the inherent suggestiveness of the one-to-one confrontation between the suspect and the witness, showups may be allowed under certain exigent circumstances, such as time pressures…Thus, there were no time pressures or exigent circumstances of any kind that necessitated the use of the highly suggestive showup procedure, rather than taking the time to compose a fair and non-suggestive photographic lineup." **Exhibit 8**[3]

Permitting the aforementioned opinions to be offered before the jury is not helpful to the trier of fact, and will only confuse and mislead the jury as to the issues.

V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court strike Mr. Kraut entirely and Plaintiff's expert opinions pertaining to alleged fabrication of evidence leading to alleged unlawful arrest and unlawful, damaging

---

[3] This is also a clearly inappropriate pseudo-legal opinion and attempt to interpret the law, which is solely the province of the Court and jury.

prosecution stemming therefrom.

Date: April 19, 2021

**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:  /s/ *Antonio K. Kizzie*
**RICKEY IVIE
ANTONIO K. KIZZIE**
Attorneys for Defendants
**COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# DECLARATION OF ANTONIO K. KIZZIE

I, **ANTONIO K. KIZZIE**, the undersigned, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern, and Southern Districts of California, United States Court of Appeals for the Ninth Circuit, District of Columbia Court of Appeals, and the United States Supreme Court. I am a senior-associate with the law firm of Ivie McNeill Wyatt Purcell & Diggs, APLC attorneys of record for Defendants County of Los Angeles and Los Angeles Sheriff's Department in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. This declaration is made in support of **DEFENDANT COUNTY OF LOS ANGELES' MOTION TO STRIKE PLAINTIFF'S EXPERT MICHAEL KRAUT AND FABRICATION OF EVIDENCE CLAIM EXPERTS; MEMORANDUM OF POINTS AND AUTHORITIES**.

3. On October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence," with a true and correct copy of Dkt. 245 attached hereto as **Exhibit 1**. A true and correct copy of Dkt. 107 is attached hereto as **Exhibit 2**.

4. On June 10, 2020, Plaintiff served Plaintiffs' Expert Disclosures, a true and correct copy of which is attached hereto as **Exhibit 3**.

5. Plaintiffs expert, especially Michael Kraut, offer opinions that the evidence was fabrication and, thus, prosecution unlawful and damaging or otherwise only relevant to a "fabrication/suppression of evidence claim." A true and correct copy of Mr. Kraut's report is attached hereto as **Exhibit 4.**

6. A true and correct copy Plaintiffs' expert, Dr. Michele Cooley-Strickland's declaration and report is attached hereto as **Exhibit 5**.

7.	A true and correct copy Plaintiffs' expert, Mr. Roger Clark's, report is attached hereto as **Exhibit 6**.

8.	A true and correct copy Plaintiffs' expert, Mr. Bryan Burnett's, report is attached hereto as **Exhibit 7**.

9.	A true and correct copy Plaintiffs' expert, Mitchell L. Einsen, Ph.D., report is attached hereto as **Exhibit 8**.

10.	This Motion is made following the meet and confer conference of counsel a regarding the fabrication of evidence opinions/issues herein pursuant to Local Rule 7-3 which took place on March 17, 2021. The original meet and confer pertained mostly to Mr. Kraut, but subsequent analysis of Plaintiff's herein mentioned expert opinions, show they suffer from the same improprieties and, thus, are brought under this same motion for practicality, efficiency, and conservation of the Court's judicial time and resources. Plaintiff will oppose this motion. A true and correct copy of my correspondence confirming the same is attached hereto as **Exhibit 9.** Plaintiff will oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of April 2021, at Los Angeles, California.

/s/ Antonio K. Kizzie
Antonio K. Kizzie, Declarant