John E. Sweeney, Esq. (State Bar No. 116285)
**THE SWEENEY FIRM**
315 S. Beverly Drive, Suite 200
Beverly Hills, CA 90212
Tel. No.: (310) 277-9595 / Fax No.: (310) 277-0177
E-Mail: jes@thesweeneyfirm.com

Steven C. Glickman, Esq. (State Bar No. 105436)
**GLICKMAN & GLICKMAN,
A LAW CORPORATION**
9460 Wilshire Boulevard, Suite 330
Beverly Hills, CA 90212
Tel. No.: (310) 273-4040 / Fax No.: (310) 273-0829
E-Mail: scg@glickman-law.com

Attorneys for Plaintiff SHELDON LOCKETT

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF JIM McDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br>　　　　　　Defendants. | Case No.:  2:18-cv-5838- DSF-JPR<br><br>**DECLARATION OF STEVEN C. GLICKMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF LOS ANGELES' MOTION TO STRIKE PLAINTIFF'S THIRD THROUGH TWELFTH SUPPLEMENTAL DISCLOSURES**<br><br>**Hon. Dale S. Fischer**<br><br>**Date: June 7, 2021<br>Time: 1:30 p.m.<br>Courtroom: 7D** |

## DECLARATION OF STEVEN C. GLICKMAN

I, Steven C. Glickman, declare as follows:

1. I am an attorney admitted to the United States District Court for the Central District of California, and duly licensed to practice law in California. I am a principal at Glickman & Glickman, ALC, co-counsel of record for Plaintiff Sheldon Lockett ("**Plaintiff**").

2. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief, and as to those, I am informed and believe them to be true. If called as a witness, I could and would testify to the contents of this declaration. I make this declaration in support of Plaintiff's Opposition to Defendant County of Los Angeles' ("**County**") Motion to Strike Plaintiff's Third Through Twelfth Supplemental Disclosures ("**Motion**").

3. From the start of this litigation, Plaintiff has argued that he was wrongfully stopped, charged at gunpoint, chased, beaten, tased, and falsely arrested by LASD Deputies Samuel Aldama and Mizrain Orrego, among others, because the deputies were members of a Compton station deputy gang that committed acts of violence against African-Americans while on duty as public safety officers. Based upon the deposition testimony of Deputy Aldama in a separate California state court case, *Taylor v. County of Los Angeles*, Los Angeles Superior Court Case No. TC028803, Plaintiff knew that Aldama and Orrego shared the same distinctive tattoo as the other deputies affiliated with the gang and knew the approximate number of deputies at the station who had the tattoo, but did not know the name of the gang, the identities of its members, or the specific history of the gang at the Compton station.

4. Over the open discovery period in the *Lockett* case, Plaintiff conducted extensive discovery into these areas of inquiry, but the defendants stonewalled, objected to, and refused to cooperate with Plaintiff's discovery into the tattooed deputy gang or, when forced to cooperate through Judge Walsh's discovery orders, wholesale denied the existence of the gang at the station and denied that any of its

deputies were members of such a gang. The following are examples of this stonewalling:

5. Plaintiff noticed and on May 27, 2020 took the deposition of Captain William Jaeger, designated by the County as a Rule 30(b)(6) witness as to investigations into clique gangs at the Compton station, among other things. Attached hereto as **Exhibit "1"** is a true and correct copy of relevant portions of the deposition transcript of Captain Jaeger. When asked if there was a deputy sheriff gang in Compton, Captain Jaeger testified, "I don't know that to be the case." [Jaeger Depo., 35:9-20; 39:23-41:4, 53:6-54:1].

6. Plaintiff took the deposition of defendant Aldama on December 19, 2019. Attached hereto as **Exhibit "2"** is a true and correct copy of relevant portions of the deposition transcript of defendant Aldama, Volume I. Aldama testified that he did not know the names of any persons with the same tattoo other than Deputy Orrego [Aldama Depo.,Vol. I, 52:13-23]. He testified that the gang that has the tattoo does not have a name [Aldama Depo., Vol. I, 62:10-14]. He testified he has never heard of the "Executioners" [Aldama Depo., Vol. I, 62:16-23]. Finally, he testified that there was no way of identifying those with the same tattoo [Aldama Depo., Vol. I, 63:10-17].

7. Plaintiff took the deposition of then-defendant Orrego on May 8, 2020. Attached hereto as **Exhibit "3"** is a true and correct copy of relevant portions of the deposition transcript of Deputy Orrego, Volume I. Orrego testified that there was a group of deputies with the same tattoo, but the group did not have a name [Orrego Depo., Vol. I, 49:20-50:8]. He did not recall seeing the tattoo on any other deputy other than Aldama [Orrego Depo., Vol. I, 52:1-3]. As for the name "Executioners," he testified he only heard that used at Aldama's deposition [Orrego Depo., Vol. I, 50:6-19].

8. Plaintiff took the deposition of deputy Benzor on March 2, 2020. Attached hereto as **Exhibit "4"** is a true and correct copy of relevant portions of the

DECLARATION OF STEVEN C. GLICKMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO COLA'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES

deposition transcript of Deputy Benzor. Benzor testified he never heard of the term Executioners in reference to the gang of deputies at Compton. [Benzor Depo., 58:11-59:5]. He testified that he has never seen anyone with the same tattoo [Benzor Depo., 64:2-4].

9. The case took a turn in late summer 2020, after the discovery cut-off had passed. Witness Austreberto "Art" Gonzalez was the first deputy to publicly confirm the existence of a gang of Sheriff's deputies called the "Executioners" that shared the same tattoo as Deputies Aldama and Orrego. The first session of the deposition of Deputy Gonzalez was taken on August 11, 2020. Attached hereto as **Exhibit "5"** is a true and correct copy of relevant portions of Volume I of the deposition transcript of Deputy Gonzalez. Gonzalez specifically named the deputies at the Compton station that belonged to the Executioners, either as "inked" members who already had the Executioners tattoo or prospects "chasing ink," e.g., deputies who are "encouraged to do shootings or violent acts in order to get inked" [Gonzalez Depo., Vol I., 39:23-40:10]. Prior to the revelations of Deputy Gonzalez, and up through the entire period of open discovery, the County had claimed that it inquired into the Plaintiff's allegations regarding a deputy gang at the LASD Compton Station and that the gang did not exist. Deputy Gonzalez was quickly followed by several other whistleblower deputies from the Compton Station who corroborated his account.

10. Attached hereto as **Exhibit "6"** is a true and correct copy of Docket No. 208, this Court's order denying defendant Aldama's Motion for Summary Judgment.

11. Attached hereto as **Exhibit "7"** is a true and correct copy of Docket No. 211, this Court's order denying defendant County's Motion for Summary Judgment.

12. Law enforcement investigators, academics, ombudsmen and civilian oversight committees and at the local and state level took a renewed interest in the excessive force incidents of Compton Station deputies. The case garnered worldwide attention in the news media and journalists undertook their own investigations into

1 the "Executioners" deputy gang. As all of this evidence came to light, Plaintiff
2 served supplemental disclosures, naming other individuals as their identities became
3 known through the aforementioned investigations and news reports throughout the
4 second half of 2020 and beginning of 2021.

5     13. Attached hereto as **Exhibit "8"** is a true and correct copy of
6 photographs of the "Executioners" tattoos of Deputies Aldama, Orrego, and Benzor.

7     14. Attached hereto as **Exhibit "9"** is a true and correct copy of Docket No.
8 164, the County's opposition to Plaintiff's *ex parte* application to reopen discovery
9 to take the deposition of Deputy Gonzalez.

10     15. I attended the hearing on the *ex parte* application. The Court considered
11 the County's argument that Plaintiff 'already knew' the names of all the deputies
12 and should be precluded from conducting additional discovery on that basis, and
13 rejected it. Attached hereto as **Exhibit "10"** is a true and correct copy of Docket No.
14 168, this Court's order allowing additional discovery so Plaintiff could take the
15 deposition of Deputy Gonzalez.

16     16. As a small sample of the news media and other scrutiny of the County
17 and Los Angeles Sheriff's Department after Gonzalez's whistleblowing testimony,
18 attached hereto as **Exhibit "11"** are true and correct copies of various articles from
19 the Los Angeles Times; the Knock LA blog; ABC 7 Eyewitness News, Los Angeles;
20 and the Daily Mail, United Kingdom.

21     17. Attached hereto as **Exhibit "12"** is a true and correct copy of a
22 complaint filed by a second whistleblower deputy from Compton station confirming
23 the existence of the Executioners gang after Deputy Gonzalez came forward.

24     18. As to all other factual assertions and summary of the events in this case
25 set forth in the opposition, they are true and correct based on my personal
26 knowledge.

27     / / /
28     / / /

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 17th day of May 2021, at Sherman Oaks, California.

By    /Steven C. Glickman
      Steven C. Glickman

DECLARATION OF STEVEN C. GLICKMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO COLA'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES