# EXHIBIT 12

Electronically FILED by Superior Court of California, County of Los Angeles on 02/26/2021 09:33 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:18-cv-05838-DSF-JPR   Document 274-13   Filed 05/17/21   Page 2 of 21   Page ID
#:5906

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Alan Romero (SBN 249000)
Edward S. Wells (SBN 321696)
ROMERO LAW, APC
80 S. Lake Avenue, Suite 880
Pasadena, CA 91101-2672
Telephone: (626) 396-9900
Facsimile:  (626) 396-9990
Email: firm@romerolaw.com

Attorneys for Plaintiff
JAVIER GABRIEL GUZMAN, JR.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JAVIER GABRIEL GUZMAN, JR., an individual;<br><br>                Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, a political subdivision of the State of California; and DOES 1-99, inclusive;<br><br>                Defendants. | Case No.:  21STCV07629<br><br>**UNLIMITED COMPLAINT FOR DAMAGES**<br><br>(1) LAB. CODE § 1102.5 RETALIATION<br>(2) BANE ACT<br>(3) PUBLIC ENTITY LIABILITY FOR FAILURE TO PERFORM MANDATORY DUTY<br><br>**[JURY FEE DEPOSIT POSTED CONCURRENTLY]** |

**COMES NOW THE Plaintiff** JAVIER GABRIEL GUZMAN, JR. ("Plaintiff"), who heretofore alleges the following facts in support of their Unlimited Complaint for Damages and hereby respectfully demands *a speedy jury trial* on all causes of action stated herein as against COUNTY OF

**1**

**UNLIMITED COMPLAINT FOR DAMAGES**

1 | LOS ANGELES ("COLA"), who along with DOES 1-99, inclusive, is referred to herein as the
2 | "Defendants".

### CASE SYNOPSIS

4 | 1.      Plaintiff has been employed as a Los Angeles County Deputy Sheriff since <u>September 2007</u>.

6 | 2.      Plaintiff was retaliated against for protesting illegal arrest quotas at Compton Station, and suffered permanent injury to his career as a result of the resulting retaliation.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Jurisdiction and Venue

10 | 3.      This Court has jurisdiction of the subject matter of Plaintiff's claims. Jurisdiction is proper in this Court because the damages and claims alleged and demanded herein by Plaintiff exceeds <u>$25,000</u>, and Plaintiff herein does make a demand and prayer for damages, in excess, of the jurisdictional limit of this Court.

14 | 4.      This Court has personal jurisdiction over Defendant COLA in that it was, at all relevant periods of time covered by this complaint, a political subdivision of the State of California maintaining hundreds of places of business in the County of Los Angeles.

17 | 5.      Venue in this Court is proper in that, upon information and belief, Defendants reside in the County of Los Angeles.

19 | 6.      All the harm suffered by Plaintiff took place within this judicial district.

### The Plaintiff

21 | 7.      Plaintiff is, and was, at all relevant periods of time covered by this complaint, a resident of the City of Upland, County of San Bernardino.

23 | 8.      Plaintiff was an employee of Defendants, jointly and severally.

### The Defendants

25 | 9.      Defendant COLA is a public entity who maintains a place of business, where it employed Plaintiff at: 275 N. Willowbrook Avenue, Compton, CA 90220.

**2**

**UNLIMITED COMPLAINT FOR DAMAGES**

**Relationships Between Defendants**

10.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, were at all times mentioned herein the agents, servants, and employees of each other, or otherwise were acting with the full knowledge and consent of each other.  Plaintiff is further informed and believes, and upon such basis and belief alleges, that in doing all the things alleged in this complaint, Defendants, and each of them, were acting within the scope and authority of their agency, servitude, or employment, and were acting with the express and/or implied knowledge, permission, and consent of one another. Plaintiff is further informed and believes, and upon such basis and belief alleges, that Defendants learned of, ratified, and/or approved the wrongful conduct of its agents and/or employees identified in this Complaint as having engaged in wrongful conduct.

11.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were business entities or individuals who owned, controlled, or managed the business which has damaged Plaintiff, and are each therefore jointly, severally, and individually liable to Plaintiff.

12.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were in some fashion, by contract or otherwise, the successor, assignor, indemnitor, guarantor, or third-party beneficiary of one or more of the remaining Defendants, and at all relevant times to Plaintiff's claims alleged herein, were acting within that capacity. Plaintiff further alleges that Defendants, and each of them, assumed the liabilities of the other Defendants, by virtue of the fact that each to some degree, wrongfully received and/or wrongfully benefited from the flow of assets from the other Defendants, to the detriment of Plaintiff. Plaintiff further alleges that by wrongfully receiving and/or benefiting from Defendants' assets, and in the consummation of such transactions, a *de facto* merger of the Defendants, and each of them, resulted, such that Defendants, and each of them, may be treated as one for purposes of this Complaint.

13.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, were the partners, agents, servants, employees, joint venturors, or co-conspirators of each other defendant, and that each defendant was acting within the

**3**

**UNLIMITED COMPLAINT FOR DAMAGES**

1  course, scope, and authority of such partnership, agency, employment, joint venture, or conspiracy, and

2  that each defendant, directly or indirectly, authorized, ratified, and approved the acts of the remaining

3  Defendants, and each of them.

### Common Factual Allegations

5  14.    Plaintiff has been employed by the County of Los Angeles ("COLA") and the Los

6  Angeles County Sheriff's Department ("LASD") as a Deputy Sheriff since September 2007.  Plaintiff

7  was subject to harassment, discrimination, and retaliation by the Executioners gang at Compton Sheriff's

8  Station ("CPT"), and thus was no longer able to work at CPT station, and involuntarily transferred in

9  approximate February 2020 to the Body Worn Camera Unit.

10  15.    CPT was under scrutiny by Division command, in that Marina Del Rey station (ostensibly

11  with lower rates of crime) had a higher number of arrests per Deputy. Plaintiff was one of 6-7 Deputies

12  who was unlawfully targeted for low arrest stats, although arrest quotas are illegal under California law

13  pursuant to Veh. Code § 41602.  Plaintiff was retaliated against for refusing to violate California law

14  with respect to illegal arrest quotas, which posed a danger to the public.  The illegal arrest quotas put

15  Deputies and the public in greater danger of death or injury in that the additional number of arrests

16  would have necessarily and unavoidably led to increased violent conflicts between Deputies and

17  suspects, which would have otherwise been avoided but for the illegal arrest quotas.

18  16.    The illegal, retaliatory traffic car punishment was meted out by Training Sergeant Sgt.

19  Andy Leos and Scheduling and Training Deputy Jaime Juarez.  Juarez is the confirmed leader of the

20  illegal Executioners gang at CPT, and Sgt. Leos was a gang sympathizer and facilitator.  When Plaintiff

21  confronted Sgt. Leos about the punitive assignment to the traffic car, Sgt. Leos immediately presented

22  Plaintiff with his arrest statistics, telling Plaintiff, "here are your stats."

23  17.    Plaintiff protested the illegal arrest quota, and the unlawful punishment. Sgt. Leos denied

24  that the arrest quota was illegal, in that a specific number of arrests was not made known to the targeted

25  Deputies.  Plaintiff disputes this and alleges that there was a secret arrest quota number agreed to

26  between the Executioners gang, its gang affiliates, and LASD employees in command positions

27  supervising CPT, including but not limited to: Commander Michael Thatcher.  Commander Thatcher is

28

**4**

**UNLIMITED COMPLAINT FOR DAMAGES**

believed to have enabled and encouraged the Executioners gang at CPT, to the severe detriment to Station Deputies and the public in the areas serviced by the Station.  All the Deputies subjected to unlawful discipline for low arrest stats also became targets of retaliation by the Executioners gang, including Plaintiff.  This retaliation was most effectuated by Deputy Juarez, who would abuse his position as Scheduling and Training Deputy to punish Deputies who refused to comply with the illegal arrest order.  Plaintiff would work overtime, and Deputy Juarez would punish him by making him serve as a front-counter Deputy at CPT Station, a severely undesirable position, even though there had never been a Deputy at the front counter of the Station during Plaintiff's tenure at CPT.  Further, but perhaps more importantly, non-members of the gang were regularly dispatched to undesirable calls, as the gang also controlled dispatch operations at CPT.

18.     Plaintiff retained electronic documentation (stored text messages) evidencing Sgt. Leos' knowledge, and implementation, of the illegal arrest quota order.

19.     Plaintiff was pressured to give citations and effectuate arrests in situations where CPT protocol and precedent dictated that the Deputy could exercise discretion and provide warnings for minor, nonviolent offenses.  Finally, after raising his arrest stats to comport with the illegal quota order, Plaintiff was relieved of his assignment to the traffic car after 2-3 months.

20.     Finally, as a result of incessant abuse and intimidation by the Executioners and their enablers at the Station, Plaintiff was forced to initiate an involuntary transfer to the Body-Worn Cameras unit, in order to escape the retaliation of the Executioners gang.

21.     Punishment for not comporting with illegal orders relating to arrest quotas included, but was not limited to, punitive demotion/transfer to the assigned traffic collision patrol vehicle (the "traffic car").  CPT policy is to assign new patrol Deputies to the traffic car, with Plaintiff having spent 11-12 months in the traffic car after completing his patrol training at CPT.  Plaintiff is informant and believes, and thereupon alleges that he was retaliated against by the gang by being forced to work 12-18 hour shifts for 15 days straight, with no time off, during the Malibu fires.  When Plaintiff protested to Sgt. Leos about the abusive and punitive scheduling, Sgt. Leos threatened Plaintiff with a charge of insubordination prior to ultimately relenting.  Plaintiff and other non-Executioners were given non-

**5**

**UNLIMITED COMPLAINT FOR DAMAGES**

1  preferential training opportunities, while Executioners received preferred training opportunities such as
2  narcotics and gang intelligence training.

3       22.    Plaintiff's career advancement prospects have been severely damaged. Plaintiff was an
4  outstanding Deputy at CPT, and desired to have continued his career trajectory at CPT in order to test
5  for OSS, narcotics, Detectives Bureau, or K-9. Plaintiff was waiting for coveted testing, but was forced
6  to transfer, thus causing permanent harm to his career advancement prospects with LASD. Most
7  troubling, Plaintiff will not be allowed to take the Sergeant's exam, in that the only was able to complete
8  approximately 3 ½ years of patrol duty prior to his involuntary transfer, falling short of the 5 years of
9  line Deputy experience required to sit for the Sergeant's exam.

10       23.    At this time, Plaintiff learned that a Deputy had placed an anonymous call to the
11  Deputies' union, ALADS, complaining about the illegal arrest quotas and command ratification of same.
12  Plaintiff later learned that at a PM shift briefing, Lt. Garrido castigated the Deputies for engaging in
13  whistleblowing activities and ordered them to, "just do [their] fucking jobs."

14       24.    At all times relevant to the instant Claim, the accused COLA employees were working
15  within the course and scope of their employment as agents of the COLA, with a *respondent superior*
16  relationship existing as between the employee-agent and the employer-principals. All bad acts alleged
17  to have been undertaken by the bad actors against Plaintiff were carried out under color of authority,
18  that authority having been vested in them by COLA. Had these bad actors not been employee-agents of
19  COLA, the harms herein alleged would not have transpired, and Plaintiff would not have been injured.

20       25.    LASD was fully aware of the violent and retaliatory propensities of the Executioners
21  gang and took zero steps to protect LASD employees from violent attack or retaliation, creating and
22  constituting an unsafe workplace in violation of California law. LASD permitted and encouraged the
23  Executioners to perpetrate a regime of violence upon LASD employees and citizens of the areas
24  patrolled by CPT Station. The facilitation of the Executioners by LASD permitted the gang to grow to
25  the point where its members could engage in violence with impunity, as the gang was aware that LASD
26  was unable and/or unwilling to protect individuals situated similarly to Plaintiff from violence by the

27
28

**6**

**UNLIMITED COMPLAINT FOR DAMAGES**

1  gang.  Further, this violent reputation extended to total control of patrol services at CPT Station, resulting

2  in Plaintiff's involuntary transfer.

3  **No Claims Arising from Privileged Conduct**

4  26.    In the avoidance of doubt, Plaintiff does not herein allege any claim for damages as

5  against Defendants for any privileged action, such as the conducting of an investigation by a public

6  entity.  Plaintiff, however, reserves the right to claim all damages arising out of *consequences or actions*

7  resulting from, or occasioned by, such a privileged investigation by a public entity.

8  27.    Plaintiff expressly excludes from this Complaint any privileged act by any Defendant to

9  this action that would otherwise result in a Special Motion to Strike pursuant to Code Civ. Proc. §

10  425.16.

11  **Applicable Provisions of the County Charter and Civil Service Rules**

12  28.    Los Angeles Civil Service Rule 25 states that: *"No person in the classified service or*

13  *seeking admission thereto shall be appointed, reduced or removed, or in any way favored or*

14  *discriminated against in employment or opportunity for employment because of race, color, religion,*

15  *sex, physical handicap, medical condition, marital status, age, national origin or citizenship, ancestry,*

16  *political opinions or affiliations, organizational membership or affiliation, or other non-merit factors,*

17  *any of which are not substantially related to successful performance of the duties of the position. "Non-*

18  *merit factors" are those factors that relate exclusively to a personal or social characteristic or trait and*

19  *are not substantially related to successful performance of the duties of the position. Any person who*

20  *appeals alleging discrimination based on a non-merit factor must name the specific non-merit factor(s)*

21  *on which discrimination is alleged to be based. No hearing shall be granted, nor evidence heard relative*

22  *to discrimination based on unspecified non-merit factors. "*

23  29.    Section 30 of the Los Angeles County Charter states the following: *"The purpose of this*

24  *article is to establish a Civil Service System for the classified service which shall provide County*

25  *government with a productive, efficient, stable, and representative work force by: (1) Recruiting,*

26  *selecting, and advancing employees on the basis of their relative ability, knowledge, and skills relevant*

27  *to the work to be performed.  (2) Retaining employees on the basis of the adequacy of their performance,*

28

**7**

**UNLIMITED COMPLAINT FOR DAMAGES**

1  *correcting inadequate performance, and separating employees whose inadequate performance cannot*

2  *be corrected."*

3      30.    Further, the exercise of undue command influence in interfering with discipline

4  investigations into members of the Executioners and their associates violated the following COLA rules

5  and regulations: (1) Los Angeles County Policy of Equity, Policies, Procedures and Guidelines § 910

6  on cooperation with administrative investigations; (2) Los Angeles County Board of Supervisors Policy

7  Manual 9.020 on employee accountability; (3) Los Angeles County Board of Supervisors Policy Manual

8  9.010 on Equal Employment Opportunity and Non-Discrimination; (4) Los Angeles County Civil

9  Service Rule 25 on merit system employment; (5) Los Angeles County Code 5.08 on equal employment

10  opportunity; (6) Los Angeles County Code 5.10 on the policy of diversity; (7) Los Angeles County

11  Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/005.00 – Accountability; (8)

12  Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/010.40 –

13  Authority of Rank; (9) Los Angeles County Sheriff's Department Manual of Policies and Procedures

14  Rule No. 3-01/010.50 – Manner of Exercising Authority; (10) Los Angeles County Sheriff's Department

15  Manual of Policies and Procedures Rule No. 3-01/010.62 – Managers and Supervisors Orders; (11) Los

16  Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.05 – Extent

17  of Supervision; (12) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule

18  No. 3-01/020.30 – Responsibility for Subordinate Supervisors; (13) Los Angeles County Sheriff's

19  Department Manual of Policies and Procedures Rule No. 3-01/020.35 – Organizational Control; (14)

20  Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.55 –

21  Manner of Giving Orders and Instructions; (15) Los Angeles County Sheriff's Department Manual of

22  Policies and Procedures Rule No. 3-01/020.60 – Responsibility for Subordinates; (16) Los Angeles

23  County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.61 – Welfare of

24  Subordinates; (17) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule

25  No. 3-01/020.62 – Relationship with Subordinates; (18) Los Angeles County Sheriff's Department

26  Manual of Policies and Procedures Rule No. 3-01/020.63 Evaluation of Subordinates' Work; (19) Los

27  Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.70 –

28

**8**

**UNLIMITED COMPLAINT FOR DAMAGES**

Responsibility for Conduct of Subordinates; (20) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.80 – Conformance with Department Manual of Policy and Procedures; (21) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.07 – Immoral Conduct; (22) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.05 – General Behavior; (23) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.10 – Obedience to Laws, Regulations, and Orders; (24) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.13 – Relationships and Mentoring; (25) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.23 – Workplace Violence; (26) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.26 – Violation of Workplace Violence Policy; (27) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.27 – Retaliation; (28) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.28 – Reporting of Workplace Violence and/or Retaliation; (29) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.29 – Supervisor Responsibilities; (30) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.34 – During the Investigation; (31) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.37 – Unnecessary/Inappropriate Interference in an Investigation; (32) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.75 – Bribes, Rewards, Loans, Gifts, Favors; (33) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.85 – Derogatory Language; (34) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.65 – Tampering with Evidence; (35) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.69 – Honesty Policy; (36) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.70 – Dishonesty/False Statements; (37) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.75 – Dishonest/Failure to Make Statements and/or Making False Statements During Departmental Internal Investigations; (38) Los Angeles County Sheriff's Department

**9**

**UNLIMITED COMPLAINT FOR DAMAGES**

Manual of Policies and Procedures Rule No. 3-01/040.76 – Obstructing an Investigation/Influencing a Witness; (39) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.90 – Reporting Information; (40) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.05 – Performance of Duty; (41) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.10 – Performance to Standards; and (42) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.15 – Duties of Deputy Personnel.

31.     The facilitation, promotion of, and enabling of the illegal Executioners gang by LASD also violated Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.83 – Employee Groups which Violate Rights of Other Employees or Members of Public.

**Exhaustion of Administrative Remedies**

32.     Plaintiff presented a Tort Claim to COLA on <u>August 18, 2020</u>. COLA notified Plaintiff that his Tort Claim had been rejected on <u>September 18, 2020</u> by means of letter dated <u>September 22, 2020</u>.  This action is being commenced within six months of this date in accordance with Gov. Code § 945.6.  A true and correct copy of this Notice of Rejection is heretofore attached as **"EXHIBIT 1"**.

**Continuing Violations Doctrine**

33.     Plaintiff is informed and believes, and thereupon alleges, that the allegations in the foregoing paragraphs were part and parcel of continuing violations by the tortfeasors identified herein, and are therefore not time-barred pursuant to the continuing violations doctrine.

34.     Plaintiff is informed and believes, and thereupon alleges that these events relate to unlawful acts by Defendant and its employee-agents, and that there existed a unity of decision-making between Plaintiff's supervisors and Executioners gang shot caller Jaime Juarez which had the actual effect of violating the rights of Plaintiff and other similarly situated employees of Defendant.  Plaintiff is further informed and believes, and thereupon alleges that each and every one of the adverse employment actions alleged herein were imposed by, dictated by, or ratified by a unified group of decision makers with a common interest in furthering the interests of the Executioners gang at the expense of Deputies who were not members of the gang.  This discrete, identifiable, and unified

**UNLIMITED COMPLAINT FOR DAMAGES**

1  decision-making structure included, but was not limited to: Chief Eliezer Vera, Commander Michael
2  Thatcher, Captain La Tonya Clark, Sgt. Andy Leos, and Deputy Jaime Juarez. This decision-making
3  group may also have included Undersheriff Timothy Murakami and Sheriff Alex Villanueva. Former
4  Acting Captain of Compton Station, Lt. Larry Waldie, was also retaliated against by the same decision-
5  making apparatus involving the same set of facts and transactions and was denied the opportunity to
6  promote to the permanent Captain of Compton Station due to his opposition to the racketeering activities
7  of the Executioners gang.

**FIRST CAUSE OF ACTION**

**UNLAWFUL RETALIATION**

**Lab. Code § 1102.5**

**(Against All Defendants)**

12  35.    Plaintiff realleges, and incorporates herein by their reference, each and every allegation
13  contained in the foregoing Paragraphs, inclusive, as though fully set forth herein.  Further, all allegations
14  set forth in this cause of action are pled upon information and belief, unless otherwise stated.

15  36.    Lab. Code § 1102.5(b) provides, in pertinent part, "[a]n employer, or any person acting
16  on behalf of the employer, shall not retaliate against an employee for disclosing information, or because
17  the employer believes that the employee disclosed or may disclose information, to a government or law
18  enforcement agency, to a person with authority over the employee or another employee who has the
19  authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has
20  reasonable cause to believe that the information discloses a violation of state or federal statute, or a
21  violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether
22  disclosing the information is part of the employee's job duties."  This statute reflects the broad public
23  policy interest in encouraging workplace whistleblowers to report unlawful acts without fearing
24  retaliation.

25  37.    Defendants were employers for purposes of California law.

26  38.    Plaintiff was an employee of Defendants, performing work on behalf of Defendants.

27
28

**11**

**UNLIMITED COMPLAINT FOR DAMAGES**

39.     Defendants subjected Plaintiff to the following adverse employment actions: (1) demoted; (2) denied any employment benefit or privilege; (3) denied hire or promotion; (4) denied or forced to transfer; (5) denied work opportunities or assignments; (6) reprimanded; or (7) terminated.

40.     Defendants subjected Plaintiff to the foregoing adverse employment actions in retaliation for engaging in protected activities, including, but not limited to protesting or reporting violations of: (1) Los Angeles County Police of Equity, Policies, Procedures and Guidelines § 910 on cooperation with administrative investigations; (2) Los Angeles County Board of Supervisors Policy Manual 9.020 on employee accountability; (3) Los Angeles County Board of Supervisors Policy Manual 9.010 on Equal Employment Opportunity and Non-Discrimination; (4) Los Angeles County Civil Service Rule 25 on merit system employment; (5) Los Angeles County Code 5.08 on equal employment opportunity; (6) Los Angeles County Code 5.10 on the policy of diversity; (7) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/005.00 – Accountability; (8) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/010.40 – Authority of Rank; (9) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/010.50 – Manner of Exercising Authority; (10) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/010.62 – Managers and Supervisors Orders; (11) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.05 – Extent of Supervision; (12) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.30 – Responsibility for Subordinate Supervisors; (13) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.35 – Organizational Control; (14) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.55 – Manner of Giving Orders and Instructions; (15) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.60 – Responsibility for Subordinates; (16) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.61 – Welfare of Subordinates; (17) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.62 – Relationship with Subordinates; (18) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.63 Evaluation of Subordinates' Work; (19) Los

**UNLIMITED COMPLAINT FOR DAMAGES**

Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.70 – Responsibility for Conduct of Subordinates; (20) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/020.80 – Conformance with Department Manual of Policy and Procedures; (21) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.07 – Immoral Conduct; (22) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.05 – General Behavior; (23) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.10 – Obedience to Laws, Regulations, and Orders; (24) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.13 – Relationships and Mentoring; (25) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.23 – Workplace Violence; (26) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.26 – Violation of Workplace Violence Policy; (27) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.27 – Retaliation; (28) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.28 – Reporting of Workplace Violence and/or Retaliation; (29) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.29 – Supervisor Responsibilities; (30) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.34 – During the Investigation; (31) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.37 – Unnecessary/Inappropriate Interference in an Investigation; (32) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.75 – Bribes, Rewards, Loans, Gifts, Favors; (33) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/030.85 – Derogatory Language; (34) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.65 – Tampering with Evidence; (35) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.69 – Honesty Policy; (36) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.70 – Dishonesty/False Statements; (37) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.75 – Dishonest/Failure to Make Statements and/or Making False

**UNLIMITED COMPLAINT FOR DAMAGES**

Statements During Departmental Internal Investigations; (38) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.76 – Obstructing an Investigation/Influencing a Witness; (39) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/040.90 – Reporting Information; (40) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.05 – Performance of Duty; (41) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.10 – Performance to Standards; (42) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.15 – Duties of Deputy Personnel; (43) Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.83 – Employee Groups which Violate Rights of Other Employees or Members of Public; (44) Bane Act; (54) Ralph Act; (55) Lab. Code 3602; or (56) Veh. Code § 41602 (outlawing arrest quotas).

## SECOND CAUSE OF ACTION

### BANE ACT

### Civ. Code § 52.1

### (Against All Defendants)

41.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein.  Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

42.     COLA is liable for the acts and omissions of its employees pursuant to Gov. Code § 815.2.

43.     Agent-employees of Defendant communicated a threat to murder co-workers Deputies Austreberto Gonzalez and Thomas Banuelos, evidenced by leaving a mutilated rat at the home of Banuelos and having identified Gonzalez as a "rat," communicating that Plaintiff would suffer the same fate as the rat: being killed.  Plaintiff took this threat seriously and is in fear of his safety and the safety of his family.

44.     Defendants or their agents made threats of violence to co-workers of  Plaintiff who were fellow whistleblowers to the same illegal activity, causing Plaintiff to reasonably believe that if he

**UNLIMITED COMPLAINT FOR DAMAGES**

exercised his right to engage in protected whistleblowing activities or protest the aforementioned violations of applicable laws or regulations, Defendants or their agents would commit violence against Plaintiff or his property, and that Defendants or their agents had the apparent ability to carry out the threats.

45.     Plaintiff was harmed.

46.     Defendants or their agents' conduct was a substantial factor in causing Plaintiff's harm.

47.     All allegations made pursuant to this cause of action were continuing violations that transpired over a period of time to include the applicable period covered by the timely government claim made by Plaintiff as against Defendants.

## THIRD CAUSE OF ACTION

## PUBLIC ENTITY LIABILITY FOR FAILURE TO PERFORM MANDATORY DUTY

### (Against All Defendants)

48.     Plaintiff realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing Paragraphs, inclusive, as though fully set forth herein.  Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

49.     Defendants violated the law by permitting a violent Deputy gang to control the day-to-day affairs of Compton Station in violation of California law and Los Angeles County Sheriff's Department Manual of Policies and Procedures Rule No. 3-01/050.83 – Employee Groups which Violate Rights of Other Employees or Members of Public.

50.     Plaintiff was harmed.

51.     Defendants' failure to perform their duties were a substantial factor in causing Plaintiff's harm.

//

**15**

**UNLIMITED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as against Defendants as follows, for:

1) Compensatory damages in an amount according to proof at time of trial.

2) Attorney's fees and costs pursuant to all applicable statutes or legal principles, including, but not limited to Lab. Code § 1102.5, and/or Civ. Code §§ 52.1 & 1021.5.

3) Costs of suit incurred.

4) Prejudgment interest on all amounts claimed as permitted by law.

5) Such other and further relief as the Court may deem proper.

**ROMERO LAW, APC**

**Dated:  February 26, 2021**                          _____/s/_____

**Alan Romero (SBN 249000)**
**Edward S. Wells (SBN 321696)**
**Attorneys for Plaintiff**
**JAVIER GABRIEL GUZMAN, JR.**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby makes demand for Jury Trial, and has concurrently posted the jury fee deposit.

**ROMERO LAW, APC**

**Dated:  February 26, 2021**                          _____/s/_____

**Alan Romero (SBN 249000)**
**Edward S. Wells (SBN 321696)**
**Attorneys for Plaintiff**
**JAVIER GABRIEL GUZMAN, JR.**

**16**

**UNLIMITED COMPLAINT FOR DAMAGES**

**EXHIBIT 1**



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

MARY C. WICKHAM
County Counsel

September 22, 2020

Alan Romero, Esq.
Romero Law, APC
80 S. Lake Avenue, Suite 880
Pasadena, California 91101

|  | **Re:** | **Claim Presented:** | **August 13, 2020** |
|---|---|---|---|
|  |  | **File Number:** | **20-1162158*001** |
|  |  | **Your Client:** | **Javier Gabriel Guzman, Jr.** |

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **August 13, 2020**, as it pertains to activities occurring **since February 13, 2020**, was rejected by operation of law on **September 18, 2020**. No further action will be taken on that portion of the claim.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

This letter is also to remind you that the claim that you presented to the County of Los Angeles, Board of Supervisors on **August 13, 2020**, as it pertained to activities occurring **before August 13, 2019**, and as it pertained to activities occurring **from August 13, 2019 to February 12, 2020**, was not timely presented and was previously returned. Please reference the dates and deadlines per our previous correspondence to you dated **August 28, 2020**, and enclosed for your reference.

HOA.103004690.1

Alan Romero, Esq.
September 22, 2020
Page 2


     You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

          Very truly yours,

          MARY C. WICKHAM
          County Counsel

By

          JESSICA C. RIVAS
          Deputy County Counsel
          Litigation Monitoring Team

JCR:ce

Enclosure

## PROOF OF SERVICE

### File No. 20-1162158*001

STATE OF CALIFORNIA, County of Los Angeles:

Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

That on **September 23 2020**, I served the attached

### NOTICE OF TRIAD DENIAL LETTER

upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

> Alan Romero, Esq.
> Romero Law, APC
> 80 S. Lake Avenue, Suite 880
> Pasadena, California 91101

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 23 , 2020**, at Los Angeles, California.

_____
Carolyn Edwards
**(NAME OF DECLARANT)**

_____
**(SIGNATURE OF DECLARANT)**