SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
ANDREW C. PONGRACZ (SBN 258554)
apongracz@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869
Fax: (213) 481-2871

Attorneys for Defendant Samuel Aldama

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS<br><br>*Plaintiffs,*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | CASE NO.: 2:18-cv-5838-DSF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #1 OF 5 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE *TAYLOR* CASE**<br><br>[Proposed order filed concurrently]<br><br>**Final Pretrial Conference**<br>Hearing Date: November 15, 2021<br>Time: 3:00 p.m.<br>Courtroom: 7A<br><br>**Jury Trial:**<br>Date: December 14, 2021<br>Time: 8:30 a.m. |

**TO UNITED STATES DISTRICT JUDGE DALE S. FISCHER, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 15, 2021 at 3:00 p.m., or as soon thereafter as counsel may be heard, Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Los Angeles County Sheriff's Department Deputy Samuel Aldama, will, and hereby do, move the Court for the following order *in limine* that the following evidence be excluded from trial in this case:

Questioning, evidence or testimony regarding the case of *Taylor v County of Los Angeles* et al. (LASC Case No. TC028803), including but not limited to the existence of the case, the resolution thereof, the terms of the settlement, the amount paid to Plaintiffs, Deputy Aldama's status as a defendant, deposition testimony and discovery responses by the parties, the facts and circumstances of the underlying incident, or any other matters touching on the litigation.

The grounds for this motion are the *Federal Rules of Evidence* 403, 404(b), 407, 801 and 803(8), as well as the legal authorities cited herein.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Andrew C. Pongracz and the Exhibits attached thereto and submitted herewith, upon all documents on file in this case, and upon such oral and documentary evidence which may be received and considered by this Court when ruling on this Motion.

**CONFERENCE OF COUNSEL**

On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. All counsel participated and the undersigned counsel for Defendant Samuel Aldama certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders.

Respectfully Submitted,

Dated: October 26, 2021   SEKI, NISHIMURA & WATASE, LLP

By: /s/ Andrew C. Pongracz
ANDREW C. PONGRACZ
GILBERT M. NISHIMURA
Attorneys for Defendant,
SAMUEL ALDAMA

# MEMORANDUM OF LAW

## I. INTRODUCTION

This is a civil rights case brought by Plaintiff Sheldon Lockett alleging excessive force by Los Angeles County Sheriff's Deputy Samuel Aldama amounting to a violation of Plaintiff's 4th/14th Amendment rights and a *Monell* claim against the County of Los Angeles ("County" or "COLA") and Los Angeles County Sheriff's Department ("LASD"). *See* Dkt. 1; Dkt. 41 (Second Amended Complaint ("SAC")) 7:23-8:26.[1]

### a. The Lockett Incident

On January 15, 2016, Deputy Samuel Aldama and Deputy Mizrain Orrego were on duty, working as a patrol unit out of Compton Sheriff's Station when they responded to a radio call regarding a drive-by shooting that had just occurred. *See generally* Dkt. 56, p.2 (Court order denying Defendants' Motion to Dismiss SAC, summarizing case); Dkt. 180, pp.2-3 (Order granting motion to dismiss Deputy Orrego as defendant); Dkt. 208, pp.2:1-4:2 (Order denying Deputy Aldama's motion for summary judgment/summary adjudication). In the course of their response to the attempted murder call, Sheriff's deputies Aldama and Orrego observed Plaintiff Sheldon Lockett as he stood in front of a friend's house with two other individuals (his friend and his friend's sister. *Id.*

Aldama and Orrego drove up to the three individuals, one of whom was Sheldon Lockett. *Id.* The parties' description of this interaction varies dramatically, but it is undisputed that upon seeing the deputies, Mr. Lockett ran away. *Id.* A short pursuit followed. *Id.* Eventually, Mr. Lockett trapped himself in a fenced back yard. *Id.* Deputy Aldama and others admit to using force against Mr. Lockett: the dispute is whether they used reasonable force to overcome Lockett's resistance

---

[1] The operative complaint is Plaintiff's Second Amended Complaint for Damages, Dkt. 41, filed November 16, 2018.

- 3 -
DEFENDANTS' MOTION IN LIMINE NO. 1 of 5 RE: *TAYLOR* CASE

as Defendants claim, or whether the force was unprovoked and unreasonable as Plaintiff contends.

Deputy Aldama admits to punching Lockett and using the force described in his written reports that he wrote immediately upon the conclusion of the event. *See* Dkt. 172-2, pp. 8-9, facts 21-22 (admitting same).

Once Mr. Lockett was detained, the victim was brought to the location and positively identified Lockett as the shooter. *See* Dkt. 138-6 (Incident Report by LASD deputies Ruiz and Martinez detailing arrest of Plaintiff and basis for same, including identification of Plaintiff by eyewitness). Mr. Lockett was arrested and charged with attempted murder. *Id.* Mr. Lockett spent some seven months in jail until his criminal case was dismissed. Dkt. 208, p.3:21-27.

### b. This Litigation

On July 3, 2018, Mr. Lockett filed this lawsuit, asserting excessive force and Search and Seizure claims against Deputy Aldama. Dkt. 1. Mr. Lockett alleges that on January 15, 2016, Deputy Samuel Aldama, *inter alia*, used excessive force against Plaintiff Sheldon Lockett when detaining him after a foot pursuit. *Id.* Lockett also alleges that Aldama's use of force was motivated by racial animus.[2] The operative Second Amended Complaint ("SAC") asserts a claim for excessive force against Deputy Aldama and a *Monell* claim against the County of Los Angeles and Los Angeles County Sheriff's Department.

//
//

---

[2] Excessive force claims under Section 1983 do not contain a scienter requirement. *See* Ninth Circuit Model Civil Instruction 9.3, 9.25. The intent of the deputy is irrelevant in evaluating the objective reasonableness of a deputy's use of force. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997) ("Section 1983 itself 'contains no state-of-mind requirement independent of that necessary to state a violation' of the underlying federal right... In any § 1983 suit, however, the plaintiff must establish the state of mind required to prove the underlying violation." (*quoting Daniels v. Williams*, 474 U.S. 327, 330(1986)))

## II. FACTS RELEVANT TO THIS MOTION

On August 25, 2016, six months <u>after Mr. Lockett's arrest,</u> Deputy Aldama and his partner Deputy Orrego were involved in a shooting that killed Danta Taylor. *See* Declaration of Andrew C. Pongracz, **Exhibit A.** A lawsuit regarding the incident was filed April 26, 2017. Counsel for Plaintiffs in *Taylor* are the same as Mr. Lockett in this case. A Notice of Conditional Settlement was filed November 8, 2018 and a Minor's Compromise filed December 18, 2018. Id. **Exhibits B, C**. There was never a finding on the merits of the claim, and admission of liability, or any other determination regarding the merits of Plaintiff's claims therein.

## III. SCOPE OF REQUESTED ORDER

Questioning, evidence or testimony regarding the case of *Taylor v County of Los Angeles* et al. (LASC Case No. TC028803), including but not limited to the existence of the case, the resolution thereof, the terms of the settlement, the amount paid to Plaintiffs, Deputy Aldama's status as a defendant, deposition testimony and discovery responses by the parties, the facts and circumstances of the underlying incident, or any other matters touching on the litigation.

## IV. ARGUMENT

### a. Motions *in Limine* Generally

Motions *in limine* are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States*, 529 U.S. 753, 758 (2000); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce v. United States*, 469 U.S. 38, 41 (1984). As the Ninth Circuit succinctly explains, motions *in limine* "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir.2003) (citations omitted).

1  Like all motions, the parties are required to meet and confer prior to filing a motion
2  in limine in order to discuss potential resolutions to the perceived issue without
3  requiring the Court to intervene. *See* CACD Local Rule 7-3. Counsel for the parties
4  complied with their obligations under Local Rule 7-3 through a series of meet and
5  confer efforts beginning on June 8, 2020 via a Zoom videoconference.

### b. The *Taylor* Case Is Not Relevant to Mr. Lockett's Claims

In order for evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of another incident involving Deputy Aldama is irrelevant to Mr. Lockett's claims, because the reasonableness of the force used on Plaintiff has nothing to do with other force incidents or conduct.

### c. *Taylor* Cannot Be A "Bad Act" by Defendants, But If It Were It Would Be Inadmissible Here

*Taylor* did not involve a determination of the merits of the claim, an admission of liability or fault, or anything else that would be admissible to prove or disprove the claims made therein. While it is true that Deputy Aldama was involved in another use of force separate from the use of force involving Mr. Lockett at issue herein, that is not evidence of his character or the reasonableness of the force he uses generally. *Federal Rule of Evidence* 404(a) provides, in pertinent part: "(A) Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *Fed. R. Evid. 404(a)*. Accordingly, Plaintiffs cannot use evidence regarding *Taylor* to prove Deputy Aldama used excessive force on one occasion, therefore must have used excessive force on Mr. Lockett.

Taylor is not a specific wrong or bad act Plaintiff Lockett can use to suggest Deputy Aldama used excessive force here. *Federal Rule of Evidence* 404(b)

provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See Gates v. Rivera,* 993 F.2d 697 (9th Cir. 1993) (holding that character evidence is normally not admissible in a civil rights case and that past conduct of the officer defendant did not bear upon the issue of the reasonableness of the officer's conduct); *accord* Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 2.6[B] (4th ed. 2010 Supp.).

### d. Introducing Evidence of the *Taylor* Case Would Require a Trial On Its Merits

The allegations in *Taylor* are disputed. If Plaintiff wishes to introduce evidence regarding the *Taylor* incident, Deputy Aldama would be forced to refute the allegations and show that his conduct was reasonable there. However, the probative value of such evidence "is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed.R.Evid. 403*.

Specifically, the jury would be confused about which force incident they are to consider, why they heard evidence about another incident, and how the two are related. This evidence could end up consuming more time than the evidence of the Lockett use of force, seeing as *Taylor* involved a homicide from an on-duty shooting by two Los Angeles County Sheriff's deputies that presumably included an extensive investigation, reporting, etc. Since it would not be permissible to use under Rule 404(a) or 404(b), weighing all of the prejudice and undue consumption of time against virtually no probative value should lead to exclusion of *taylor* evidence under Rule 403.

//

//

### e. Documentary Evidence from Taylor is Hearsay

The allegations in *Taylor* are out of court statements that Plaintiff would purportedly offer for the truth of the matter asserted. To the extent Plaintiff seeks to introduce report(s) of the allegations of excessive force, those documents would be double-hearsay: hearsay statements contained within hearsay documents. *Federal Rule of Evidence* rule 802 states that "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Hearsay is defined in rule 801 as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Multiple levels of hearsay must each be separately admissible. Fed. R. Evid. R. 805

### f. The Resolution of Taylor, Especially The Amount Paid, Is Unfairly Prejudicial to Defendants And Inadmissible Under Rule 408

Evidence of settlement of a disputed claim, such as the settlement in *Taylor* is inadmissible as evidence to validity or invalidity of the claim. FRE 408. The same is true of payments made pursuant to a settlement. Taylor involved a seven-figure sum paid by the County of Los Angeles to various heirs of Donta Taylor. That fact would be unfairly prejudicial to Defendants here because it would lead to the impermissible inference by the jury that wrongdoing occurred because so much money was paid out to settle the matter. The figure could also serve as a guidepost for a fair or reasonable amount to award in a case alleging the violation of civil rights. There is no relevant, admissible purpose to introduce the fact the matter settled, how much was paid, or anything else about the resolution of the matter.

## V. CONCLUSION

For the foregoing reasons, Defendant Samuel Aldama respectfully requests this Court issue the requested order *in limine* and instruct counsel for all parties to

inform their various witnesses and clients of such order in advance of their testimony at trial in this matter.

Dated:  October 26, 2021							SEKI, NISHIMURA & WATSE, LLP

By: /s/ Andrew C. Pongracz
_____
Andrew C. Pongracz
Attorneys for Defendant Samuel Aldama