SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
ANDREW C. PONGRACZ (SBN 258554)
apongracz@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869
Fax: (213) 481-2871

Attorneys for Defendant Samuel Aldama

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHELDON LOCKETT; MICHELLE DAVIS; and CLYDE DAVIS

*Plaintiffs,*

vs.

COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; a law enforcement agency; former SHERIFF JIM MCDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,

*Defendants.*

CASE NO.: 2:18-cv-5838-PJW
[Assigned to Hon. Patrick J. Walsh]

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2 OF 5 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING DEPUTY GANGS**

[Proposed order filed concurrently]

**Final Pretrial Conference**
Hearing Date: November 15, 2021
Time: 3:00 p.m.
Courtroom: 7A

**Jury Trial:**
Date: December 14, 2021
Time: 8:30 a.m.

Complaint Filed:

**TO UNITED STATES DISTRICT JUDGE DALE S. FISCHER, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 15, 2021 at 3:00 p.m., or as soon thereafter as counsel may be heard, Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Los Angeles County Sheriff's Department Deputy Samuel Aldama, will, and hereby do, move the Court for the following order *in limine* that the following evidence be excluded from trial in this case:

Questioning, evidence, witnesses, testimony and or reference of any kind and in any manner to alleged deputy gang(s), gang affiliation(s) and/or tattoos possessed by Sheriff's Deputies.

The grounds for this motion are the *Federal Rules of Evidence* 403, 404(b), 407, 801 and 803(8), as well as the legal authorities cited herein.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Andrew C. Pongracz and the Exhibits attached thereto and submitted herewith, upon all documents on file in this case, and upon such oral and documentary evidence which may be received and considered by this Court when ruling on this Motion.

**CONFERENCE OF COUNSEL**

On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. The final correspondence regarding Defendants' proposed motions in limine was dated October 11, 2021. All counsel participated and the undersigned counsel for Defendant Samuel Aldama certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders.

Respectfully Submitted,

Dated: October 26, 2021 SEKI, NISHIMURA & WATASE, LLP

By: /s/ Andrew C. Pongracz
ANDREW C. PONGRACZ
GILBERT M. NISHIMURA
Attorneys for Defendant,
SAMUEL ALDAMA

**MEMORANDUM OF LAW**

## I. INTRODUCTION

This is a civil rights case brought by Plaintiff Sheldon Lockett alleging excessive force by Los Angeles County Sheriff's Deputy Samuel Aldama amounting to a violation of Plaintiff's 4th/14th Amendment rights and a *Monell* claim against the County of Los Angeles ("County" or "COLA") and Los Angeles County Sheriff's Department ("LASD"). *See* Dkt. 1; Dkt. 41 (Second Amended Complaint ("SAC")) 7:23-8:26.[1]

### a. The Lockett Incident

On January 15, 2016, Deputy Samuel Aldama and Deputy Mizrain Orrego were on duty, working as a patrol unit out of Compton Sheriff's Station when they responded to a radio call regarding a drive-by shooting that had just occurred. *See generally* Dkt. 56, p.2 (Court order denying Defendants' Motion to Dismiss SAC, summarizing case); Dkt. 180, pp.2-3 (Order granting motion to dismiss Deputy Orrego as defendant); Dkt. 208, pp.2:1-4:2 (Order denying Deputy Aldama's motion for summary judgment/summary adjudication). In the course of their response to the attempted murder call, Sheriff's deputies Aldama and Orrego observed Plaintiff Sheldon Lockett as he stood in front of a friend's house with two other individuals (his friend and his friend's sister. *Id.*

Aldama and Orrego drove up to the three individuals, one of whom was Sheldon Lockett. *Id.* The parties' description of this interaction varies dramatically, but it is undisputed that upon seeing the deputies, Mr. Lockett ran away. *Id.* A short pursuit followed. *Id.* Eventually, Mr. Lockett trapped himself in a fenced back yard. *Id.* Deputy Aldama and others admit to using force against Mr. Lockett: the dispute is whether they used reasonable force to overcome Lockett's resistance

---

[1] The operative complaint is Plaintiff's Second Amended Complaint for Damages, Dkt. 41, filed November 16, 2018.

as Defendants claim, or whether the force was unprovoked and unreasonable as Plaintiff contends.

Deputy Aldama admits to punching Lockett and using the force described in his written reports that he wrote immediately upon the conclusion of the event. *See* Dkt. 172-2, pp. 8-9, facts 21-22 (admitting same).

Once Mr. Lockett was detained, the victim was brought to the location and positively identified Lockett as the shooter. *See* Dkt. 138-6 (Incident Report by LASD deputies Ruiz and Martinez detailing arrest of Plaintiff and basis for same, including identification of Plaintiff by eyewitness). Mr. Lockett was arrested and charged with attempted murder. *Id.* Mr. Lockett spent some seven months in jail until his criminal case was dismissed. Dkt. 208, p.3:21-27.

**b. This Litigation**

On July 3, 2018, Mr. Lockett filed this lawsuit, asserting excessive force and Search and Seizure claims against Deputy Aldama. Dkt. 1. Mr. Lockett alleges that on January 15, 2016, Deputy Samuel Aldama, *inter alia*, used excessive force against Plaintiff Sheldon Lockett when detaining him after a foot pursuit. *Id.* Lockett also alleges that Aldama's use of force was motivated by racial animus.[2] The operative Second Amended Complaint ("SAC") asserts a claim for excessive force against Deputy Aldama and a *Monell* claim against the County of Los Angeles and Los Angeles County Sheriff's Department.

## II. FACTS RELEVANT TO THIS MOTION

The topic of cliques of deputies within the Los Angeles County Sheriff's Department has been a persistent theme in Plaintiff's filings with the Court and

---

[2] Excessive force claims under Section 1983 do not contain a scienter requirement. *See* Ninth Circuit Model Civil Instruction 9.3, 9.25. The intent of the deputy is irrelevant in evaluating the objective reasonableness of a deputy's use of force. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997) ("Section 1983 itself 'contains no state-of-mind requirement independent of that necessary to state a violation' of the underlying federal right... In any § 1983 suit, however, the plaintiff must establish the state of mind required to prove the underlying violation." (*quoting Daniels v. Williams*, 474 U.S. 327, 330(1986)))

disclosures to counsel under FRCP 26. Throughout this case, Plaintiff's counsel has disclosed multiple news articles and other documents addressing the topic. Earlier this year the RAND Corporation issued a report on subgroups of deputies within the LASD that was commissioned by the Los Angeles County Counsel.

In their pretrial filings, counsel for Plaintiff have made it clear that they intend to make trial in this matter about "Deputy Gangs" using the RAND study, news articles, and evidence from other cases to move the focus away from the objective reasonableness of force used by deputies on Mr. Lockett, and towards salacious allegations of "Deputy Gangs" including a contention that deputies having tattoos or affiliating in any way with deputy groups implies, the participation in illegal activities, violations of civil rights, or other wrongful conduct.

This incident involved four sheriff's deputies and Mr. Lockett: five people. The joint witness list contains 191 witnesses. Dkt. 301. Similarly, there is a discrete set of documents related to the force incident at issue in this case. The exhibit list contains 310 purported exhibits. Dkt. 294. Without going through these approximately 500 witnesses and exhibits, they are almost all regarding deputy cliques, subgroups, and other varied constructions of such topics.

The topic of Deputy cliques, subgroups, tattoos, "Deputy Gangs" and other connotations of illicit groups and actions within the Los Angeles County Sheriff's Department is unfairly prejudicial to the determination of this case and should be excluded from trial, either in whole or to such an extent that it does not subsume the rest of Mr. Lockett's claims.

## III. SCOPE OF REQUESTED ORDER

To exclude any and all facts. evidence, witnesses, testimony and or reference of any kind and in any manner to alleged deputy gang(s), gang affiliation(s) and/or tattoos from trial. Alternatively, to exclude such evidence from the excessive force

phase of trial as set forth in Defendants' motion to bifurcate and to strictly prescribe its use in any subsequent phase. *See* Dkt. 292.

## IV. ARGUMENT

### a. Motions *in Limine* Generally

Motions *in limine* are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States*, 529 U.S. 753, 758 (2000); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce v. United States*, 469 U.S. 38, 41 (1984). As the Ninth Circuit succinctly explains, motions *in limine* "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir.2003) (citations omitted). Like all motions, the parties are required to meet and confer prior to filing a motion in limine in order to discuss potential resolutions to the perceived issue without requiring the Court to intervene. *See* CACD Local Rule 7-3. Counsel for the parties complied with their obligations under Local Rule 7-3 through a series of meet and confer efforts beginning on June 8, 2020 via a Zoom videoconference.

### b. Evidence Regarding Deputy Gangs, Deputy Tattoos, Or The Alleged Actions of Deputies Who Fit Such Descriptions Would Be Unfairly Prejudicial To Deputy Aldama And COLA/LASD

Evidence of "deputy gangs" or alleged bad acts committed by tattooed deputies would be unfairly prejudicial to Defendants and should be excluded under *Federal Rule of Evidence* Rule 403. The most basic reason for Plaintiff to introduce such evidence is to impugn the character of Deputy Aldama, the County of LA and the Sheriff's Department. Doing so creates a permission structure for a jury to punish the defendants in this case based on an overall moral culpability of law enforcement and the Sheriff's Department based on real or perceived wrongs and injustices that are totally unrelated to Deputy Aldama's use of force on Mr.

Lockett. Evidence admitted for this purpose is unfairly prejudicial to Defendants' right to have an impartial jury decide the disputed issues of fact in this case.

Rule of Evidence 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or waste of time.  Fed. R. Evid. 403; *see Duran*, 221 F.3d at 1133 ("Even if all four conditions [of Rule 404(b)] are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.").  S*ee also Allen v. City of Los Angeles*, 2012 WL 1641712, *3 (C.D. Cal. 2012) (following *Maddox* and excluding evidence of other civil litigation, personnel complaints, unrelated allegations of bad acts, and reference to internal affairs investigations involving defendant officers).

It is not hyperbole to suggest that a jury seated in this case could be receptive to the suggestion that the Sheriff's Department and those within its ranks have, historically, evaded scrutiny of their actions or accountability when those actions violate the rights of others. This case does not exist in a vacuum, and invoking widely-held beliefs and emotions about law enforcement and the injustices of the past would invite a jury to decide this case based on prejudice and preconceived notions about the Los Angeles County Sheriff's Department rather than the facts at issue. Weighing any probative value other bad acts may have in this case against the extreme prejudice such evidence could evoke, the Court should exclude it from trial both under Rule 404 and Rule 403.

**c. Evidence of "Deputy Gangs" and Tattooed Deputies Is Irrelevant**

In order for evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of other unrelated incidents is clearly irrelevant, because the reasonableness of the force used on Plaintiff has nothing to do with other force incidents or conduct.

Such evidence can come in many forms, whether investigated by the Sheriff's Department, the subject of separate litigation, investigated by outside agencies, or even studied by the County or an outside body like the RAND Corporation. Insofar as acts by deputies other than Deputy Aldama are concerned, there simply is no basis for arguing that another person's use of force at another time tends to make it more or less probable that Deputy Aldama used excessive force in this case.

If the jury determines that Deputy Aldama did use excessive force, then the Jury must decide whether the County's training and supervision, policies and procedures, or other conduct was a substantial factor in causing Deputy Aldama's excessive force against Mr. Lockett. Again, unrelated incidents and the myriad unique facts and circumstances of each one (incidents that may or may not bear any relation to this incident) do not make any fact of consequence more or less probable.

**d. Such Evidence Is Character Evidence That Should Be Excluded Under Rule 404**

*Federal Rule of Evidence* 404(a) provides, in pertinent part:

> "(A) Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a).

It is anticipated that Plaintiff will seek to introduce such evidence of assorted media reports of "deputy gangs" or tattooed deputies, references to other lawsuits alleging excessive force, etc. as classic character evidence of Deputy Aldama, the Sheriff's Department, or both. Plaintiff's offer of proof would be that introducing evidence of bad acts by groups of deputies and/or deputies with tattoos, showing Deputy Aldama is a member in a deputy subgroup or has a tattoo, and asking the jury to rely on that evidence when considering the use of force in this case was

objectively unreasonable. *See Cohn v. Papke*, 655 F.2d 191, 193 (9th Cir. 1981). This is exactly what is prohibited by Rule 404.

*Federal Rule of Evidence* 404(b) provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *Gates v. Rivera,* 993 F.2d 697 (9th Cir. 1993) (holding that character evidence is normally not admissible in a civil rights case and that past conduct of the officer defendant did not bear upon the issue of the reasonableness of the officer's conduct). [3]

The only conceivable relevance of prior or subsequent incidents involving Defendant Aldama would be to suggest that he acted in conformity with that other conduct: exactly what is impermissible under FRE 404(b). The more likely reason to introduce evidence of other wrongs, uses of force, etc. would be to engender bias against Deputy Aldama when considering the force at issue here.

Plaintiff's use of unrelated bad acts to prove his case here does not stand up to scrutiny. Plaintiff's rationale for introducing conduct unrelated to Mr. Lockett (whether done specifically by Deputy Aldama, or by any deputy whose group affiliation or choice of tattoo fits a certain description) can be broken down into the following logic:

1) Some prior or subsequent bad act occurred,
2) The involved deputy is/was a member of a subgroup or carries a particular tattoo,

---

[3] While not citable authority, the case of *Engman v. City of Ontario*, WL 2463178 (C.D. Cal. 2011) is also instructive on this issue. ("if the only purpose for seeking to introduce [evidence of other instances in which the defendant officer employed excessive force or acted violently] is to show the defendant's character or propensity as a violent or quarrelsome individual, or that defendant has a penchant to use more force than is reasonably necessary, admission of the evidence would violate Rule 404(b)'s ban against other act evidence to show character.") (quoting Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 2.6[B] (4th ed. 2010 Supp.).

   3) Subgroup status or tattoo status was a substantial factor in the occurrence of that unrelated bad act,

4) Deputy Aldama belongs to the same or an analogous subgroup (likely labeling it a "gang" for maximum emotional resonance) or has a particular tattoo, *ergo*

5) the force Deputy Aldama used against Mr. Lockett must have been unreasonable because of his membership in a group or having of a tattoo

The logic of Plaintiff's argument is erroneous: substituting correlation (membership or tattoo status) with causation (that because of membership or tattoo status) the bad act is more likely to have occurred.

Introducing evidence of bad acts, particularly acts of excessive force, by Deputy Aldama or others, with or without the overtones of deputy gangs, tattoos, or other nefarious themes, seeks to impugn the character of Defendant Aldama by mere association, and would create unfair prejudice in the jury. Plaintiffs should not be allowed to introduce or refer to evidence or testimony regarding Deputy cliques, subgroups, gangs, tattoos, or related facts to imply anything about the reasonableness of Deputy Aldama's force against Mr. Lockett.

**e. This Evidence Will Require Mini-Trials And The Consumption of Judicial Resources On Tangential Issues**

Even if evidence of Deputy Aldama's, or other Deputies' prior or subsequent acts of alleged misconduct were at all relevant, and they are not, evidence, argument or reference to such acts should also be excluded because the probative value of such evidence "is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed.R.Evid. 403*. "'Unfair prejudice' within [the rule's] context means an undue tendency to suggest decision on an improper basis....'" *Papke*, 655 F.2d at 194 (*citing Fed.R.Evid*. 403).

Evidence of other alleged acts of misconduct is not probative of whether or not Deputy Aldama used excessive force in this case, or if such excessive force was caused by the act(s) or omission(s) of the County/LASD. In addition, such evidence presents a substantial danger of undue prejudice, confusion of the issues, and misleading the jury; the introduction of other alleged acts of misconduct by Defendant Aldama or other LASD deputies invites the jury impermissibly to punish Defendants for those other alleged acts of misconduct rather than decide liability based on facts specific to Plaintiff's incident. Similarly, in light of the lack of probative value of such evidence, its introduction would constitute undue delay and a waste of time, requiring mini-trials as to the circumstances and propriety of multiple unrelated incidents.

The potential prejudice, waste of time and resources, and unfair prejudice would not just be limited to the use of such evidence during the jury's consideration of Plaintiff's excessive force claim (the first phase as sought in Defendants' Motion to Bifurcate (Dkt. 292). There is a conceivable scope of evidence that may have some relevance to Plaintiff's *Monell* claim that involves deputies that have tattoos or belong to a subgroup, but that does not and should not allow the wholesale use of such evidence in a *Monell* phase (Defendants' proposed second phase).

Even if there is a way to vet the various types and sources of evidence to ensure its reliability and probative value to this case, the search for and introduction of such evidence will necessitate mini-trials and evidentiary hearings with respect to the facts surrounding third party reports such as the recent RAND study, unrelated lawsuits, uses of force, administrative investigations of other LASD personnel, lengthy cross-examinations of witnesses related to other incidents, all of which will expand the scope and duration of trial.

To the extent that the evidence is based on reports containing particularized findings, such evidence presents a substantial risk of prejudice, insinuating that the

jury should ultimately reach the same conclusions presented in the reports or documents. *See Gilchrest v. Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986) (recognizing authority to exclude report containing findings that would likely impair a jury's ability to independently evaluate evidence).

## V. CONCLUSION

For the foregoing reasons, Defendant Samuel Aldama, the County of Los Angeles and the Los Angeles County Sheriff's Department respectfully request this Court issue the requested order *in limine* and instruct counsel for all parties to inform their various witnesses and clients of such order in advance of their testimony at trial in this matter.

Dated: October 26, 2021

SEKI, NISHIMURA & WATSE, LLP

/S/ Andrew C. Pongracz[4]

By: ______________________________

Andrew C. Pongracz
Attorneys for Defendant Samuel Aldama

[4] Counsel for Deputy Aldama file this motion on behalf of all Defendants pursuant to the agreement of counsel and written authority from co-counsel to file this motion on their behalf.