# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT, )<br>)<br>Plaintiff, )<br>)<br>vs.    )<br>)<br>COUNTY OF LOS ANGELES, a    )<br>public entity; LOS ANGELES COUNTY )<br>SHERIFF'S DEPARTMENT, a law    )<br>enforcement agency; former SHERIFF )<br>JIM MCDONNELL; MIZRAIN    )<br>ORREGO, a Deputy Los Angeles    )<br>County Sheriff; SAMUEL ALDAMA, a )<br>Deputy Los Angeles County Sheriff; )<br>and DOES 1 through 100, inclusive, )<br>)<br>Defendants. )<br>_____ ) | CASE NO. 2:18-cv-5838-PJW |

## DEPOSITION OF
TIMOTHY CAMPBELL

**DATE:** February 19, 2020

**REPORTER:** Jina Jani

**LOCATION:** 444 South Flower Street
Suite 1800
Los Angeles, California 90071



## HINES REPORTERS

**INTERNATIONAL TOWER**
**888 S. FIGUEROA STREET, SUITE 940, LOS ANGELES, CALIFORNIA 90017**
**866.432.4300**

**WWW.HINESREPORTERS.COM**

```
 1   With what just happened, I'm not going to let this just
 2   go by --
 3          MR. IVIE:  Make your record.  Do whatever you
 4   want to do.  That's not going to speed up the process.
 5   So just let me be clear --
 6          MR. SWEENEY:  I'm only taking a couple of
 7   minutes, Mr. Ivie.
 8          MR. IVIE:  Make your record.  As I said, that's
 9   not going to speed up the process.
10          MR. SWEENEY:  From the very beginning, about 5
11   minutes after 10:00, Mr. Altura said he thinks he can
12   get it done by 12:00.  Mr. Campbell said he needs to be
13   somewhere.
14          And so I think that now, Mr. Ivie, you want to
15   elongate this deposition just as a punitive measure to
16   Mr. Campbell, and so I think that's what's going to
17   happen now.
18          Mr. Altura, I'm going to ask you how long do you
19   think you have with him?
20          MR. ALTURA:  I would estimate probably about an
21   hour.  And I'd say that I did not say --
22          MR. SWEENEY:  About an hour?
23          THE WITNESS:  I can't do it.
24          MR. ALTURA:  I did not say that I would get it
25   done by noon.  I said I will try to, and I was not
```

1  informed until about 10 minutes after 10:00, 10 minutes
2  after the start of this deposition that Mr. Campbell
3  had an obligation.
4         THE WITNESS:  I have an obligation.
5         MR. SWEENEY:  Let me talk to my client.
6         MR. ALTURA:  And had I been informed prior to 10
7  minutes after the start of the deposition that
8  Mr. Campbell had a noon obligation, we could have
9  noticed it for 9:00 or 8:30 in order to accommodate
10 that schedule.
11        (Break taken from 11:59 to 12:01 P.M.)
12        MR. SWEENEY:  Back on the record.
13        He must leave at 12:30.
14        MR. ALTURA:  I will try to be done by 12:30, but
15 I cannot guarantee that I will be done by 12:30.
16     Q.  Mr. Campbell, a little bit before we took a
17 break, you mumbled something under your breath, and I'd
18 like to know what you said, please.
19     A.  I said "this guy."
20     Q.  "This guy"?
21        MR. SWEENEY:  You said what?
22        THE WITNESS:  I said like "you" (indicating), I
23 was saying like, "man, this guy is out of control."
24 BY MR. ALTURA:
25     Q.  You were referring to me?

1  Mr. Altura. If you can make that one distinction, I
2  think we can move on.
3  BY MR. ALTURA:
4      Q. So Mr. Campbell, you testified that there
5  may have been up to 7 or 8 deputies who were --
6      A. Who were there.
7      Q. -- who were there during the use of force
8  incident when the deputies put their hands on
9  Mr. Lockett; is that correct?
10     A. Correct.
11     Q. Okay. Now --
12         MR. SWEENEY: One second.
13         How are you on time?
14         THE WITNESS: I was about to --
15         MR. SWEENEY: Are you okay?
16         THE WITNESS: No. I gotta get out of here.
17         MR. SWEENEY: You have to go?
18         THE WITNESS: I have to get out of here.
19         MR. SWEENEY: Okay. So how much do you have?
20         MR. ALTURA: I still have a little bit of time,
21 Mr. Sweeney. At least 30 minutes, but probably more
22 like an hour or so.
23         THE WITNESS: I don't even got 30 minutes, man.
24 BY MR. SWEENEY:
25     Q. What's that?

```
 1        A.  I don't even have 30 minutes.
 2        Q.  Okay.
 3        MR. ALTURA:  Well, I can keep on going, or we
 4   can suspend the deposition.
 5        MR. SWEENEY:  He has -- I don't know what he has
 6   to do.  I don't know his personal life.
 7        THE WITNESS:  I have to pick my daughter up from
 8   school.
 9   BY MR. ALTURA:
10        Q.  I wouldn't want to keep you from that,
11   Mr. Campbell, seriously.
12        A.  You're definitely not going to keep me from
13   it.
14        Q.  Right.  I was not informed of your family
15   obligation until after the commencement of the
16   deposition, and had I been informed even yesterday, we
17   could have moved it earlier to 9:00 or 8:30.
18        MR. SWEENEY:  We told you.  I had to be in court
19   this morning.  I told you that.
20        THE WITNESS:  No, it wasn't --
21        MR. SWEENEY:  Wait a second.
22        THE WITNESS:  I'm a parent.  This came up.  You
23   know what I'm saying?
24        MR. SWEENEY:  I told you a long time ago at the
25   start of the day that he had to leave at noon.  He's
```

1  already given you 35 more minutes.
2          MR. ALTURA:  I understand, Mr. Sweeney, but you
3  told me after the commencement of the deposition when I
4  couldn't do anything about it.
5          MR. SWEENEY:  No, no.  We talked about it
6  before, 'cause remember I said --
7          MR. ALTURA:  You definitely did not.
8          MR. SWEENEY:  Yeah, we did because you noticed
9  his mother's deposition, I believe, at 12:00, and I
10 think the first one was at 9:00, which means you had 3
11 hours.
12         MR. ALTURA:  He hasn't been here for 3 hours,
13 Mr. Sweeney.
14         MR. SWEENEY:  The fact remains that he has to
15 pick up his daughter, and that comes first.
16         MR. ALTURA:  I understand that, but if the
17 deponent is no longer going to testify, then I have
18 to suspend the deposition, and we're going to have to
19 make the appropriate motion in court to compel
20 Mr. Campbell's presence for --
21         MR. SWEENEY:  He can't keep coming for a
22 deposition.
23         MR. ALTURA:  -- another deposition.
24         THE WITNESS:  We can pick up from right here?
25         MR. SWEENEY:  Okay.  Some other time?

```
 1              MR. PONGRACZ:  This Friday, it's 10:00 A.M.;
 2   right?
 3              MR. ALTURA:  Uh-huh.
 4              MR. PONGRACZ:  Well, let's use the Friday at
 5   10:00 A.M. slot that just became available.
 6              MR. SWEENEY:  We're going to talk about that,
 7   about Aldana's deposition because I don't agree with
 8   that.
 9              I have to talk to him privately and see when his
10   deposition can be rescheduled.
11              THE WITNESS:  Whatever day, man, I got until
12   12:00.
13              MR. SWEENEY:  Okay.  Thank you.  I'll give you a
14   call.
15              MR. PONGRACZ:  Let's pick a new date before he
16   leaves.  If we don't have it now --
17              THE WITNESS:  Any day is fine, just before
18   12:00.
19              MR. SWEENEY:  I don't agree with -- all right.
20   Thank you.
21              (The witness exited the deposition.)
22              MR. ALTURA:  Just real quickly, the deponent has
23   left the conference room without the permission of
24   counsel.
25              MR. SWEENEY:  No, that's not true.
```

```
 1        MR. IVIE:   He definitely left without any
 2   consent of counsel.
 3        MR. SWEENEY:   Well --
 4        MR. IVIE:   He might have had your consent and
 5   apparently your encouragement.
 6        MR. SWEENEY:   No, that's not true.  Let's get
 7   this record straight.
 8        MR. IVIE:   Wait.  You're yelling at me?
 9        MR. SWEENEY:   I'm yelling at you because you're
10   lying, you're trying to put this on the record.
11        MR. IVIE:   Now you're calling me a liar?
12        MR. SWEENEY:   Yes.
13        MR. IVIE:   We have got a transcript.  How am I
14   lying?  The record is going to show that you're the one
15   that told him how you fixed your time.
16        MR. SWEENEY:   No, no, no.
17        MR. IVIE:   You're the one that encouraged the
18   witness to get up and walk out.
19        MR. SWEENEY:   Mr. Ivie --
20        MR. IVIE:   I didn't do that.
21        MR. SWEENEY:   You're making false accusations.
22        MR. IVIE:   None of the other counsel did that.
23   The record is going to be clear.
24        MR. SWEENEY:   It's very clear.
25        MR. IVIE:   Okay.  So he's left without the
```

1  Mr. Glickman would honor his word and notice the part 2
2  for a date and time that works for the deponent and his
3  counsel.
4      MR. SWEENEY:  Well, first of all, we're 2 days
5  from Friday.  Everybody's schedule has been set.  We
6  have a discovery cutoff date on this thing.  I mean and
7  this is an extremely important deposition because we
8  can't finish amending our initial disclosure without
9  his deposition, his final deposition, so it throws all
10 kind of dates off.
11     MR. PONGRACZ:  I respect your point, but the
12 reality is the dates -- the notice was given on minimal
13 notice, and there was a holiday weekend in between.
14     MR. SWEENEY:  Everybody agreed to it.
15     MR. PONGRACZ:  Mr. Sweeney, nobody agreed to it.
16 Mr. Glickman, your co-counsel, in sending the notice
17 said "Please give me a date certain, and we will move
18 that -- "
19     MR. IVIE:  So let me say this.  We'll talk about
20 Glickman and Aldana's depositions after we conclude
21 this record.
22     But at this point we don't have a date.  The
23 witness has left the deposition.  And I don't know,
24 Counsel, if you're prepared to stipulate to a date to
25 continue this witness's deposition.

1    MR. SWEENEY:  I'll continue, but I don't know
2 what date, because we said all along he had to go at
3 12:00.  And Mr. Altura said "I'll try to get it in."
4 He gave you till 12:40, and he has childcare issues,
5 which is apparently why he didn't show up the first
6 time.
7    So I have to talk to him.  And I'm not prepared,
8 or I wasn't prepared to set it on Friday when Aldana's
9 is already set.
10    MR. IVIE:  So I guess there's nothing to really
11 be said at this point other than if counsel doesn't
12 provide an acceptable date to continue the deposition,
13 we'll take appropriate steps with the court to compel
14 his attendance or to strike the testimony or clear his
15 opinions at trial, which may not be a bad thing.
16    MR. ALTURA:  Mr. Sweeney --
17    MR. SWEENEY:  We're going to bring the people
18 who were out there.  They aren't the highest character,
19 I'm sure.
20    MR. IVIE:  I'm not talking about his character
21 at all.
22    MR. SWEENEY:  But I do these cases for a living
23 and -- or one of the things, I do all kinds of cases,
24 but these types of cases, you oftentimes find witnesses
25 with records and things like that.

```
 1            MR. IVIE:  Take them as you find them.  I got
 2   that.
 3            But at any rate, there's nothing else to say
 4   other than the transcript.  Do you have anything left?
 5            MR. ALTURA:  Just one question for Mr. Sweeney.
 6            By what date will you provide a follow-up date
 7   for Mr. Campbell's deposition?
 8            MR. SWEENEY:  I'll try to get ahold of him
 9   today.
10            MR. ALTURA:  Okay.
11            MR. SWEENEY:  And I'll try to get back to you by
12   Friday.
13            MR. ALTURA:  Okay.  By Friday can you get back
14   to me by 2:00 P.M.?
15            MR. SWEENEY:  On Friday?  I'll try to get back
16   with you -- I'll try.  That's not a deadline.
17            MR. ALTURA:  I understand.
18            MR. SWEENEY:  I'm trying.  You see what kind
19   of -- I mean you see that sometimes he marches to the
20   beat of his own drum.  So I will talk to him and see if
21   I can get you a date.
22            In the meantime --
23            MR. ALTURA:  I'm sorry.  By when, though, sir?
24            MR. SWEENEY:  By Friday.
25            MR. ALTURA:  By Friday.  What time on Friday?
```

```
 1             MR. SWEENEY:  5:00.
 2             MR. ALTURA:  Okay.
 3             MR. SWEENEY:  All right.  So in the meantime,
 4   you were supposed to get me some dates for Ella
 5   Campbell's deposition so I could talk to her.
 6             MR. ALTURA:  Well, I was trying to depose
 7   Mr. Campbell about his mother's abilities and based on
 8   that arrange an appropriate location.  So we didn't get
 9   to that, so that's something I need to get back to you
10   about.
11             MR. SWEENEY:  You don't take my representation?
12             MR. ALTURA:  Well, do we need to do this on the
13   record?
14             MR. SWEENEY:  What's that?
15             MR. ALTURA:  Is this important that we do this
16   on the record?
17             MR. SWEENEY:  I mean I want to know.  You said
18   you were going to depose him about his mother's
19   disabilities.
20             MR. ALTURA:  Correct.
21             MR. SWEENEY:  I told you that he told me that
22   his mother has -- no, she told me that she uses oxygen
23   and she has a rough time getting around and she can't
24   climb stairs.
25             MR. ALTURA:  All right.  I would want to go into
```

```
 1              CERTIFICATE OF CERTIFIED SHORTHAND REPORTER
 2                            *   *   *   *   *
 3              I, Jina Jani, Certified Shorthand Reporter
 4     qualified in and for the State of California, do hereby
 5     certify:
 6              That the foregoing proceedings were taken before
 7     me at the time and place therein set forth, at which
 8     time the witness was put under oath by me; that the
 9     testimony of the witness and all objections made at the
10     time of the proceedings were recorded stenographically
11     by me and were thereafter transcribed under my
12     direction; that the foregoing is a true record of the
13     testimony and of all objections made at the time of the
14     proceedings;
15              I further certify that I am neither counsel for
16     nor related to any party to said action nor in any way
17     interested in the outcome thereof;
18              That dismantling, unsealing, or unbinding of the
19     original transcript will render the Reporter's
20     Certificate null and void.
21              Dated this _____ day of _____, 2020.
22
23
24                                   _____
25                                   JINA JANI, CSR NO. 8888
```