**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**DAVIDA M. FRIEMAN, ESQ. (SBN 232096)**
*dfrieman@imwlaw.com*
**ANTONIO K. KIZZIE (S.B.N.: 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
Tel.    (213) 489-0028
Fax     (213) 489-0552
Attorneys for Defendant **COUNTY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SHELDON LOCKETT,

        Plaintiff

v.

COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF JIM McDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,

        Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  18-CV-5838-DSF-JPR
[*Honorable Dale S. Fischer United States District Judge, Presiding*]

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICKEY IVIE**
[*Filed Concurrently with Defendants' Proposed Order*]

***Final Pre-trial Conference:***
Date:      November 15, 2021
Time:      3:00 p.m.
Courtroom:  7D
Courthouse:  First Street Courthouse
             350 West 1st Street
             Los Angeles, CA

***Trial***
Date: December 14, 2021
Time:      8:30 a.m.
Courtroom:  7D
Courthouse: First Street Courthouse
            350 West 1st Street
            Los Angeles, CA

– 1 –

**THE COURT, PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES, et.al. ("DEFENDANTS") will and hereby do move this Court, before trial and the selection of the jury, for an order to exclude the following items of evidence:

1. Excluding all testimony from Plaintiff's Expert Dr. Michelle Cooley Strickland ("Dr. Cooley-Strickland").

This motion is made upon the grounds that Dr. Strickland's opinions fail the Daubert analysis, are more prejudicial than probative, are irrelevant, lack sufficient evidentiary foundation, and are irrelevant to the triable issues at hand. Federal Rules of Evidence, Rules 401, 402, 403, and 702.

MEET AND CONFER On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. The final correspondence regarding Defendants' proposed motions in limine was dated October 11, 2021. All counsel participated and the undersigned counsel for Defendants County of Los Angeles and the Los Angeles Sheriff's Department certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders.

////

////

////

////

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

1   This Motion is based upon the supporting Memorandum of Points and
2   Authorities, the papers and pleadings on file in this action, and upon such further
3   matters which may be presented at or before the hearing on this Motion.

4

5   Dated:  October 26, 2021          **IVIE McNEILL WYATT**
6                                     **PURCELL & DIGGS, APLC**
                                **By:**   */s/ Davida M. Frieman*
7                                     **RICKEY IVIE**
8                                     **DAVIDA M. FRIEMAN**
                                     **ANTONIO K. KIZZIE**
9                                     Attorneys for Defendants,
10                                    **COUNTY OF LOS ANGELES**

11

12

13  Dated:  October 26, 2021       SEKI, NISHIMURA & WATASE, LLP

14

15                                By   */s/Andrew Pongracz*
16                                     Gilbert Nishimura
17                                     Andrew Pongracz
                                     Attorneys for Defendant
18                                    SAMUEL ALDAMA

19

20

21

22

23

24

25

26

27

28

- 3 –

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF
EXPERT MICHELLE COOLEY-STRICKLAND**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . .   1

I.      INTRODUCTION/ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.     LEGAL AUTHORITY FOR MOTIONS IN LIMINE . . . . . . . . . . . .   5

III.    LEGAL STANDARD FOR EXPERT TESTIMONY . . . . . . . . . . . . .   5

IV.     DR. COOLEY-STRICKLAND'S OPINIONS MUST BE . . . . . . . . .   9
        EXCLUDED BECAUSE HER TESTIMONY IS NOT
        RELIABLE

V.      THE OPINIONS OF DR. COOLEY-STRICKLAND ARE . . . . . . . . .   13
        NOT WITHIN HER PARTICULAR FIELD OF EXPERTISE
        AND SHE SHOULD NOT BE PERMITTED TO TESTIFY
        TO THEM

VI. MEET AND CONFER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

## **TABLE OF AUTHORITIES**

### **CASES**

*Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc*., . . . . . . . . . .   7
2013 WL 12122803, at *2 (CD. Cal. June 21, 2013)

*Alaska Rent-A-Car, Inc. v. Avis Budget Drp., Inc*., . . . . . . . . . . . . . . . . . . .   2
738 F.3d 960, 969 (9th Cir. 2013)

*Beech Aircraft Corp. v. United States* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8
51 F.3d 834, 842 (9th Cir.1995)

*Brodit v. Cambra* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
350 F.3d 985, 1004-05 (9th Cir.2003)

*Chapman v. Maytag Corp*., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12
297 F.3d 682, 687-688 (7th Cir. 2002)

*Christophersen v. Allied-Signal Corp*., . . . . . . . . . . . . . . . . . . . . . . . . . . .   8
938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992)

*City of Tuscaloosa v. Harcros Chem. Inc*. . . . . . . . . . . . . . . . . . . . . . . . . . .   1
158 F.3d 548, 564-65 n. 21 (11th Cir. 1998)

*Cooper v. Brown* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8
510 F.3d 870, 942 (9th Cir. 2007)

*Daubert. Daubert v. Merrell Dow Pharm., Inc*.,
509 U.S. 579, 592-93 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,3,6,7-8,9,11,12,13

*Domingo ex rel. Domingo* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
289 F.3d at 607

*Friend v. Time Mfg. Co*., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
422 F. Supp. 2d 1079, 1081 (D. Ariz. 2005)

*General Electric Co. v. Joiner*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7,8
522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF
EXPERT MICHELLE COOLEY-STRICKLAND**

*Guidrox-Brault v. Missouri Pac. R.R. Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
254 F.3d 825, 831 (9th Cir. 2001)

*In re Paoli R.R. Yard PCB Litigation*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
35 F.3d 717, 745 (3d Cir. 1994), cert. denied, 513 U.S. 1190 (1995)

*In re Rezulin Prods. Liab. Litig.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
309 F.Supp.2d 531, 551 (S.D.N.Y. 2004)

*Johnson v. Manitowoc Book Trucks*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12
484 F.3d 426, 434 (6th Cir. 2007)

*Kelly v. New West Fed. Sav.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
49 Cal.App. 4th 659, 669 (1996)

*Kumho Tire Co., Ltd v. Carmichael*,
526 U.S. 137, 152 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6,7,8,11,12

*Luce v. United States* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
(1984) 469 U.S. 38, 40

*Lust v. Merrell Dow Pharm., Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9,13
89 F.3d 594, 597 (9th Cir. 1996)

*Mitchell v. Gencorp Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
165 F.3d 778, 781 (10th Cir. 1999)

*Nelson v. Tennessee Gas Pipeline Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,12
243 F.3d 244, 250 (6th Cir. 2001)

*Ohler v. United States* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
(2000) 529 U.S. 753, 758

*Reiner v. Warren Resort Hotels, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
2008 WL5120682, *13 (D. Mont. 2008)

*State v. Foret*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
628 So. 2d 1116, 1122 (La. 1993)

- iii –

*Todd v. Baker*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
2012 WL 1999629 *1 (D. Mont. 2012)

*United States v. Cook* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
 (9th Cir. 1979) 608 F.2d 1175, 1186

*United States v. Hankey*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
203 F.3d 1160, 1168 (9th Cir. 2000)

*United States v. Hermanek*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
289 F.3d 1076,1093 (9th Cir. 2002)

*U.S. v. Pacific Gas and Electric Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016

*U.S. v. Tokash*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
282 F.3d 962, 968 (7th Cir.2002)

*United States v. W.R. Grace,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
455 F.Supp.2d 1181, 1188 (D. Mont. 2006).

*Wagner v. Hesston Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
450 F.3d 756, 758-761 (2006)

## **STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **OTHER**

Federal Rules of Evidence, Rule 104(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Federal Rules of Evidence, Rules 401, 402, 403, and 702 . . . . . . . . . . . 1,5
Federal Rules of Evidence, Rule 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4,5,6,8,13

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF
EXPERT MICHELLE COOLEY-STRICKLAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION/ARGUMENT

This case pertains to an alleged unreasonable use of force under 42 U.S.C. § 1983 that occurred on January 15, 2016 in the City of Compton involving Plaintiff Sheldon Lockett ("Plaintiff") and Los Angeles County Sheriff's Deputies and Defendant Deputy Samuel Aldama ("Deputy Aldama") stemming from *force* used by the deputies during the course of Plaintiff's arrest. *See generally* Dkt. 41, Plaintiff's Second Amended Complaint ("SAC"). On June 10, 2020, Plaintiff designated an expert psychologist named Ms. Michelle Cooley-Strickland, M.Ed., Ph.D. ("hereinafter, "Dr. Cooley-Strickland"). See, **Exhibit 1** – Plaintiff Sheldon Lockett's Rule 26(a)(2) Disclosure of Expert Testimony. This motion serves to exclude all expert testimony from Dr. Cooley-Strickland as her opinions fail the Daubert analysis, are more prejudicial than probative, are irrelevant, lack sufficient evidentiary foundation, and are irrelevant to the triable issues at hand. *See Federal Rules of Evidence*, Rules 401, 402, 403, and 702.

Under Federal Rules of Evidence, Rule 104(a), "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)." Accordingly and pursuant to FRE 104(a), Defendants request such a *Daubert* hearing outside the presence of the jury to review her testimony if this Court is inclined to deny this motion. *City of Tuscaloosa v. Harcros Chem. Inc.*, 158 F.3d 548, 564-65 n. 21 (11th Cir. 1998) (recognizing that *Daubert* hearings "are almost always fruitful uses of the court's time and resources in complicated cases involving multiple expert witnesses)

First and foremost, several of Dr. Cooley-Strickland's opinions must be excluded from trial because said opinions are unreliable and rest on subjective belief and/or unsupported speculation rather than "scientific, technical, or other specialized

---

1

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

knowledge…grounded in the methods and procedures of science" as required under *Daubert*. *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993) ("*Daubert* "). District courts, acting in a "gatekeeping role," must assess, among other things, "whether the reasoning or methodology underlying the testimony" is valid and "whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993) ("Daubert I"). In this role, the district court is "supposed to screen … unreliable nonsense opinion." *Alaska Rent-A-Car, Inc. v. Avis Budget Drp., Inc*., 738 F.3d 960, 969 (9th Cir. 2013).

Dr. Cooley-Strickland's first opinion that, "*Mr. Lockett suffered significant trauma as a result of the events of January 15, 2016, that resulted in numerous diagnoses inclusive of posttraumatic stress disorder, major depressive disorder, and an exacerbation of social anxiety disorder; and that those events created a cascading experience which worsened his life condition, and he has experienced chronic emotional distress as a result of those incidents that occurred on January 15, 2016*," fails under *Daubert* and must be excluded because said opinion is unreliable and lacks any evidentiary, scientific, or medical support upon which such opinions are grounded on. *See generally*, **Exhibit 2** – Deposition of Dr. Cooley-Strickland 71:15-24.

"Courts properly exclude speculative opinions". *Nelson v. Tennessee Gas Pipeline Co*., 243 F.3d 244, 250 (6th Cir. 2001) ("Knowledge connotes more than subjective belief or unsupported speculation"). Dr. Cooley-Strickland's first opinion is unreliable because it lacks any scientific or medical bases and rests on merely two (2) days of assessments and five (5) hours of therapy since 2016. Dr. Cooley-Strickland's limited time spent with Mr. Sheldon Lockett (hereinafter "Plaintiff" or "Mr. Lockett") in conjunction with Dr. Cooley-Strickland's failure to identify any scientific or medical bases to support her diagnoses shows that her opinion is based

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

on subjective belief and unsupported speculation rather than, "scientific, technical, or other specialized knowledge" as required under *Daubert*.

Dr. Cooley-Strickland's **second** opinion that Mr. Lockett receive, "*unlimited*" "*psychological therapy, psychiatric therapy...and treatment for the life stressors and psychiatric disorders he has*," fails under the *Daubert* analysis because it is unreliable.  *See generally*, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 77:3-24; 78:17-25.

The reliability assessment of an expert opinion is a crucial part of the trial court's "gatekeeping" function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589. The reliability factor is "ensured by a requirement that there be 'a valid scientific connection to the pertinent inquiry as a precondition to admissibility.'" *State v. Foret*, 628 So. 2d 1116, 1122 (La. 1993) (citing *Daubert*, 509 U.S. at 592). As one court has said, "any step that renders the [expert's] analysis unreliable under the Daubert factors renders the expert's testimony inadmissible," regardless of whether "the step completely changes a reliable methodology or merely misapplies that methodology." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 745 (3d Cir. 1994), cert. denied, 513 U.S. 1190 (1995).

Dr. Cooley-Strickland's cursory assessment of Mr. Lockett and lack of methodology to support her third opinion is testament to the fact that Dr. Strickland-Cooley's opinions are unreliable and lack a sufficient basis upon which a reasonable jury could find that Mr. Lockett will require long-term psychological therapy due to the incident at the heart of this case.

Similarly, Dr. Strickland's third opinion that, "*Mr. Lockett receive a sleep order intervention,*" must be excluded for the same aforementioned reasons. Such opinion is unreliable, lacks foundation, and is based on subjective belief and unsupported speculation rather than, "scientific, technical, or other specialized

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

knowledge" as required under *Daubert*.

Dr. Cooley-Strickland's fourth opinion states that, "*Mr. Lockett be assisted in experiencing a consistent, stable, low-stress, predictable environment in which he can pursue his academic or career goals and have support, consistent interpersonal relationships.*" *See generally*, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 84:15-19. Dr. Cooley-Strickland's fourth opinion must be excluded because it is unreliable and fails under *Daubert* because said opinion is based on a cursory assessment of Mr. Lockett and Dr. Strickland fails to support this opinion with any valid scientific bases.

Lastly, the testimony of Dr. Cooley-Strickland must be excluded in its entirety because Dr. Cooley-Strickland lacks the qualifications to testify on her diagnoses of Mr. Lockett due to her limited experience assessing, diagnosing, and treating people who claim that they have mental health problems based on their interactions with police.

Federal Rules of Evidence 702 provides that a witness "qualified as an expert by knowledge, skill, expertise, training, or education may testify in the form of an opinion" if the following criteria are met: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and, (d) the expert has reliably applied the principles and methods to the facts of this case.

Dr. Cooley-Strickland's lack of specialized knowledge and experience in diagnosing and treating people who claim to have mental health problems based on their interactions with police is testament to the fact that her testimony cannot and will not be based on sufficient facts, data, or reliable principals and methods required to qualify her as an expert.

For these reasons, Defendants respectfully request that all testimony from Dr.

4

Cooley-Strickland, including her first, second, and third opinions, be excluded from trial.

## II.   LEGAL AUTHORITY FOR MOTIONS IN LIMINE

A motion *in limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40.   Motions *in limine* are well recognized in practice and by case law. *See Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir.2003) (citing *Kelly v. New West Fed. Sav.*, 49 Cal.App. 4th 659, 669 (1996)).   Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance. See *U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir.2002).

## III.   LEGAL STANDARD FOR EXPERT TESTIMONY

Plaintiff seeks to exclude at trial any statements made by Dr. Strickland-Cooley on the basis that her opinions fail the Daubert analysis, are more prejudicial than probative, are irrelevant, lack sufficient evidentiary foundation, and are irrelevant to the triable issues at hand. *See Federal Rules of Evidence*, Rules 401, 402, 403, and 702.

Federal Rule of Evidence 702, entitled Testimony by Experts, states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles

1
2

and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

3
4
5
6
7
8
9
10
11
12
13
14
15
16

This Court has an obligation under Rule 702 to exclude expert testimony that is unreliable and only allow expert opinion testimony that will assist the trier of fact. In *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589-90 (1993), the Supreme Court held that under the Federal Rules of Evidence, trial Judges have special obligations to act as "gatekeepers" with respect to certain expert testimony presented to the jury. One of the preliminary gate-keeping determinations a trial court must make is whether the witness is appropriately qualified as an expert on the particular subject matter. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). An expert must possess the requisite qualifications within the specific area of expertise on which the expert is expected to express an opinion. See *Reiner v. Warren Resort Hotels, Inc.*, 2008 WL5120682, *13 (D. Mont. 2008). Although an expert may be qualified in one area of expertise, the expert "may be precluded from offering opinions beyond that area of expertise." United States v. W.R. Grace, 455 F.Supp.2d 1181, 1188 (D. Mont. 2006).

17
18
19
20
21
22
23
24
25
26
27
28

Federal Rule of Evidence 702 requires that an expert's testimony, in the face of an objection, must be screened by the Court to ensure that it "is the product of reliable principles and methods." See also *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 152 (1999); *Guidrox-Brault v. Missouri Pac. R.R. Co*., 254 F.3d 825, 831 (9th Cir. 2001). "[T]he trial Judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. An expert's opinion is deemed sufficiently reliable if his conclusions are based on the knowledge and experience of his or her discipline rather than on a "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993). In fact, "[a]n expert's testimony may be excluded where it is based on subjective beliefs or unsupported speculation which is no more than

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

unreliable ipse dixit1 guesswork." *Friend v. Time Mfg. Co*., 422 F. Supp. 2d 1079, 1081 (D. Ariz. 2005), citing *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (holding that trial court may properly exclude ipse dixit opinions where "there is simply too great an analytical gap between the data and the opinion proffered"); *Domingo ex rel. Domingo*, 289 F.3d at 607 ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.") (citing Gen. Elec., 522 U.S. at 146); see also Domingo ex rel. Domingo v. T.K., 289 F.3d 600, 607 (9th Cir.2002).

In Kumho Tire Company Ltd v. Carmichael, 526 U.S. 137, 147 (1999), the Supreme Court held the requirement that the District Court act as a "gate-keeper" applies to all expert testimony, not just scientific testimony. The Court in Kumho Tire stated, "The objective of that requirement is to ensure the reliability and relevancy of expert testimony." 526 U.S. at 152 (emphasis added). It requires an expert, "whether basing testimony upon professional studies or personal experience, [to] employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Id. The proponent of expert witness opinion testimony bears the burden of establishing its admissibility, and "must show by a preponderance of the evidence that it is reliable and helpful to the trier of fact." *Todd v. Baker*, 2012 WL 1999629 *1 (D. Mont. 2012).

Due to the "special kind prejudice" improper expert testimony may cause, the admissibility requirements of expert testimony are stringent, the party presenting the expert bears the burden of proving the admissibility of the expert's opinions, and the Court has a duty to screen expert testimony "to ensure that the expert testimony both *rests on reliable foundation* and is relevant." *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc*., 2013 WL 12122803, at *2 (CD. Cal. June 21, 2013)(*Emphasis added*); *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589-

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

90 (1993)("*Daubert I*"); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharma., Inc.*, 43 F.3d 1311, 1315 (1995) ( "*Daubert II*"); *Christophersen v. Allied-Signal Corp*., 938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992) ("expert testimony creates the risk of a special kind of prejudice"); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 148 (1997) ("neither the difficulty of the task nor any comparative lack of expertise can excuse the judge from exercising the 'gatekeeper' duties that the Federal Rules impose."); *see also* Fed. Rules Evid. 702.

Under *Daubert I* and *Kumho Tire*, reliable expert testimony is grounded in the methods and procedures of scientific, technical, or specialized knowledge in the expert's discipline, and is not merely subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 589-90; *Kuhmo Tire*, 526 U.S. at 157-58. An expert's self-serving assertion that his conclusions were derived by the proper, reliable method are not conclusive. *Daubert II*, at 1315-16. ("[T]he expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings [have a sound basis], and this will require some objective, independent validation of the expert's methodology."); *Daubert*, 509 U.S. at 590.

Relevant expert testimony "*must be 'tied to the facts' of the case*" and "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Daubert*, 509 U.S. at 591; *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (*Emphasis added* and citing *Daubert II*, 43 F.3d at 1315.) If expert testimony is offered to explain an issue or fact that average jurors can understand on their own, it may be deemed non-helpful, and inadmissible on that basis. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir.1995)

*Daubert* established that the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

or determine a material fact at issue. *Daubert* 509 U.S. at 592. This requires "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592–93.

When the Supreme Court remanded *Daubert* to the Ninth Circuit, the Ninth Circuit added that, where the proffered testimony is not based on independent research, in order to be admissible as "scientific knowledge," it must be supported by "objective, verifiable evidence that the testimony is based on 'scientifically valid principles." *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311, 1318 (9th Cir.1995); *see also Mitchell v. Gencorp Inc*., 165 F.3d 778, 781 (10th Cir. 1999) (excluding causation testimony because the exposure information relied upon by the expert "was 'so sadly lacking as to be mere guesswork' ")

"One very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert II*, 43 F.3d at 1317; e.g*., Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 597 (9th Cir. 1996) Expert testimony that "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge ... is inadmissible." *U.S. v. Pacific Gas and Electric Co*., 2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016) Such is more "properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig*., 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004).

## IV.  DR. COOLEY-STRICKLAND'S OPINIONS MUST BE EXCLUDED BECAUSE HER TESTIMONY IS NOT RELIABLE

Dr. Cooley-Strickland's opinions must be excluded from trial because they fail under the *Daubert* analysis, lack sufficient evidentiary foundation, cannot be

stated to any reasonable scientific probability, are improper credibility and/or evidence weighing opinions, and, thus, are speculative, not helpful to the jury, and are not admissible. Federal Rules of Evidence, Rules 401, 402, 403, and 702.

Here, Dr. Cooley-Strickland's report is replete with unqualified, mere sweeping argument or credibility opinions couched as expert opinions. *See generally*, **Exhibit 3** - Dr. Cooley-Strickland's expert report.

Dr. Strickland stated the following opinions in her report and her deposition:

1. Mr. Lockett suffered significant trauma as a result of the events of January 15, 2016, that resulted in numerous diagnoses inclusive of posttraumatic stress disorder, major depressive disorder, and an exacerbation of social anxiety disorder; and that those events created a cascading experience which worsened his life condition, and he has experienced chronic emotional distress as a result of those incidents that occurred on January 15, 2016." *See generally*, **Exhibit 2** – Deposition of Dr. Cooley-Strickland 71:15-24.

2. Mr. Lockett receive, "unlimited" "psychological therapy, psychiatric therapy…and treatment for the life stressors and psychiatric disorders he has." *See generally*, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 77:3-24; 78:17-25.

3. "Mr. Lockett receive a sleep order intervention*." See generally*, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 83:9-10; *See also*, **Exhibit 3** - Dr. Cooley-Strickland's expert report Pg 23.

4. "Mr. Lockett be assisted in experiencing a consistent, stable, low-stress, predictable environment in which he can pursue his academic or career goals and have support, consistent interpersonal relationships." *See generally*, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 84:15-19.

Dr. Strickland's opinions fail to state any evidentiary foundation. Specifically,

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

Dr. Cooley-Strickland's first opinion regarding Plaintiff's purported diagnoses is merely a baseless conclusion rather than a medical opinion supported by objective, verifiable evidence as required under *Daubert*.

Dr. Cooley-Strickland's first, second, third, and fourth opinions fail to state any evidentiary foundation. Such opinions are baseless conclusions rather than medical opinions supported by objective, verifiable evidence as required under *Daubert*.

Dr. Cooley-Strickland's opinions regarding Mr. Lockett's diagnoses that require long-term psychological therapy should be excluded because they are not reliable. See *United States v. Hermanek*, 289 F.3d 1076,1093 (9th Cir. 2002) ("It is well settled that bare qualifications alone cannot establish the admissibility of … expert testimony."). The "expert must establish the reliability of the principles and methods employed 'to draw a conclusion regarding the particular matter to which the expert testimony was directly relevant.'" *Id.* at 1094 (quoting *Kumho*, 526 U.S. at 154).

Among other things, the Court should consider: (1) whether the methodology used can be (and has been) tested; (2) whether the methodology has been subjected to peer review; (3) whether there is a known potential rate of error; (4) whether there are standard controlling the technique used; and, (5) whether a known technique is generally accepted in the relevant scientific or technical community. *Daubert*, 509 U.S. at 584; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758-761 (2006) (expert testimony excluded because of minimal testing of expert's theory, testing occurred in connection with litigation, and insufficient evidence of peer review). A significant factor for a court to consider is whether the expert will testify about "matters growing naturally and directly out of research they have conducted independent of the litigation," or whether the opinions were developed for the purposes of testifying. *Daubert*, 43 F.3d at 1317 (9th Cir. 1995).

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

Courts have recognized that expert opinions developed expressly for purposes of testifying should be viewed with caution. *Johnson v. Manitowoc Book Trucks*, 484 F.3d 426, 434 (6th Cir. 2007). Furthermore, courts properly exclude speculative opinions. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) ("Knowledge connotes more than subjective belief or unsupported speculation"); *Chapman v. Maytag Corp.*, 297 F.3d 682, 687-688 (7th Cir. 2002) (district court properly excluded expert testimony where expert's opinion "amounted to nothing more than unverified statements unsupported by scientific methodology").

Here, Dr. Strickland-Cooley's opinions fail the Daubert analysis as they are subjective beliefs and/or unsupported speculation. Dr. Cooley-Strickland has failed to establish a reliable basis for her opinions and testimony as they are not based on "objective, verifiable evidence," nor are the opinions "grounded in the methods and procedures of scientific, technical, or specialized knowledge in the expert's discipline." *Daubert*, 509 U.S. at 589-90; *Kuhmo Tire*, 526 U.S. at 157-58.

Dr. Strickland-Cooley rests her opinions that Plaintiff suffers from post-traumatic stress disorder, major depressive disorder, and an exacerbation of social anxiety disorder needing life-long therapy sessions on merely two (2) days of assessments in November of 2019 and eight (8) therapy sessions that total to five (5) hours since 2016. When asked for her basis to support her opinions, Dr. Cooley-Strickland predominantly based her opinions on her minimal time spent with Mr. Lockett, which is highly speculative and unreliable given that she has only spent a total of nineteen (19) hours with him since 2016.

Neither Dr. Cooley-Strickland's expert report nor her deposition set forth any scientific or medical bases for her opinions. Although Dr. Cooley-Strickland stated that her opinions are based on the assessments she conducted, Dr. Cooley-Strickland's report fails to include any information regarding the rate of error of such tests, the reliability of the tests conducted, the methodology behind the tests, whether

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

1
2
3
4
5
6

any differences between observed scores and true scores existed, and any information regarding the testing process and what these tests are supposed to gauge. See, **Exhibit 2** - Dr. Cooley-Strickland's Deposition 67:3-15. The omission of this information puts into question the reliability of Dr. Cooley-Strickland's assessments because Defendant is unable to determine whether any measurement errors occurred during testing that would render the tests conducted flawed or invalid.

7
8
9
10
11
12
13

Further, her lack of foundation in assessing people who claim to have mental health problems based on their interactions with police coupled with her minimal time spent assessing Plaintiff are testament to the fact that her opinions are based on subjective belief and/or unsupported speculation, rendering Dr. Cooley-Strickland's opinions unreliable.  Thus, Dr. Cooley-Strickland's testimony should be excluded from trial.

14
15
16

## V.   THE OPINIONS OF DR. COOLEY-STRICKLAND ARE NOT WITHIN HER PARTICULAR FIELD OF EXPERTISE AND SHE SHOULD NOT BE PERMITTED TO TESTIFY TO THEM.

17
18
19
20
21
22
23
24
25
26
27
28

Dr. Cooley-Strickland's testimony and report should be excluded because she is not specifically qualified to give opinions on the psychological assessment and diagnoses of those who claimed to have mental health problems based on their interactions with police. Before expert opinion testimony may be offered, the expert must be shown to have "knowledge, skill, experience, training, or education" about the subject involved. F.R.E., Rule 702; Lust v. Merrell Dow Pharms., Inc., 89 F.3d 594, 598 (9th Cir. 1996). ("It is the proponent of the expert who has the burden of proving admissibility.") To be admissible under Rule 702, "the *expert's scientific, technical, or other specialized knowledge*" must "help the trier of fact to understand the evidence or to determine a fact in issue." *Id*. 702(a) (*emphasis added*). The admission of an expert witness requires that the witness's testimony "both rests on a

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (emphasis added).

Dr. Cooley-Strickland's testimony should be excluded because she does not have the "knowledge, skill, experience, training, or education" about the subject involved to qualify as an expert. Dr. Cooley-Strickland was retained to provide psychological services in the form of assessment, evaluation, and treatment for the Plaintiff and testify in his case as to his mental, emotional, and behavioral health. However, at her deposition Dr. Cooley-Strickland testified that she has only one (1) other person in her private practice who claimed to have mental health problems based on their interactions with police, both of which were in the context of litigation. *See*, **Exhibit 2** - Deposition Transcript of Dr. Cooley Strickland 38:11-17. Dr. Cooley-Strickland further testified that in the past fifteen (15) to twenty (20) years, she has only treated four (4) to (5) people that claim to have mental health problems based on their interactions with police. Further, Dr. Cooley-Strickland has no published articles specific to interactions with the police and is neither a diplomate of the board of American Board of Psychology or Forensic Psychology.

Dr. Cooley-Strickland's limited experience treating people who claim that they have mental health problems based on their interactions with police shows that she has no reliable foundation that is relevant to the task at hand which is clinically assessing and diagnosing Plaintiff who alleges mental and emotional injuries stemming from his interactions with police. Dr. Cooley-Strickland's lack of expertise in this area indicates that she is not qualified to opine on the issues that are relevant to this case, thus, her testimony must be excluded.

## VI.   **MEET AND CONFER**

On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and

14

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**

times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. The final correspondence regarding Defendants' proposed motions in limine was dated October 11, 2021. All counsel participated and the undersigned counsel for Defendants County of Los Angeles and the Los Angeles Sheriff's Department certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders. **R. Ivie Decl. ¶** 3.

## VII.    CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court grant Defendants' instant motion *in limine* No. 4.


Dated:  October 26, 2021                 **IVIE McNEILL WYATT PURCELL & DIGGS, APLC**


                                         By:    */s/ Davida M. Frieman*
                                                **RICKEY IVIE**
                                                **DAVIDA M. FRIEMAN**
                                                **ANTONIO K. KIZZIE**
                                                **Attorneys for Defendants,**
                                                **COUNTY OF LOS ANGELES**

Dated:  October 26, 2021         SEKI, NISHIMURA & WATASE, LLP


                                 By   */s/Andrew Pongracz*
                                      Gilbert Nishimura
                                      Andrew Pongracz
                                      Attorneys for Defendant
                                      SAMUEL ALDAMA

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EXPERT MICHELLE COOLEY-STRICKLAND**