**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**DAVIDA M. FRIEMAN, ESQ. (SBN 232096)**
dfrieman@imwlaw.com
**ANTONIO K. KIZZIE (S.B.N.: 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
Tel.   (213) 489-0028
Fax   (213) 489-0552
Attorneys for Defendant **COUNTY OF LOS ANGELES**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON LOCKETT,<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a law enforcement agency; SHERIFF JIM McDONNELL; MIZRAIN ORREGO, a Deputy Los Angeles County Sheriff; SAMUEL ALDAMA, a Deputy Los Angeles County Sheriff; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.:  18-CV-5838-DSF-JPR<br><br>[*Honorable Dale S. Fischer United States District Judge, Presiding*]<br>**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICKEY IVIE**<br>[*Filed Concurrently with Defendants' Proposed Order*]<br>**Final Pre-trial Conference:**<br>Date:         November 15, 2021<br>Time:        3:00 p.m.<br>Courtroom:   7D<br><br>*Trial*<br>Date: December 14, 2021<br>Time:        8:30 a.m.<br>Courtroom:   7D |

TO THE COURT, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES, et.al. ("DEFENDANTS") will and hereby do move this Court, before trial and the selection of the jury, for an order as follows:

1. Excluding any and all testimony, witnesses, evidence, facts or reference of any kind to fabrication of evidence.

This motion is made upon the grounds that any references to any kind of fabrication of evidence is more prejudicial than probative, irrelevant, misleading, and confusing. Federal Rules of Evidence, Rules 401, 402, 403, and 702.

**MEET AND CONFER**  On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. The final correspondence regarding Defendants' proposed motions in limine was dated October 11, 2021. All counsel participated and the undersigned counsel for Defendants County of Los Angeles and the Los Angeles Sheriff's Department certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders.

Dated:  October 26, 2021

**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:  /s/   Davida M. Frieman
**RICKEY IVIE**
**DAVIDA M. FRIEMAN**
**ANTONIO K. KIZZIE**
Attorneys for Defendants,
**COUNTY OF LOS ANGELES**

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 2**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

   I.   INTRODUCTION/DISCUSSION ................................................................ 1

   II.  LEGAL AUTHORITY FOR MOTIONS IN LIMINE ................................. 3

   III.   MEET AND CONFER ................................................................................ 4

   IV.  OPINIONS, ARGUMENT, AND/OR EVIDENCE REGARDING AN ALLEGED UNLAWFUL ARREST DUE TO ALLEGED "FABRICATION OF EVIDENCE" CLAIM MUST BE EXCLUDED BECAUSE IT IS IRRELEVANT AND PREJUDICIAL ............................ 4

   V.  PLAINTIFF'S EXPERTS' OPINIONS REGARDING ALLEGED UNLAWFUL ARREST AND/OR THE FABRICATION OF EVIDENCE MUST BE EXCLUDED AS IRRELEVANT, CONFUSING TO THE JURY, AND INADMISSIBLE CREDIBILITY OPINIONS AND LEGAL CONCLUSIONS ................................................................................... 5

      1.  MR. MICHAEL KRAUT ....................................................................... 9

      2.  DR. MICHELE COOLEY-STRICKLAND .............................................10

      3.  MR. ROGER CLARK .............................................................................11

      4.  MR. BRYAN BURNETT.........................................................................12

      5.  MITCHELL L. EINSEN, PH.D................................................................12

   VI.  CONCLUSION .........................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*,
2013 WL 12122803, at *2 (CD. Cal. June 21, 2013)............................................... 6

*Beech Aircraft Corp. v. United States*,
51 F.3d 834, 842 (9th Cir.1995)............................................................................. 7

*Brodit v. Cambra*,
350 F.3d 985, 1004-05 (9th Cir.2003).................................................................. 3

*Christophersen v. Allied-Signal Corp.*,
938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992)..... 6

*Cooper v. Brown*,
510 F.3d 870, 942 (9th Cir. 2007)......................................................................... 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
43 F.3d 1311, 1318 (9th Cir.1995)................................................................6, 7, 8

*EEOC v. Morgan Stanley & Co.*,
324 F. Supp. 2d 451, 467-468 (S.D.N.Y. 2004) .................................................. 8

*Elliott v. Versa CIC, L.P.*,
349 F. Supp. 3d 1004, 1006–07 (S.D. Cal. 2018).................................................. 8

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136, 148 (1997)....................................................................................... 6

*In re Rezulin Prod. Liab. Litig.*,
309 F. Supp. 2d at 551 (S.D.N.Y. 2004) ............................................................... 8

*Kelly v. New West Fed. Sav.*,
49 Cal.App. 4th 659, 669 (1996).......................................................................... 3

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137, 147 (1999)....................................................................................... 6

*Luce v. United States*
(1984) 469 U.S. 38, 40............................................................................................ 3

*Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594, 597 (9th Cir. 1996)............................................................................ 8

*Mitchell v. Gencorp Inc.*,
165 F.3d 778, 781 (10th Cir. 1999)....................................................................... 7

*Nimely v. City of New York*,
414 F.3d 381, 398 (2d Cir. 2005).......................................................................... 7

*Obrey v. Johnson*,
440 F.3d 691, 698 (9th Cir. 2005)......................................................................... 4

*Ohler v. United States*
(2000) 529 U.S. 753, 758 ................................................................................ 3

*Stovall v. Denno US*
388, US 293, 1967) ........................................................................................12

*U.S. v. Pacific Gas and Electric Co.*,
2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016) ...................................... 8

*U.S. v. Tokash*,
282 F.3d 962, 968 (7th Cir.2002) ................................................................... 3

*United States v. Aramal*,
488 F.2d 1148, 1153 (9th Cir. 1973) .............................................................. 9

*United States v. Cook*
(9th Cir. 1979) 608 F.2d 1175, 1186 ............................................................. 3

*United States v. Toledo*,
985 F.2d 1462, 1470 (10th Cir.1993) ........................................................2, 7

*United States v. Ward*,
169 F.2d 460, 462 (3d Cir. 1948) ................................................................... 7

**Rules**

Federal Rules of Evidence 104(a) ................................................................... 3

Federal Rule of Evidence 401 .....................................................................2, 4

Federal Rule of Evidence 402 .....................................................................2, 4

Federal Rule of Evidence 403 .....................................................................2, 4

Federal Rule of Evidence 702 ...............................................................2, 6, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION/DISCUSSION

This case pertains to an alleged unreasonable use of force under 42 U.S.C. § 1983 that occurred on January 15, 2016 in the City of Compton involving Plaintiff Sheldon Lockett ("Plaintiff") and Los Angeles County Sheriff's Deputies Defendant Deputy Samuel Aldama ("Deputy Aldama") stemming from punches used by Deputy Aldama during the course of Plaintiff's arrest. *See generally* Dkt. 41, Plaintiff's Second Amended Complaint ("SAC").

There is also *no cause of action* for alleged unlawful arrest nor fabrication of evidence in this action. Further, on October 21, 2020, the Court *denied* Plaintiff's Motion for leave to Amend his Complaint to add a claim for "deliberate or reckless fabrication and/or suppression of evidence." S*ee generally* Dkt. 245("The motion to amend is denied because Plaintiff was not diligent in asserting the fabrication/suppression of evidence claim.")

On June 10, 2020, Plaintiff served Plaintiffs' Expert Disclosures. **Exhibit 1.** Despite the aforementioned procedural and substantive posture of this case, Plaintiffs experts, especially Michael Kraut ("Mr. Kraut"), offer irrelevant opinions that Plaintiff's arrest and/or prosecution was unlawful, Plaintiff was harmed due to being unlawfully arrested or prosecuted without probable case, there was a lack of probable cause to arrest due to alleged fabricated evidence, etc. *See* **Exhibit 2- Mr. Kraut report.** Plaintiffs' experts, Dr. Michele Cooley-Strickland ("Dr. Cooley-Strickland"), Mr. Roger Clark ("Mr. Clark"), Mr. Bryan Burnett ("Mr. Burnett") and Mitchell L. Einsen, Ph.D. ("Dr. Einsen"), also slip in similar "fabrication/suppression of evidence" or unlawful arrest and damaging prosecution related opinions. **Exhibit 3-Dr. Cooley-Strickland Report, Exhibit 4- Mr. Clark Report, Exhibit 5- Mr. Burnett report, Exhibit 6- Dr. Einsen Report.**

Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (collectively, "Defendant County") instant motion

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 1**

hereby respectfully requests that the Court exclude irrelevant opinions, argument, and/or testimony that Plaintiff's arrest and/or prosecution was unlawful, Plaintiff was harmed due to being unlawfully arrested or prosecuted without probable case, there was a lack of probable cause to arrest due to alleged fabricated evidence, etc.

Defendants' motion *in limine* is made upon the grounds that such opinions, argument, and/or testimony are improper and excludable because they are irrelevant, misleading, and confusing. Federal Rules of Evidence, Rules 401, 402, 403, and 702. The matters for trial are limited only to the issues *raised in the pleadings*, which do *not* include an unlawful arrest nor fabrication of evidence claim.

Further, Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Accordingly, Plaintiff's experts should not be permitted to offer opinions beyond the claims at issue in this case. Allowing such would be unfairly and unduly prejudicial to Defendants, while being confusing and misleading to a jury and would not "help" the trier of fact in this case.

Further, Plaintiffs' expert's opinions that evidence was allegedly fabricated and/or whether probable cause existed for Plaintiff's arrest are textbook inadmissible credibility opinions and legal conclusions. It is well-established that expert testimony that weighs factual evidence and/or assigns credibility to certain sources of evidence over others does not assist the trier of fact. See, e.g., United States v. Toledo, 985 F.2d 1462, 1470 (10th Cir.1993) (holding that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony.").

Even the argument that alleged fabrication of evidence is relevant to the Defendant's credibility fails because the evidence Plaintiff claims may have been fabricated, ex. alleged improper suggestive incrimination during a criminal lineup

or GSR testing, are irrelevant to whether the force used during the incident was reasonable or not.

Thus, the most judicially efficient, practical, fair, and lawful course is to exclude any and all testimony, witnesses, evidence, facts or reference of any kind to unlawful arrest and/or fabrication of evidence including Plaintiff's expert, Michael Kraut, and Plaintiff's experts' opinions that evidence was/may have been fabricated and, thus, Plaintiff was unlawfully arrested and damaged due to prosecution. For the reasons set forth herein, Defendants respectfully request that the Court grant Defendants' Motion in Limine.

Under Federal Rules of Evidence, Rule 104(a), "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)." Accordingly, and pursuant to FRE 104(a), Defendants request such a hearing outside the presence of the jury to review his testimony if this Court is inclined to deny this motion.

## II.   LEGAL AUTHORITY FOR MOTIONS IN LIMINE

A motion *in limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions *in limine* are well recognized in practice and by case law. *See Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir.2003) (citing *Kelly v. New West Fed. Sav.*, 49 Cal.App. 4th 659, 669 (1996)). Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance. See *U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir.2002).

### III. MEET AND CONFER

On September 21, 2021, the parties began to meet and confer in advance of a Rule 16 pretrial conference of counsel and continued at various dates and times thereafter, including multiple video conferences, letters outlining this and other motions in limine, emails, etc. The final correspondence regarding Defendants' proposed motions in limine was dated October 11, 2021. All counsel participated and the undersigned counsel for Defendants County of Los Angeles and the Los Angeles Sheriff's Department certifies that the following motion and related documents reflect compliance with the FRCP, local rules, and this Court's pretrial orders.

### IV. OPINIONS, ARGUMENT, AND/OR EVIDENCE REGARDING AN ALLEGED UNLAWFUL ARREST DUE TO ALLEGED "FABRICATION OF EVIDENCE" CLAIM MUST BE EXCLUDED BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is *not relevant* is inadmissible. Federal Rule of Evidence Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of *any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*" (*Emphasis added*). Rule 403 provides that *relevant evidence* may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

Defendants seek to preclude Plaintiff from offering argument, opinions, and/or evidence regarding the alleged unlawful arrest and/or fabrication of evidence because such are *not* causes of action in the matter at bar, and the case solely pertains to allegations of excessive force. Thus, such evidence, argument and opinions are not "relevant" because they clearly do not have "any tendency to make the existence of *any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*" FRE 401 (*Emphasis added*).

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 4**

Further and even if such is tangentially relevant, such opinions, argument, and/or evidence would only serve to attempt to unfairly prejudice defendants and confuse/mislead the jury as to the issues, thus wasting time and causing undue delay.

Plaintiff has propounded numerous written requests and plaintiff's experts have offered opinions directed towards alleged unlawful arrest and/or fabrication of evidence claim that are not at issue in this case. *See*, Dkt 278 Order DENYING Motion to Strike Supplemental Disclosures (Dkt. 270); Order GRANTING IN PART Motion to Strike Expert Reports (Dkt. 271) ("The Court agrees with Defendants' general proposition that Plaintiff's experts should not opine on whether there was fabrication of evidence related to Plaintiff's arrest because there is no fabrication of evidence claim in this case").

Thus, Defendants also anticipate that Plaintiff may seek to elicit testimony regarding the alleged unlawful arrest based on instances of fabrication of evidence by LASD Deputies. Such testimony about claims and causes of action that never existed will confuse the jury and waste time.

## V. <u>PLAINTIFF'S EXPERTS' OPINIONS REGARDING ALLEGED UNLAWFUL ARREST AND/OR THE FABRICATION OF EVIDENCE MUST BE EXCLUDED AS IRRELEVANT, CONFUSING TO THE JURY, AND INADMISSIBLE CREDIBILITY OPINIONS AND LEGAL CONCLUSIONS</u>

Within Plaintiff's experts' reports and depositions, there are numerous opinions offered that Plaintiff was unlawfully arrested, unlawfully prosecuted and damaged thereby based on Plaintiff's allegations that LASD Deputies supposedly presented the District Attorney with false evidence. There is no claim for unlawful arrest nor fabrication of evidence. Defendants seek to preclude such evidence, argument, and/or opinions as irrelevant and/or outweighed by the danger of undue prejudice, waste of time, and confusion of the jury.

First, such opinions, argument, and/or testimony should be excluded as a waste of time and confusing to the jury because in order to "unring the bell,"

Defendants will then have to present opinions, argument, and/or testimony that Plaintiff was not unlawfully arrested and/or evidence was not fabricated. Such would be a waste of time because the only remaining claim is for excessive force, but such would be necessary to combat the inherent prejudice caused by introduction of such testimony, opinions, and/or evidence.

Further, Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

Due to the "special kind prejudice" improper expert testimony may cause, the admissibility requirements of expert testimony are stringent, the party presenting the expert bears the burden of proving the admissibility of the expert's opinions, and the Court has a duty to screen expert testimony "to ensure that the expert testimony both *rests on reliable foundation* and is relevant." *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.*, 2013 WL 12122803, at *2 (CD. Cal. June 21, 2013)(*Emphasis added*); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993)("*Daubert I*"); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharma., Inc.*, 43 F.3d 1311, 1315 (1995) ( "*Daubert II*"); *Christophersen v. Allied-Signal Corp.*, 938 F.2d 1106, 1112 n. 10 (5th Cir. 1991), cert. denied, 112 S.Ct. 1280 (1992) ("expert testimony creates the risk of a special kind of prejudice"); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 148 (1997) ("neither the difficulty of the task nor any comparative lack of expertise can excuse the judge from exercising the 'gatekeeper' duties that the Federal Rules impose."); *see also* Fed. Rules Evid. 702.

Relevant expert testimony "*must be 'tied to the facts' of the case*" and "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Daubert*, 509 U.S. at 591; *Cooper v. Brown*, 510 F.3d 870, 942

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 6**

(9th Cir. 2007) (*Emphasis added* and citing *Daubert II*, 43 F.3d at 1315.) If expert testimony is offered to explain an issue or fact that average jurors can understand on their own, it may be deemed non-helpful, and inadmissible on that basis. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir.1995)

It is well-established that expert testimony that weighs factual evidence and/or assigns credibility to certain sources of evidence over others does not assist the trier of fact. See, e.g., *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir.1993) (holding that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony."); *United States v. Ward*, 169 F.2d 460, 462 (3d Cir. 1948) ("[T]he 'expert' may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility," or offer improper legal opinions); *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (internal quotation omitted) ("Such testimony does not assist the trier of fact, but rather undertakes to tell the jury what result to reach and attempts to substitute the expert's judgment for the jury's.").

*Daubert* established that the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue. *Daubert* 509 U.S. at 592. This requires "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592–93.

When the Supreme Court remanded *Daubert* to the Ninth Circuit, the Ninth Circuit added that, where the proffered testimony is not based on independent research, in order to be admissible as "scientific knowledge," it must be supported by "objective, verifiable evidence that the testimony is based on 'scientifically valid principles." *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311, 1318 (9th Cir.1995); *see also Mitchell v. Gencorp Inc*., 165 F.3d 778, 781 (10th Cir. 1999)

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 7**

(excluding causation testimony because the exposure information relied upon by the expert "was 'so sadly lacking as to be mere guesswork' ")

"One very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert II*, 43 F.3d at 1317; e.g*., Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 597 (9th Cir. 1996) Expert testimony that "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge ... is inadmissible." *U.S. v. Pacific Gas and Electric Co*., 2016 WL 1640462 at *2 (N.D. Cal. April 26, 2016) Such is more "properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig*., 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004).

Further, expert testimony that merely repackages and presents counsel's interpretation of the facts of the case with the added gravitas of the expert has been routinely found to be unhelpful to the jury, and is regularly excluded on that basis. *Elliott v. Versa CIC, L.P*., 349 F. Supp. 3d 1004, 1006–07 (S.D. Cal. 2018)("Where an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading."); *In re Rezulin Prod. Liab. Litig*., 309 F. Supp. 2d at 551 (S.D.N.Y. 2004) (holding that experts should not be permitted to "supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence."); *EEOC v. Morgan Stanley & Co.*, 324 F. Supp. 2d 451, 467-468 (S.D.N.Y. 2004) (excluding expert testimony that "would be more appropriate when presented by defense counsel themselves, rather than by an expert.").

Finally, inferences about the intent or motive of parties or others lie outside the bounds of expert testimony, and are inadmissible. *In re: Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 545-46 (S.D. N.Y. 2004). Plaintiffs' experts are no better equipped than the jurors to draw inferences or conclusions about

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 8**

credibility, states of mind, or intent, and their biased interpretations are particularly troublesome because an expert's testimony has an "aura of special reliability and trustworthiness." *United States v. Aramal*, 488 F.2d 1148, 1153 (9th Cir. 1973)

Here, there is no unlawful arrest nor fabrication of evidence claim. However, Plaintiff's experts subtly and not so subtly offer such similar unhelpful credibility and/or legal conclusion opinions that Defendants fabricated evidence and/or that Plaintiff was damaged due to prosecution *stemming from an unlawful arrest based on allegedly fabricated evidence*, all of which must be excluded from trial as such is patently irrelevant, improper, not helpful to the jury, and more prejudicial than probative. It is undisputed that the experts were not percipient witnesses to the incident so as to say what factual allegation was true or false. Further, credibility opinions or opinions as to whether a witness was truthful or untruthful does not require any "scientific knowledge" based on any "scientifically valid principles."

The specific Plaintiff expert opinions and argument based thereon that Defendants seek to exclude are set forth below:

1. **<u>MR. MICHAEL KRAUT</u>**

   o "Thank you for retaining me to analyze and render opinions regarding the January 15, 2016 arrest of Sheldon Lockett by Los Angeles County Sheriff's Department ("LASD") Deputy Mizrain Orrego and Deputy Samuel Aldama, specifically in light of how the Los Angeles County District Attorney's Office evaluates and files cases based on the incident reports submitted to them and what is represented as true and accurate by law enforcement at the time a case is submitted." **Exhibit 2**, pg. 1, ¶ 1
   o "It should be noted that the individual reports prepared by Deputy Orrego and Deputy Aldama appear to be remarkably similar to each other in some places use the exact same language." **Exhibit 2**, pg. 3, ¶ 1
   o "It is interesting to note that the deputies did not use a 'six pack' or other means for Ms. Ross of (sic) any other witness to identify the shooter." **Exhibit 2**, pg. 3, ¶ 8

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 9**

- "It should be noted that there is no indication that Mr. Lockett's GSR test resulted showed anything of significance to corroborate the allegation that Mr. Lockett ever handled a gun." **Exhibit 2**, pg. 5, ¶ 1
- "In this case, it appears the deputies involved withheld critical evidence, specifically the suggestive language used by Deputy Benzor when speaking with the witness, the apparent failure to admonish the witnesses and the distance and lack of clear view of the suspect that the witness was afforded during the identification process." **Exhibit 2**, pg. 8, ¶ 5
- "It also appears that Deputy Orrego and Deputy Aladama presented false evidence to the prosecutor, specifically that Mr. Lockett was seen with a firearm." **Exhibit 2**, pg. 8, ¶ 5
- "Biases by reporting parties, or documenting parties, may account for a non-objective presentation of evidence. In some cases, those biases may be so substantial that the entire case could be tainted or in the worst of cases, fabricated." **Exhibit 2**, pg. 8, ¶ 7
- "It is my expert opinion that any prosecutorial determination would have been tainted by the false information included in the deputy's reports as well as critical information that was omitted from these reports." **Exhibit 2**, pg. 9, ¶ 1

2. **<u>DR. MICHELE COOLEY-STRICKLAND</u>**

- "The results of Mr. Lockett's psychiatric diagnoses and the nature and extent of his emotional and behavioral health are related to his experiences having been physically beaten by Los Angeles Sheriff's Deputies on January 15, 2016, taken to a hospital emergency room, subsequently imprisoned in the Los Angeles County jail for eight to nine months, and involved in the judicial system with the possibility of two life sentences -- despite being innocent of the attempted murder crimes for which he was accused." **- Exhibit 3**; EXPERT REPORT OF DR. MICHELE COOLEY-STRICKLAND – PAGE 5; ¶ 13/Ln. 18-26

- "Mr. Lockett has major impairment in multiple areas because of the trauma from having been chased, beaten, jailed, and involved in the judicial system for eight to nine months with the possibility of two life sentences for crimes that he did not commit. **- Exhibit 3**; EXPERT REPORT OF DR. MICHELE COOLEY-STRICKLAND – PAGE 5; ¶ 15/Ln. 13-17

- "Mr. Lockett reported having been involved with law enforcement, the legal system, and jail prior January 15, 2016 (see Legal History, page 8). However,

he distinguishes the current "incident" from prior legal involvement because in those earlier cases, he had committed unlawful acts and thereby could make sense of the resultant punishment. Mr. Lockett repeatedly emphasized that the events associated with the January 15, 2016 "incident" were extremely difficult to process because he was innocent. Mr. Lockett described that his experience with the legal process as an innocent man trying to be released from prison was also traumatic." **- Exhibit 3**

- o "It is likely that his adverse experiences with the judicial system, court proceedings, and incarceration resulted in continuous traumas for "eight to nine months" while facing up to two life sentences -- all while knowing he was innocent, but even his own attorneys did not believe him. Mr. Lockett's fears and distrust now include lawyers, judges, and those affiliated with them." **- Exhibit 3**

### 3. MR. ROGER CLARK

- o "4. Taking Mr. Lockett's allegations as true, and as supported by the record thus far, Deputies Orrego and Aldama submitted false police reports, in violation of SBSD policy, POST training, and the Law (as taught by POST). **Exhibit 4/pg. 14 of 24**

- o "This case presents another in a long line of case demonstrating the Sheriff's Department and County of Los Angeles' customs, policies, practices, and/or procedures which were directed, encouraged, allowed, and/or ratified by policy making officers/deputies. Many of these are listed in the compaint in this case and the evidence in this case shows the policies exist: h. By allowing, tolerating, and/or encouraging police officers who:
  • Fail to file complete and accurate police reports;
  • File false police reports;
  • Make false statements;
  • Arrange unduly suggestive field show ups to lead witnesses to give false information and/or to bolster
  officers' stories; and/or
  • Obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information" - **Exhibit 4/pg. 16 of 24**

**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, ARGUMENT OR TESTIMONY RE: ALLEGED UNLAWFUL ARREST AND FABRICATION OF EVIDENCE - 11**

### 4. MR. BRYAN BURNETT

- "In light of the discussion above, it is my opinion that there is no credible evidence that Lockett fired a gun at around 1505 (the time of the alleged shooting) or that he handled a gun at any time on the date of the subject incident."- **Exhibit 5**

### 5. MITCHELL L. EINSEN, PH.D.

- "In the current case, although the officer claims to have admonished the witness before the showup, the witness notes that she did not take note of that instruction, and has no memory for being admonished. Even if a proper admonition had been read, the power of telling the witness prior to the admonition that they had "caught the guy" would likely have wiped out any potential protestive effect of this instruction." - **Exhibit 6**

- "The U.S. Supreme Court has even acknowledged the suggestiveness of this procedure (Stovall v. Denno, 1967) and specifically noted that "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned" (Stovall v. Denno US 388, US 293, 1967). The court ruled that despite the inherent suggestiveness of the one-to-one confrontation between the suspect and the witness, showups may be allowed under certain exigent circumstances, such as time pressures…Thus, there were no time pressures or exigent circumstances of any kind that necessitated the use of the highly suggestive showup procedure, rather than taking the time to compose a fair and non-suggestive photographic lineup." **Exhibit 6**

Here, a plain reading of the aforementioned excerpts of Plaintiff's experts' opinions state unlawful arrest/ "deliberate or reckless fabrication and/or suppression of evidence" opinions *regarding the lawfulness of Plaintiff's arrest*, <u>not</u> regarding whether the force was excessive or not, which renders such opinions and argument/testimony thereon patently irrelevant and inadmissible. The aforementioned opinions are not relevant because they will not "help the trier of fact to understand the evidence or to determine a fact in issue," i.e. whether the force was excessive, and must be excluded. **FRE 702.** Permitting the aforementioned opinions to be offered before the jury will only confuse and mislead the jury as to the issues.

The aforementioned opinions are also plainly inappropriate credibility opinions and/or legal conclusions *as to the lawfulness of Plaintiff's arrest* and alleged damage therefrom. Whether or not Plaintiff was allegedly unlawfully arrested and harmed from his prosecution is irrelevant in this action. This case is only about excessive force due to alleged punches by Deputy Aldama.

Thus, the aforementioned expert opinions and argument or testimony thereon regarding an alleged unlawful arrest and prosecution due to alleged fabrication of evidence must be excluded from trial.

## VI. CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court grant Defendants' instant motion *in limine* No. 5.

Dated:  October 26, 2021

**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:  */s/ Davida M. Frieman*
**RICKEY IVIE
DAVIDA M. FRIEMAN
ANTONIO K. KIZZIE
Attorneys for Defendants,
COUNTY OF LOS ANGELES**